**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| NETWORK-1 SECURITY SOLUTIONS, INC., a Delaware corporation,<br><br>               Plaintiff,<br><br>vs.<br><br>CISCO SYSTEMS, INC., a California corporation; CISCO-LINKSYS, L.L.C., a California Limited Liability Company; ADTRAN, INC., a Delaware corporation; ENTERASYS NETWORKS, INC., a Delaware corporation; EXTREME NETWORKS, INC., a Delaware corporation; FOUNDRY NETWORKS, INC., a Delaware corporation; NETGEAR, INC., a Delaware corporation; 3COM CORPORATION, a Delaware corporation;<br><br>               Defendants. | CASE NO.  6:08cv030<br><br>**Complaint for Patent Infringement (U.S. Patent Nos. 6,218,930).**<br><br>**JURY DEMANDED** |

## **COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Network-1 Security Solutions, Inc. ("Network-1") sues Defendants Cisco Systems, Inc., Cisco-Linksys, L.L.C., Adtran, Inc., Enterasys Networks, Inc., Extreme Networks, Inc., Foundry Networks, Inc., Netgear, Inc., 3Com Corporation (collectively, "Defendants") and, on information and belief, alleges as follows:

### **Introduction**

1.      Plaintiff Network-1 owns the invention described and claimed in United States Patent No. 6,218,930 entitled "Apparatus And Method For Remotely Powering Access Equipment Over A 10/100 Switched Ethernet Network" (the "'930 Patent").  Defendants,

1

without Plaintiff's permission, (a) have used and continued to use Plaintiff's patented technology in connection with products that they make, use, sell, and offer to sell which distribute or use power transferred through Ethernet cables, and (b) have contributed to or induced, and continue to contribute to or induce, others to infringe the '930 Patent.  Plaintiff Network-1 seeks damages for patent infringements and an injunction preventing Defendants from making, using, selling, or offering to sell, and from contributing to and inducing others to make, use, sell, or offer to sell, Plaintiff's patented technology without permission.

### Jurisdiction and Venue

2. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, et seq.  The Court has original jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a).

3. Venue is proper in this Court because the Defendants are responsible for acts of infringement occurring in the Eastern District of Texas as alleged in this Complaint, and have delivered or caused to be delivered its infringing products in the Eastern District of Texas.

### Plaintiff Network-1

4. Plaintiff Network-1 Security Solutions, Inc. is a corporation existing under and by virtue of the laws of the State of Delaware, with its principal place of business in New York, New York.

### The Patent

5. The United States Patent and Trademark Office issued the '930 Patent on April 17, 2001.  A copy of the '930 Patent is attached as Exhibit A.  Through assignment, Plaintiff is the owner of all right, title, and interest, including rights for damages for past infringements, in the '930 Patent.

**Defendants**

*Cisco Systems*

6. On information and belief, defendant Cisco Systems, Inc. ("Cisco Systems") is a corporation organized and existing under the laws of the State of California, with its principal place of business in San Jose, California.

7. On information and belief, defendant Cisco-Linksys, L.L.C. ("Linksys") is a limited liability company organized and existing under the laws of California, with its principal place of business in Irvine, California.

*Adtran*

8. On information and belief, defendant Adtran, Inc. ("Adtran") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Huntsville, Alabama.

*Enterasys*

9. On information and belief, defendant Enterasys Networks, Inc. ("Enterasys") is a corporation organized and existing under the laws of Delaware, with its principle place of business in Andover, Massachusetts.

*Extreme Networks*

10. On information and belief, defendant Extreme Networks, Inc. ("Extreme Networks") is a corporation organized and existing under the laws of Delaware, with its principle place of business in Santa Clara, California.

*Foundry Networks*

11. On information and belief, defendant Foundry Networks, Inc. ("Foundry") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Santa Clara, California.

*Netgear*

12. On information and belief, defendant Netgear, Inc. ("Netgear") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Santa Clara, California.

*3Com*

13. On information and belief, defendant 3Com Corporation ("3Com") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Marlborough, Massachusetts.

**First Claim for Patent Infringement ('930 Patent)**

**Against Defendants**

14. Plaintiff incorporates by reference each of the allegations in paragraphs 1 - 13 above.

15. On or about April 17, 2001, the '930 Patent, disclosing and claiming an "Apparatus And Method For Remotely Powering Access Equipment Over A 10/100 Switched Ethernet Network," was duly and legally issued by the United States Patent and Trademark Office.

16. Plaintiff Network-1 is the owner of the '930 Patent with full rights to pursue recovery of royalties or damages for infringement of such patent, including full rights to recover past and future damages.

17. Defendants have infringed, contributed to the infringement, and induced others to infringe the '930 Patent and, unless enjoined, will continue to infringe the '930 Patent

by manufacturing, using, selling, offering for sale, or by using the apparatus and method(s) claimed in the Patent or by contributing to or inducing others to make, use, sell, or offer to sell, the claimed invention or use the claimed apparatus and method(s) without a license or permission from Plaintiff.

18. Plaintiff has been damaged by Defendants' infringement of the '930 Patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants are enjoined from continuing to infringe the '930 Patent.

19. Upon information and belief, Defendants' acts of infringement have been, and continue to be committed with full knowledge of Plaintiff's rights in the '930 Patent, and in willful and wanton disregard of Plaintiff's rights, rendering this an exceptional case under 35 U.S.C. § 285.

## Jury Demand

20. Plaintiff demands trial by jury of all issues.

## Prayer for Relief

WHEREFORE, Plaintiff prays for judgment as follows:

A. A decree preliminarily and permanently enjoining Defendants, their officers, directors, employees, agents, and all persons in active concert with them, from infringing, and contributing to or inducing others to infringe, the '930 Patent;

B. Compensatory damages awarding Plaintiff damages caused by Defendants' infringement of the '930 Patent;

C. Enhancement of Plaintiff's damages by reason of the nature of Defendants' infringement pursuant to 35 U.S.C. § 284;

D. For costs of suit and attorneys fees;

E. For pre-judgment interest; and

F. For such other relief as justice requires.

Dated: February 7, 2008

Respectfully submitted,

By: _____
T. John Ward, Jr.
State Bar No. 00794818
Ward & Smith Law Firm
111 W. Tyler St.
Longview, Texas 75601
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
Email: jw@jwfirm.com

Gregory S. Dovel
State Bar No. 135387
Sean A. Luner
State Bar No. 165443
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: 310-656-7066
Facsimile: 310-657-7069
Email: greg@dovellaw.com

ATTORNEYS FOR PLAINTIFF,
NETWORK-1, LLC.