IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| NETWORK-1 SECURITY SOLUTIONS, INC., a Delaware corporation, | § § § § § | |
| Plaintiff, | § | |
| v. | § § | NO. 6:08-CV-30-LED |
| CISCO SYSTEMS, INC. a California corporation; CISCO-LINKSYS, L.L.C., a California Limited Liability Company; ADTRAN, INC., a Delaware corporation; ENTERASYS NETWORKS, INC., a Delaware corporation; EXTREME NETWORKS, INC., a Delaware corporation; FOUNDRY NETWORKS, INC., a Delaware corporation; NETGEAR, INC., a Delaware corporation; 3COM CORPORATION, a Delaware corporation; | § § § § § § § § § § § § | |
| Defendants. | § § | |

## ANSWER OF CISCO SYSTEMS, INC. AND CISCO-LINKSYS, L.L.C. TO ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Defendants Cisco Systems, Inc. and Cisco-Linksys, L.L.C. ("Cisco") file this Answer to the Original Complaint For Patent Infringement ("Complaint") of Plaintiff Network-1 Security Solutions, Inc. ("Network-1") as follows:

### Original Complaint Paragraph 1

Plaintiff Network-1 owns the invention described and claimed in United States Patent No. 6,218,930 entitled "Apparatus And Method For Remotely Powering Access Equipment Over A 10/100 Switched Ethernet Network" (the "'930 Patent"). Defendants, without Plaintiff's permission, (a) have used and continued to use Plaintiff's patented technology in connection with products that they make, use, sell, and offer to sell which distribute or use power transferred through Ethernet cables, and (b) have contributed to or induced, and

continue to contribute to or induce, others to infringe the '930 Patent. Plaintiff Network-1

seeks damages for patent infringements and an injunction preventing Defendants from

making, using, selling, or offering to sell, and from contributing to and inducing others to

make, use, sell, or offer to sell, Plaintiff's patented technology without permission.

**Answer to Original Complaint Paragraph 1**

United States Patent No. 6,218,930 (the '930 Patent) on its face appears to be entitled

"Apparatus and Method For Remotely Powering Access Equipment Over A 10/100 Switched

Ethernet Network." Cisco is without knowledge or information sufficient to form a belief

regarding the remaining allegations of the first sentence of Paragraph 1 of the Complaint, and

on that basis denies them. Cisco denies the allegations contained in the second sentence of

Paragraph 2 of the complaint. Cisco admits that Plaintiff Network-1 seeks damages for

patent infringements and an injunction preventing Defendants from making, using, selling, or

offering to sell, and from contributing to and inducing others to make, use, sell, or offer to

sell, Plaintiff's alleged patented technology without permission, but Cisco denies that

Plaintiff is entitled to any damages or other relief. Cisco denies the remainder of the

allegations contained in Paragraph 1 of the Complaint.

**Original Complaint Paragraph 2**

This is an action for patent infringement arising under the patent laws of the United

States, 35 U.S.C. §§ 271 and 281, et seq. The Court has original jurisdiction over this patent

infringement action under 28 U.S.C. §§ 1331 and 1338(a).

**Answer to Original Complaint Paragraph 2**

Cisco admits that the action arises under the patent laws of the United States, and

admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and

1338(a). Cisco denies the remainder of the allegations contained in Paragraph 2 of the

Complaint.

**Original Complaint Paragraph 3**

Venue is proper in this Court because the Defendants are responsible for acts of

infringement occurring in the Eastern District of Texas as alleged in this Complaint, and have delivered or caused to be delivered its infringing products in the Eastern District of Texas.

**Answer to Original Complaint Paragraph 3**

Cisco admits that venue is proper in this district. Cisco denies the remaining allegations contained in Paragraph 3 of the Complaint.

**Original Complaint Paragraph 4**

Plaintiff Network-1 Security Solutions, Inc. is a corporation existing under and by virtue of the laws of the State of Delaware, with its principal place of business in New York, New York.

