# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| NETWORK-1 SECURITY SOLUTIONS, INC., a Delaware corporation, | |
| Plaintiff, | CASE NO.  6:08cv030-LED |
| vs. | |
| CISCO SYSTEMS, INC., a California corporation; CISCO-LINKSYS, L.L.C., a California Limited Liability Company; ADTRAN, INC., a Delaware corporation; ENTERASYS NETWORKS, INC., a Delaware corporation; EXTREME NETWORKS, INC., a Delaware corporation; FOUNDRY NETWORKS, INC., a Delaware corporation; NETGEAR, INC., a Delaware corporation; 3COM CORPORATION, a Delaware corporation, | **Complaint for Patent Infringement (U.S. Patent No. 6,218,930).** <br><br> **JURY DEMANDED** |
| Defendants. | |

## DISCOVERY ORDER

After review of the pleaded claims and defenses in this action and in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, the Court enters the following Discovery Order:

1.  **Disclosures.**  By July 30, 2008, and without awaiting a discovery request, each party shall disclose to every other party the following information:

    A.  the correct names of the parties to the lawsuit;
    B.  the name, address, and telephone number of any potential parties;
    C.  the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);
    D.  the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the

          case, and a brief, fair summary of the substance of the information known by such person;

E.     any indemnity and insurance agreements under which any person or entity may be liable to satisfy all or part of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment; and

F.     any settlement agreements relevant to the subject matter of this action.

Compliance with the disclosure requirements under this paragraph shall be deemed to satisfy the parties' respective disclosure obligations under Fed. R. Civ. P. 26(a)(1).

2. **Additional Disclosures.** Each party shall provide to every other party the following information:

    A.     the disclosures required by the Court's Patent Rules in accordance with the deadlines set forth in the Court's Docket Control Order;

    B.     to the extent that any party pleads a claim for relief or defensive matter other than those addressed in the Patent Rules[1], by September 30, 2008, and without awaiting a discovery request, a copy of all documents, data compilations and tangible things in the possession, custody, or control of the party that are relevant to those additionally pleaded claims or defenses involved in this action. By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies. For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials; and

    C.     by September 30, 2008, a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying (See Local Rule CV-34), the documents or other evidentiary materials on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and those documents and authorizations described in Local Rule CV-34.

3. **Testifying Experts.** By the date provided in the Docket Control Order, each party shall disclose to the other party or parties the information required by FRCP 26(a)(2)(B), except that draft expert reports, litigation counsel's communication with experts, and expert notes shall not be discoverable and need not be maintained or produced unless relied upon by the expert in reaching an opinion that is rendered in the expert's report or testimony.

4. **Discovery Limitations**. Discovery is limited to the disclosures described in Paragraphs 1

---

[1] The Patent Rules are Appendix M to the Local Rules which are available on the Court's website at www.txed.uscourts.gov.

and 3, along with the following:

A. <u>Interrogatories:</u>

1. Plaintiff is allowed to serve 20 interrogatories on defendants, as a group, as to matters common to the defendants, and 10 additional interrogatories, for each defendant, as to matters unique to each defendant.

2. All defendants, collectively, are allowed to serve 20 common interrogatories on Plaintiff as to matters common to the defendants.

3. Each defendant is allowed to serve 10 individual interrogatories on Plaintiff as to matters unique to each defendant.

B. <u>Requests for Admission:</u> Each party may serve 40 requests for admissions on any other party (but the number of requests for admissions to establish the authenticity of a document are unlimited).

C. Depositions by written questions.

D. <u>Depositions of Parties and Third-Parties:</u>

The parties agree that:

1. Defendants will have 21 total hours of Rule 30(b)(6) deposition time for the deposition of the plaintiff to be divided as follows: 14 common hours to be shared by the defendants, plus 1 hour of deposition per defendant;

2. Plaintiff will have 98 total hours of Rule 30(b)(6) deposition time to be divided as follows: no more than 14 hours for the deposition of each defendant;

3. Defendants will have 15 total hours of deposition time of each inventor named on the patent-in-suit and the provisional application from which it claims priority to be divided as follows: 8 common hours to be shared by the defendants plus 1 hour of deposition per defendant; and

4. **Each side will have 120 additional hours of deposition time for all other fact witnesses per side, provided that the plaintiff may take no more than 10 hours of such deposition time from each defendant; for each defendant terminated from the case, the total hours shall be reduced by 4 hours for both sides.;**

"Side" means a party or a group of parties with a common interest.  For the purpose of this section, Cisco Systems, Inc. and Cisco-Linksys, L.L.C. shall count as a single defendant.