**Answer to Original Complaint Paragraph 4**

Cisco is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 4 of the Complaint, and on that basis denies them.

**Original Complaint Paragraph 5**

The United States Patent and Trademark Office issued the '930 Patent on April 17, 2001. A copy of the '930 Patent is attached as Exhibit A. Through assignment, Plaintiff is the owner of all right, title, and interest, including rights for damages for past infringements, in the '930 Patent.

**Answer to Original Complaint Paragraph 5**

Cisco admits that the '930 patent issued on April 17, 2001, and that a copy of the '930 patent is attached as Exhibit A to the Complaint. Cisco is without knowledge or information sufficient to form a belief regarding the allegations of the second sentence of Paragraph 5 of the Complaint, and on that basis denies them.

**Original Complaint Paragraph 6**

On information and belief, defendant Cisco Systems, Inc. ("Cisco Systems") is a corporation organized and existing under the laws of the State of California, with its principal place of business in San Jose, California.

**Answer to Original Complaint Paragraph 6**

Admitted.

**Original Complaint Paragraph 7**

On information and belief, defendant Cisco-Linksys, L.L.C. ("Linksys") is a limited liability company organized and existing under the laws of California, with its principal place of business in Irvine, California.

**Answer to Original Complaint Paragraph 7**

Admitted.

**Original Complaint Paragraph 8**

On information and belief, defendant Adtran, Inc. ("Adtran") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Huntsville, Alabama.

**Answer to Original Complaint Paragraph 8**

Cisco is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 8 of the Complaint, and on that basis denies them.

**Original Complaint Paragraph 9**

On information and belief, defendant Enterasys Networks, Inc. ("Enterasys") is a corporation organized and existing under the laws of Delaware, with its principle [*sic*] place of business in Andover, Massachusetts.

**Answer to Original Complaint Paragraph 9**

Cisco is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 9 of the Complaint, and on that basis denies them.

**Original Complaint Paragraph 10**

On information and belief, defendant Extreme Networks, Inc. ("Extreme Networks") is a corporation organized and existing under the laws of Delaware, with its principle [*sic*] place of business in Santa Clara, California.

**Answer to Original Complaint Paragraph 10**

Cisco is without knowledge or information sufficient to form a belief regarding the

allegations of Paragraph 10 of the Complaint, and on that basis denies them.

**Original Complaint Paragraph 11**

On information and belief, defendant Foundry Networks, Inc. ("Foundry") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Santa Clara, California.

**Answer to Original Complaint Paragraph 11**

Cisco is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 11 of the Compliant, and on that basis denies them.

**Original Complaint Paragraph 12**

On information and belief, defendant Netgear, Inc. ("Netgear") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Santa Clara, California.

**Answer to Original Complaint Paragraph 12**

Cisco is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 12 of the Complaint, and on that basis denies them.

**Original Complaint Paragraph 13**

On information and belief, defendant 3Com Corporation ("3Com") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Marlborough, Massachusetts.

**Answer to Original Complaint Paragraph 13**

Cisco is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 13 of the Complaint, and on that basis denies them.

**Original Complaint Paragraph 14**

Plaintiff incorporates by reference each of the allegations in paragraphs 1 -13 above.

**Answer to Original Complaint Paragraph 14**

Cisco does not believe that Paragraph 14 of the Complaint requires a response.  To the extent that a response is required, Cisco incorporates by reference its answers to the

allegations contained in paragraphs 1 through 13 of the Complaint.

**Original Complaint Paragraph 15**

On or about April 17, 2001, the '930 Patent, disclosing and claiming an "Apparatus And Method For Remotely Powering Access Equipment Over A 10/100 Switched Ethernet Network," was duly and legally issued by the United States Patent and Trademark Office.

**Answer to Original Complaint Paragraph 15**

The '930 Patent on its face appears to be entitled "Apparatus And Method For Remotely Powering Access Equipment Over A 10/100 Switched Ethernet Network." Cisco is without knowledge or information sufficient to form a belief regarding the remainder of the allegations of Paragraph 15 of the Complaint, and on that basis denies them.