5. Except as set forth above or by mutual agreement, no single deposition of any one witness can exceed two consecutive business days, or 14 hours on the record.

6. Any party may make application to the Court for additional deposition time, which shall be granted upon a showing of good cause.  The parties may also modify these time restrictions by agreement.

7. Where the defendants are sharing deposition time, each party may have one attorney questioning the same witness, provided that the defendants will work together in good faith to avoid duplication of questions.

E. Depositions of Experts:

a. **Infringement:**  Each side may depose the opposing side's infringement expert(s) for no more than 7 hours, unless an expert addresses more than one defendant, in which case such expert may be deposed for an additional 2 hours per additional defendant addressed; to the extent that any defendant has its own separate non-infringement expert, the plaintiff may depose such expert for no more than 7 hours.

b. **Invalidity:**  Plaintiff may take up to 7 hours of deposition testimony of each expert identified by the defendants on the topic of invalidity.   The defendants, collectively, may take up to 14 hours of deposition testimony of each expert identified by Plaintiff on the topic of invalidity.

c. **Damages:**  Each side may depose the opposing side's damages expert(s) for no more than 7 hours per expert, unless an expert addresses more than one defendant, in which case such expert may be deposed for an additional 2 hours per additional defendant addressed; to the extent that any defendant has its own separate damages expert, the plaintiff may depose such expert for no more than 7 hours.

The parties will discuss the format for the document and information exchange.  The parties agree to meet and confer in good faith about reasonable adjustments to any of the preceding limits as discovery progresses.  Any party may move to modify these limitations for good cause.

5.     **Privileged Information.**  There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference.  By the date provided in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. A party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log.  If such a motion is made, the party asserting privilege shall file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege along with the documents over which privilege is asserted for in camera inspection.  If the parties have no disputes concerning privileged documents or information, then the parties shall file a notice so stating by the date provided in the Docket Control Order.  The parties shall not be required to log any privileged documents created on or after the commencement of this lawsuit.  The plaintiff shall not be required to log any privileged documents that were sent to or from, or created by, outside litigation counsel during the course of the litigation *Network-1 Security Solutions, Inc. v. D-Link Corp., et al*, Civ. Action No. 6:05-cv-291-LED ("D-Link Litigation").  The plaintiff shall provide the defendants with a description of the nature and types of documents that were created by in-house counsel, employees, or consultants of Network-1 specifically for purposes of the D-Link Litigation, and the parties shall promptly thereafter meet and confer regarding whether the plaintiff shall be obligated to log any such documents to which it asserts a claim of work product protection.

6.     **Pre-trial Disclosures.**  By the date provided in the Docket Control Order, each party shall provide to every other party the following disclosures regarding the evidence that the disclosing party intends to present at trial:

   A.   The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.
   B.   The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.
   C.   An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

   By the date provided in the Docket Control Order, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph "B." above; and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph "C." above.  Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

7. **Signature.**  The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.

8. **Exchange of Disclosures.**  If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5.

9. **Notification of the Court.**  The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

10. **Duty to Supplement.**  After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

11. **Requests for Production.**  Because documents relevant to any claim or defense are to be produced pursuant to the Patent Rules and paragraphs one and two of this Order, requests for production are unnecessary.  However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter.  The Court will entertain a motion to compel documents without the necessity of a movant propounding formal requests for production.

12. **Discovery Disputes.**  Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(f).  If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(f).

13. **Discovery Conferences.**  <u>Within 72 hours of the Court setting any discovery motion for hearing, each party's lead trial counsel and local counsel shall meet and confer in person or by telephone in an effort to resolve the dispute without Court intervention.  Counsel shall promptly notify the Court of the results of the meeting.  Attendance by proxy is not permitted.  Unless excused by the Court, lead counsel shall attend any discovery hearing set by the Court.</u>

14. **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.  Parties asserting the defense of qualified immunity may submit a motion to limit disclosure to those materials necessary to decide the issue of qualified immunity.

15. **Protective Orders.**  The parties request that the Court enter a Protective Order in the form attached hereto as Exhibit A.

16. **Courtesy Paper Copies.**  Paper copies will not be accepted by this Court unless specifically requested.

17. **Hearing Notebooks.**  With the exception of *Markman* notebooks required in the Docket Control Order, hearing notebooks are no longer required or requested.  However, the Court may request hearing notebooks in specific instances.

**So ORDERED and SIGNED this 17th day of July, 2008.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**