**Original Complaint Paragraph 16**

Plaintiff Network-1 is the owner of the '930 Patent with full rights to pursue recovery of royalties or damages for infringement of such patent, including full rights to recover past and future damages.

**Answer to Original Complaint Paragraph 16**

Cisco is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 16 of the Complaint, and on that basis denies them.

**Original Complaint Paragraph 17**

Defendants have infringed, contributed to the infringement, and induced others to infringe the '930 Patent and, unless enjoined, will continue to infringe the '930 Patent by manufacturing, using, selling, offering for sale, or by using the apparatus and method(s) claimed in the Patent or by contributing to or inducing others to make, use, sell, or offer to sell, the claimed invention or use the claimed apparatus and method(s) without a license or permission from Plaintiff.

**Answer to Original Complaint Paragraph 17**

Denied with respect to Cisco. No response is required with respect to the other Defendants, and that, to the extent a response is required, Cisco is without sufficient

information to admit or deny with respect to the other Defendants.

**Original Complaint Paragraph 18**

Plaintiff has been damaged by Defendants' infringement of the '930 Patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants are enjoined from continuing to infringe the '930 Patent.

**Answer to Original Complaint Paragraph 18**

Denied with respect to Cisco. No response is required with respect to the other Defendants, and that, to the extent a response is required, Cisco is without sufficient information to admit or deny with respect to the other Defendants.

**Original Complaint Paragraph 19**

Upon information and belief, Defendants' acts of infringement have been, and continue to be committed with full knowledge of Plaintiff's rights in the '930 Patent, and in willful and wanton disregard of Plaintiff's rights, rendering this an exceptional case under 35 U.S.C. § 285.

**Answer to Original Complaint Paragraph 19**

Denied with respect to Cisco. No response is required with respect to the other Defendants, and that, to the extent a response is required, Cisco is without sufficient information to admit or deny respect to the other Defendants.

**Prayer for Relief**

Cisco does not believe the Prayer for Relief requires a response. Cisco denies infringement and denies that Network-1 is entitled to any damages or equitable relief.

**DEFENSES**
**First Affirmative Defense**
**(No infringement)**

20.     As and for a separate affirmative defense, Cisco alleges that it does not infringe, either directly or indirectly, and has not infringed any claim of the '930 patent, either literally or under the doctrine of equivalents.

## Second Affirmative Defense
### (Invalidity)

21.    As and for a separate affirmative defense, Cisco alleges on information and belief that one or more claims of the '930 patent is invalid for failing to comply with the provisions of the patent laws, 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

## Third Affirmative Defense
### (Failure to Mark Or Give Notice)

22.    As and for a separate affirmative defense, Cisco alleges on information and belief that any claim for damages for patent infringement by Network-1 is limited by 35 U.S.C. § 287 to those damages occurring after notice of alleged infringement.

## Fourth Affirmative Defense
### (Estoppel)

23.    As and for a separate affirmative defense, Cisco alleges on information and belief that Network-1 is estopped from construing any claim of the '930 patent to be infringed or have been infringed, either literally or under the doctrine of equivalents, by any method or product manufactured, used, imported, sold or offered for sale by Cisco in view of the prior art and because of admissions and statements made to the United States Patent and Trademark Office during prosecution of the application leading to the issuance of the '930 patent, because of disclosure or language in the specification of the '930 patent, and because of limitations in the claims of the '930 patent.

## Fifth Defense
### (Laches, Waiver and Estoppel)

24.     As and for a separate affirmative defense, Cisco alleges on information and belief that Network-1's claims are barred, in whole or in part, by the doctrine of laches, waiver and/or estoppel.

## COUNTERCLAIMS

Defendant/counterclaimants Cisco Systems, Inc. and Cisco-Linksys, L.L.C. ("Cisco") bring the following counterclaims against Plaintiff/counterdefendant Network-1.

### JURISDICTION AND VENUE

1.      This is an action for declaratory relief. This Court has jurisdiction over this counterclaim based on 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

2.      Venue is proper under 28 U.S.C. §§ 1391(b), (c) and 1400(b).

### THE PARTIES

3.      Cisco Systems, Inc. is organized under the laws of the State of California, with its headquarters in San Jose, California. Cisco-Linksys, L.L.C. is a limited liability company organized and existing under the laws of California, with its principal place of business in Irvine, California.

4.      Upon information and belief, Network-1 is a corporation existing under and by virtue of the law of the State of Delaware, with its principal place of business in New York, New York.

### FIRST COUNTERCLAIM
### (Declaration of Patent Noninfringement of the '930 Patent)

5.      Cisco incorporates and realleges paragraphs 1 through 4 of these Counterclaims.

6.      Network-1 alleges that it is the owner of the '930 patent, and Network-1 has

brought suit against Cisco for infringement of the '930 patent.

7.      The '930 patent is not infringed by any products made, used, sold, offered for sale or imported by Cisco.

8.      An actual case or controversy exists between Network-1 and Cisco based on Network-1 having filed a Complaint against Cisco alleging infringement of the '930 patent.

9.      Cisco has been injured and damaged by Network-1 having filed a Complaint asserting a patent that is not infringed by Cisco.

10.     Declaratory relief is both appropriate and necessary to establish that the '930 patent is not infringed by any products made, used, sold, or offered for sale by Cisco and thus cannot be asserted against Cisco.

## SECOND COUNTERCLAIM
### (Declaration of Patent Invalidity of the '930 Patent)

11.     Cisco incorporates and realleges paragraphs 1 through 10 of these Counterclaims.

12.     Network-1 alleges that it is the owner of the '930 patent, and Network-1 has brought suit against Cisco for infringement of the '930 patent.

13.     The '930 patent is invalid for one or more of the reasons alleged in the affirmative defenses set forth above in paragraphs 20-24 of the Defenses, which paragraphs are incorporated into this counterclaim by reference with the same force and effect as if repeated herein in full.

14.     An actual case or controversy exists between Cisco and Network-1 based on Network-1 having filed a Complaint against Cisco alleging infringement of the '930 patent.

15.     Cisco has been injured and damaged by Network-1 filing a Complaint asserting a patent that is invalid.

16.     Declaratory relief is both appropriate and necessary to establish that the '930 patent is invalid, and thus cannot be asserted against Cisco.

## PRAYER FOR RELIEF

WHEREFORE, Cisco prays for relief as follows:

1.     That Network-1's Complaint be dismissed with prejudice and that Network-1 recover nothing thereon;

2.     That the Court enter judgment declaring the '930 patent not infringed by Cisco or the use of Cisco products;

3.     That the Court enter judgment declaring the '930 patent invalid;

4.     That the Court find that this is an exceptional case and award Cisco its costs and attorneys' fees pursuant to 35 U.S.C. §285; and

5.     That the Court grant such other relief as the Court deems just and proper under these circumstances.

## DEMAND FOR JURY TRIAL

Cisco demands a trial by jury of all claims and issues so triable.

Dated:  April 2, 2008                                 Respectfully submitted,


                                          By:/s/ S. Calvin Capashaw
                                             S. Calvin Capshaw
                                             State Bar No. 03783900
                                             Elizabeth L. DeRieux
                                             State Bar No. 05770585
                                             N. Claire Abernathy
                                             State Bar No. 24053063
                                             CAPSHAW DERIEUX, L.L.P.
                                             1127 Judson Road, Suite 220
                                             P.O. Box 3999
                                             Longview, TX 75601-5157
                                             Tel.: (903) 236-9800
                                             Fax:  (903) 236-8787
                                             E-mail: ccapshaw@capshawlaw.com
                                             E-mail: ederieux@capshawlaw.com
                                             E-mail: chenry@capshawlaw.com

## CERTIFICATE OF SERVICE

   I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this $2^{st}$ day of April, 2008, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

                                          /s/ S. Calvin Capshaw
                                          S. Calvin Capshaw