# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| NETWORK-1 SECURITY SOLUTIONS, INC., a Delaware corporation, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| CISCO SYSTEMS, INC., a California corporation;  CISCO-LINKSYS, L.L.C., a California Limited Liability Company; Adtran, INC., a Delaware corporation; ENTERASYS NETWORKS, INC., a Delaware corporation;  EXTREME NETWORKS, INC., a Delaware corporation; FOUNDRY NETWORKS, INC., a Delaware corporation;  NETGEAR, INC., a Delaware corporation; 3COM CORPORATION, a Delaware corporation, | § § § § § § § § § § § § § | CASE NO. 6:08cv030-LED<br><br>JURY DEMANDED |
| Defendants. | § § § § | |

**DEFENDANT ADTRAN, INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFF NETWORK-1 SECURITY SOLUTIONS, INC.'S FIRST AND SECOND
SETS OF COMMON INTERROGATORIES TO ADTRAN, INC. (NOS. 1-4) AND
FIRST SET OF INDIVIDUAL INTERROGATORIES TO ADTRAN, INC. (NO. 21)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Adtran,

Inc. ("Adtran") hereby objects and responds to Defendant Network-1 Security Solutions, Inc.'s

("NW-1") First and Second Sets of Common Interrogatories to Adtran, Inc. (Nos. 1-4) and First

Set of Individual Interrogatories to Adtran, Inc. (No. 21).

## GENERAL OBJECTIONS

The following General Objections are incorporated by reference into each and every Interrogatory response that follows.

1.    Adtran objects to the Interrogatories to the extent they seek the disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privilege, or any other applicable privilege, doctrine, or immunity.

2.    Adtran objects to the Interrogatories to the extent they seek information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

3.    Adtran objects to the Interrogatories to the extent they purport to impose discovery obligations beyond those imposed by the Federal Rules of Civil Procedure, applicable rules, Orders of the Court, and case law.

4.    Adtran objects to the Interrogatories to the extent that they call for information that is not reasonably available to Adtran or documents that are not in Adtran's possession, custody, or control.  The responses given herein are based on information reasonably available to Adtran at this time.

5.    Adtran objects to the Interrogatories to the extent they are premature.  Discovery is not complete in this case, and Adtran's investigation is ongoing.  Accordingly, additional facts and witnesses may be discovered.  Adtran responds to these interrogatories without prejudice to its claims that the '930 Patent is invalid and unenforceable.  Adtran reserves the right to use at trial and in any other proceeding in this action any such additional documents, witnesses, facts, and evidence that may have been omitted from these responses for one of the foregoing reasons or otherwise and, without obligating Adtran to do so, Adtran reserves the right to supplement

these responses in the future as may be appropriate.

6.      Adtran further objects to the Interrogatories as premature to the extent that they call for expert opinion and/or ultimate contentions in this action because discovery is not complete.

7.      Adtran objects to the Interrogatories to the extent they call for information that is equally available to NW-1 through public sources or records, from NW-1's records, and/or from other companies that have been or are currently being sued by NW-1, because such requests subject Adtran to unreasonable and undue burden and expense.

8.      Adtran objects to the Interrogatories to the extent they are overly broad, unduly burdensome, and propounded solely for the purpose of harassment.  Adtran reserves its right to recover its fees and costs in preparing these responses.

9.      Adtran objects to the definition of "document" to the extent it includes materials beyond the scope of inquiry permitted by Federal Rules of Civil Procedure 26(b) and 33(a)(2).

10.     These objections are incorporated by reference into each response below, and each response is made without waiving these objections.

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to and without waiving any of the foregoing General Objections, Adtran specifically responds to the Interrogatories as follows:

## INTERROGATORY NO. 1:

Set forth in specific detail each fact, argument, inference, and document that supports your contention that you have not infringed (directly, contributory, or by inducement) any claim of the '930 Patent (including the name, address, and telephone number of each person who has knowledge or possession of each such fact and document).

**RESPONSE:**

In addition to the General Objections (which are specifically incorporated by reference as though fully set forth herein), Adtran objects to this interrogatory on the grounds that it is premature. *See*, *e.g.*, *Jacobs Chuck Manufacturing Co. v. Shandong Weida Machinery*, C.A. No. 2:05-CV-185-TJW, Docket No. 93 (E.D. Tex. Aug. 18, 2006) ("A requirement that a party provide contentions of this sort early in the litigation is in tension with the established time frames for declaring claim construction positions provided by the Patent Rules. Moreover, if the court required the plaintiffs to answer such an interrogatory at this stage of the case, the court would run the risk of requiring the disclosure of information protected by attorney client privilege and the work product doctrine.").

Adtran further objects to identifying "in specific detail each fact, argument, inference, and document" as overbroad and unduly burdensome. Adtran further objects to this interrogatory to the extent it calls for disclosure of expert opinions prior to the deadlines set forth in the Court's July 17, 2008 Discovery Order. Adtran further objects to this interrogatory to the extent it calls for information outside of Adtran's possession, custody, or control. Adtran further objects to this interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

**INTERROGATORY NO. 2:**

If you contend that the Plaintiff, Network-1, is, to any extent, estopped from asserting infringement of the '930 Patent because of statements or amendments made during prosecution of the '930 Patent, set forth in specific detail each fact, opinion, argument, inference, and document that supports your contention with specific citations to the page (and, if applicable, column and line) of the prosecution history that supports your contention.

offer licenses at its standard royalty rates, which are substantially higher than both its Special Licensing Program rates and its RAND rates").

Adtran also incorporates by reference as part of its response the damages-related evidence produced in the prior suit by NW-1 against D-Link involving the '930 Patent (Case No. 6:05cv291, Eastern District of Texas). Adtran reserves the right to supplement or amend its response to this interrogatory as discovery and Adtran's investigation in this case proceeds, and Adtran reserves the right to provide what Adtran contends are RAND terms according to the Court's schedule concerning expert discovery.

Dated: January 15, 2009      By: /s/ Gilbert A. Greene
                                   David D. Bahler – Lead Attorney
                                   State Bar No. 01513100
                                   Gilbert A. Greene
                                   State Bar No. 24045976
                                   FULBRIGHT & JAWORSKI LLP
                                   600 Congress Avenue, Suite 2400
                                   Austin, TX 78701
                                   Tel. 512.536.5201
                                   Fax: 512.536.4598
                                   dbahler@fulbright.com
                                   ggreene@fulbright.com

                                   COUNSEL FOR DEFENDANT ADTRAN, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| NETWORK-1 SECURITY SOLUTIONS, INC., a Delaware corporation, | § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 6:08-CV-30-LED |
| CISCO SYSTEMS, INC. a California corporation; CISCO-LINKSYS, L.L.C., a California Limited Liability Company; ADTRAN, INC., a Delaware corporation; ENTERASYS NETWORKS, INC., a Delaware corporation; EXTREME NETWORKS, INC., a Delaware corporation; FOUNDRY NETWORKS, INC., a Delaware corporation; NETGEAR, INC., a Delaware corporation; 3COM CORPORATION, a Delaware corporation; | § § § § § § § § § § § § | |
| Defendants. | § | |

**DEFENDANT CISCO SYSTEMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF NETWORK-1 SECURITY SOLUTIONS, INC.'S FIRST AND SECOND SETS OF COMMON INTERROGATORIES (NOS. 1-4)**

Defendant Cisco Systems, Inc. ("Cisco") hereby responds to plaintiff Network-1 Security Solutions, Inc.'s ("Network-1") First and Second Sets of Common Interrogatories (Nos. 1-4). These responses are based on information reasonably available to Cisco at the present time. Cisco reserves the right to amend and supplement the responses when and if additional information becomes available.

Specific objections to each separate Interrogatory are made below. In addition to these specific objections, Cisco makes general objections to the Interrogatories and Definitions, which are hereby incorporated into each response below.

## GENERAL OBJECTIONS

1.      Cisco objects to the Interrogatories and the Definitions accompanying them to the extent they purport to impose upon Cisco obligations that exceed, or are inconsistent with, the obligations imposed by Rules 26 and 33 of the Federal Rules of Civil Procedure, the Discovery Order or Docket Control Order entered in this case, the Patent Local Rules, and the applicable rules of the Court.

2.      Cisco objects to any Interrogatory that seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

3.      Cisco objects to any Interrogatory to the extent it seeks to elicit information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.  Any inadvertent disclosure of such information shall not constitute a waiver by Cisco of such protections.

4.      Cisco objects to any Interrogatory that seeks information covered by confidentiality obligations of Cisco to any third party.

5.      Cisco objects to any Interrogatory that is compound, as it is an attempt to circumvent Fed. R. Civ. P. 33(a)(1).

6.      Pursuant to Fed. R. Civ. P. 33(d), Cisco objects to any Interrogatory to the extent that the answer may be determined by examining, auditing, compiling, abstracting, or summarizing Cisco's business records, and the burden of deriving or ascertaining the answer is substantially the same for Cisco as it is for Network-1.

- 2 -

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to any specific objections set forth below, and specifically incorporating each of the foregoing General Objections into each Specific Objection and Response below, and without waiving any of said specific objections and responses, Cisco responds as follows:

### Common Interrogatory No. 1

Set forth in specific detail each fact, argument, inference, and document that supports your contention that you have not infringed (directly, contributory, or by inducement) any claim of the '930 Patent (including the name, address, and telephone number of each person who has knowledge or possession of each such fact and document).

### Response to Common Interrogatory No. 1

Cisco objects to this interrogatory on the grounds that it is premature. *See, e.g., Jacobs Chuck Manufacturing Co. v. Shandong Weida Machinery*, C.A. No. 2:05-CV-185-TJW, Docket No. 93 (E.D. Tex. Aug. 18, 2006) ("A requirement that a party provide contentions of this sort early in the litigation is in tension with the established time frames for declaring claim construction positions provided by the Patent Rules. Moreover, if the court required the plaintiffs to answer such an interrogatory at this stage of the case, the court would run the risk of requiring the disclosure of information protected by attorney client privilege and the work product doctrine.").

Cisco further objects to identifying "in specific detail each fact, argument, inference, and document" as overbroad and unduly burdensome. Cisco further objects to this interrogatory to the extent it calls for disclosure of expert opinions prior to the deadlines set forth in the Court's July 17, 2008 Discovery Order. Cisco further objects to this interrogatory to the extent it calls for information outside of Cisco's possession, custody, or control.

- 3 -

Cisco further objects to this interrogatory to the extent that it seeks information that is

protected from disclosure by the attorney-client privilege, the work product doctrine, or any

other applicable privilege or protection.

## Common Interrogatory No. 2

If you contend that the Plaintiff, Network-1, is, to any extent, estopped from asserting
infringement of the '930 Patent because of statements or amendments made during prosecution
of the '930 Patent, set forth in specific detail each fact, opinion, argument, inference, and
document that supports your contention with specific citations to the page (and, if applicable,
column and line) of the prosecution history that supports your contention.

## Response to Common Interrogatory No. 2

Cisco does not make this contention but reserves all the rights to supplement or revise its

response as discovery progresses.

## Common Interrogatory No. 3

If you contend (such as the contention in the fifth affirmative defense in Cisco's Answer)
that the doctrine of laches bars any claims or any damages in this action, set forth in specific
detail each fact, opinion, argument, inference, and document that supports your contention
(including the name, address, and telephone number of each person who has knowledge or
possession of each such fact, opinion, and document).

## Response to Common Interrogatory No. 3

Cisco objects to this interrogatory on the grounds that it is premature.

Cisco further objects to identifying "in specific detail each fact, argument, inference, and

document" as overbroad and unduly burdensome.  Cisco further objects to this interrogatory to

the extent it calls for information outside of Cisco's possession, custody, or control.

Cisco further objects to this interrogatory to the extent that it seeks information that is

protected from disclosure by the attorney-client privilege, the work product doctrine, or any

other applicable privilege or protection.

- 4 -

documents relating to such circumstances and individuals who have knowledge of such circumstances.

**Response to Common Interrogatory No. 4**

Cisco objects to this interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Cisco further objects to this interrogatory on the grounds that it is premature. Under the Court's Docket Control Order, the deadline for the parties to exchange privilege logs is June 15, 2009, and the deadline for the parties to comply with Patent Local Rule 3.7 is January 5, 2010.

Subject to and without waiving the foregoing general and specific objections, Cisco responds as follows:

Cisco first became aware of the '930 Patent in or about June 2001. The documents that Cisco has identified to date that evidence Cisco's first awareness are privileged. Cisco will provide a privilege log in accordance with the deadlines set forth in the Docket Control Order.

Dated: January 15, 2009

By: _____

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
N. Claire Abernathy
State Bar No. 24053063
CAPSHAW DERIEUX, L.L.P.
1127 Judson Road, Suite 220
P.O. Box 3999
Longview, TX 75601-5157

- 6 -

Tel.: (903) 236-9800
Fax: (903) 236-8787
E-mail: ccapshaw@capshawlaw.com
E-mail: ederieux@capshawlaw.com
E-mail: chenry@capshawlaw.com

Of Counsel:

William F. Lee
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000
E-mail:  william.lee@wilmerhale.com

William J. Bohler
Mark D. Selwyn
Niki Z. Moore
WILMER CUTLER PICKERING HALE AND DORR LLP
1117 California Avenue
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100
E-mail:  william.bohler@wilmerhale.com
         mark.selwyn@wilmerhale.com
         niki.moore@wilmerhale.com

**ATTORNEYS FOR DEFENDANTS CISCO
SYSTEMS, INC. AND CISCO-LINKSYS, L.L.C.**

US1DOCS 7028916v1

Thomas John Ward, Jr.
WARD & SMITH LAW FIRM
P. O. Drawer 1231
Longview, TX 75606-1231
jw@jwfirm.com

Attorneys for Plaintiff and Counter-Defendant
Network-1 Security Solutions, Inc.

Gregory Scott Dovel
DOVEL & LUNER
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
greg@dovellaw.com

Attorneys for Plaintiff and Counter-Defendant
Network-1 Security Solutions, Inc.

Sean Luner
DOVEL & LUNER
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
luner@dovellaw.com

Attorneys for Plaintiff and Counter-Defendant
Network-1 Security Solutions, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| NETWORK-1 SECURITY SOLUTIONS, INC., a Delaware corporation, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | NO. 6:08-CV-30-LED |
| CISCO SYSTEMS, INC. a California corporation; CISCO-LINKSYS, L.L.C., a California Limited Liability Company; ADTRAN, INC., a Delaware corporation; ENTERASYS NETWORKS, INC., a Delaware corporation; EXTREME NETWORKS, INC., a Delaware corporation; FOUNDRY NETWORKS, INC., a Delaware corporation; NETGEAR, INC., a Delaware corporation; 3COM CORPORATION, a Delaware corporation; | § § § § § § § § § § § § § | |
| Defendants. | § | |

**DEFENDANT CISCO-LINKSYS, L.L.C.'S RESPONSES AND OBJECTIONS TO
PLAINTIFF NETWORK-1 SECURITY SOLUTIONS, INC.'S FIRST AND SECOND
SETS OF COMMON INTERROGATORIES (NOS. 1-4)**

Defendant Cisco-Linksys, L.L.C. ("Cisco-Linksys") hereby responds to plaintiff

Network-1 Security Solutions, Inc.'s ("Network-1") First and Second Sets of Common

Interrogatories (Nos. 1-4). These responses are based on information reasonably available to

Cisco-Linksys at the present time. Cisco-Linksys reserves the right to amend and supplement

the responses when and if additional information becomes available.

Specific objections to each separate Interrogatory are made below. In addition to these

specific objections, Cisco-Linksys makes general objections to the Interrogatories and

Definitions, which are hereby incorporated into each response below.

## GENERAL OBJECTIONS

1.      Cisco-Linksys objects to the Interrogatories and the Definitions accompanying

them to the extent they purport to impose upon Cisco-Linksys obligations that exceed, or are

inconsistent with, the obligations imposed by Rules 26 and 33 of the Federal Rules of Civil

Procedure, the Discovery Order or Docket Control Order entered in this case, the Patent Local

Rules, and the applicable rules of the Court.

2.      Cisco-Linksys objects to any Interrogatory that seeks information that is neither

relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery

of admissible evidence.

3.      Cisco-Linksys objects to any Interrogatory to the extent it seeks to elicit

information protected from disclosure by the attorney-client privilege, the work product doctrine,

or any other applicable privilege or immunity.  Any inadvertent disclosure of such information

shall not constitute a waiver by Cisco-Linksys of such protections.

4.      Cisco-Linksys objects to any Interrogatory that seeks information covered by

confidentiality obligations of Cisco-Linksys to any third party.

5.      Cisco-Linksys objects to any Interrogatory that is compound, as it is an attempt to

circumvent Fed. R. Civ. P. 33(a)(1).

6.      Pursuant to Fed. R. Civ. P. 33(d), Cisco-Linksys objects to any Interrogatory to

the extent that the answer may be determined by examining, auditing, compiling, abstracting, or

summarizing Cisco-Linksys' business records, and the burden of deriving or ascertaining the

answer is substantially the same for Cisco-Linksys as it is for Network-1.

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to any specific objections set forth below, and specifically incorporating each of the foregoing General Objections into each Specific Objection and Response below, and without waiving any of said specific objections and responses, Cisco-Linksys responds as follows:

### Common Interrogatory No. 1

Set forth in specific detail each fact, argument, inference, and document that supports your contention that you have not infringed (directly, contributory, or by inducement) any claim of the '930 Patent (including the name, address, and telephone number of each person who has knowledge or possession of each such fact and document).

### Response to Common Interrogatory No. 1

Cisco-Linksys objects to this interrogatory on the grounds that it is premature. *See*, *e.g.*, *Jacobs Chuck Manufacturing Co. v. Shandong Weida Machinery*, C.A. No. 2:05-CV-185-TJW, Docket No. 93 (E.D. Tex. Aug. 18, 2006) ("A requirement that a party provide contentions of this sort early in the litigation is in tension with the established time frames for declaring claim construction positions provided by the Patent Rules. Moreover, if the court required the plaintiffs to answer such an interrogatory at this stage of the case, the court would run the risk of requiring the disclosure of information protected by attorney client privilege and the work product doctrine.").

Cisco-Linksys further objects to identifying "in specific detail each fact, argument, inference, and document" as overbroad and unduly burdensome. Cisco-Linksys further objects to this interrogatory to the extent it calls for disclosure of expert opinions prior to the deadlines set forth in the Court's July 17, 2008 Discovery Order. Cisco-Linksys further objects to this interrogatory to the extent it calls for information outside of Cisco-Linksys' possession, custody, or control.

Cisco-Linksys further objects to this interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

## Common Interrogatory No. 2

If you contend that the Plaintiff, Network-1, is, to any extent, estopped from asserting infringement of the '930 Patent because of statements or amendments made during prosecution of the '930 Patent, set forth in specific detail each fact, opinion, argument, inference, and document that supports your contention with specific citations to the page (and, if applicable, column and line) of the prosecution history that supports your contention.

## Response to Common Interrogatory No. 2

Cisco-Linksys does not make this contention but reserves all the rights to supplement or revise its response as discovery progresses.

## Common Interrogatory No. 3

If you contend (such as the contention in the fifth affirmative defense in Linksys' Answer) that the doctrine of laches bars any claims or any damages in this action, set forth in specific detail each fact, opinion, argument, inference, and document that supports your contention (including the name, address, and telephone number of each person who has knowledge or possession of each such fact, opinion, and document).

## Response to Common Interrogatory No. 3

Cisco-Linksys objects to this interrogatory on the grounds that it is premature.

Cisco-Linksys further objects to identifying "in specific detail each fact, argument, inference, and document" as overbroad and unduly burdensome. Cisco-Linksys further objects to this interrogatory to the extent it calls for information outside of Cisco-Linksys' possession, custody, or control.

have been lost and are no longer available to Cisco-Linksys due to the passage of time and circumstances occurring during the period of delay.

## Common Interrogatory No. 4

Describe, in detail, the circumstances under which Linksys first became aware of the '930 Patent, including, when and how Linksys first learned of the '930 Patent, and identify all documents relating to such circumstances and individuals who have knowledge of such circumstances.

## Response to Common Interrogatory No. 4

Cisco-Linksys objects to this interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Cisco-Linksys further objects to this interrogatory on the grounds that it is premature. Under the Court's Docket Control Order, the deadline for the parties to exchange privilege logs is June 15, 2009, and the deadline for the parties to comply with Patent Local Rule 3.7 is January 5, 2010.

Subject to and without waiving the foregoing general and specific objections, Cisco responds as follows:

Cisco-Linksys first became aware of the '930 Patent in or about January 2004, when Cisco-Linksys received a letter relating to the '930 Patent from Jason Mirabito of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

Dated: January 15, 2009

- 6 -

By: _William J. Bohl_

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05570585
N. Claire Abernathy
State Bar No. 24053063
CAPSHAW DERIEUX, L.L.P.
1127 Judson Road, Suite 220
P.O. Box 3999
Longview, TX 75601-5157
Tel.: (903) 236-9800
Fax: (903) 236-8787
E-mail: ccapshaw@capshawlaw.com
E-mail: ederieux@capshawlaw.com
E-mail: chenry@capshawlaw.com

Of Counsel:

William F. Lee
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000
E-mail:  william.lee@wilmerhale.com

William J. Bohler
Mark D. Selwyn
Niki Z. Moore
WILMER CUTLER PICKERING HALE AND DORR LLP
1117 California Avenue
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100
E-mail:  william.bohler@wilmerhale.com
        mark.selwyn@wilmerhale.com
        niki.moore@wilmerhale.com

**ATTORNEYS FOR DEFENDANTS CISCO
SYSTEMS, INC. AND CISCO-LINKSYS, L.L.C.**

US1DOCS 7030493v1

Thomas John Ward, Jr.
WARD & SMITH LAW FIRM
P. O. Drawer 1231
Longview, TX  75606-1231
jw@jwfirm.com

Gregory Scott Dovel
DOVEL & LUNER
201 Santa Monica Blvd., Suite 600
Santa Monica, CA  90401
greg@dovellaw.com

Sean Luner
DOVEL & LUNER
201 Santa Monica Blvd., Suite 600
Santa Monica, CA  90401
luner@dovellaw.com

Attorneys for Plaintiff and Counter-Defendant
Network-1 Security Solutions, Inc.

Attorneys for Plaintiff and Counter-Defendant
Network-1 Security Solutions, Inc.

Attorneys for Plaintiff and Counter-Defendant
Network-1 Security Solutions, Inc.

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| NETWORK-1 SECURITY SOLUTIONS, INC., a Delaware corporation, <br><br>          Plaintiff, <br><br> vs. <br><br> CISCO SYSTEMS, INC., a California corporation; CISCO-LINKSYS, L.L.C., a California Limited Liability Company; ADTRAN, INC., a Delaware corporation; ENTERASYS NETWORKS, INC., a Delaware corporation; EXTREME NETWORKS, INC., a Delaware corporation; FOUNDRY NETWORKS, INC., a Delaware corporation; NETGEAR, INC., a Delaware corporation; 3COM CORPORATION, a Delaware corporation, <br><br>          Defendants. | Case No. 6:08-CV-030 (LED) <br><br> JURY DEMANDED |

## EXTREME NETWORK'S RESPONSES TO PLAINTIFF'S FIRST AND SECOND SET OF COMMON INTERROGATORIES (NOS. 1-4)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Extreme Network ("Extreme"), hereby responds to Plaintiffs' First and Second Set of Interrogatories.

Extreme reserves the right to supplement these responses and objections to the extent allowed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

## GENERAL OBJECTIONS

Extreme makes the following general objections to Plaintiff's First and Second Set of Common Interrogatories, which apply to each interrogatory regardless of whether the general objections are specifically incorporated in the specific objections below.

1.  Extreme objects to each interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the privilege afforded non-testifying experts by Fed. R. Civ. P 26(b), or that is otherwise protected from disclosure under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or the relevant statutory or case law. Should any such production by Extreme occur, it is inadvertent and shall not constitute a waiver of any privilege or of any other ground for objecting to discovery with respect to such documents or any other documents, or parts thereof, or of Extreme's right to object during this litigation or otherwise to the use of any such document or any parts thereof. Reference herein to "non-privileged" documents includes those documents not protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and the non-testifying expert privilege.

2.  Extreme objects to identifying any privileged or work product documents written or prepared on or after February 7, 2008, the date this action was filed. Extreme will withhold all privileged and work product documents created or prepared by any of its employees, attorneys, agents, or representatives on or after that date. Extreme believes that the categorical identification of such withheld documents satisfies any identification requirements predicate to a proper assertion of the applicable privilege or immunity.

2

3.      Extreme objects to each interrogatory to the extent it seeks confidential and proprietary information of Extreme that is in Extreme's possession.  Extreme will provide such information only pursuant to the Protective Order entered in this case.

4.      Extreme objects to each interrogatory to the extent that it seeks information that Extreme is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties.

5.      Extreme objects to each interrogatory to the extent it seeks to impose upon Extreme duties and/or responsibilities greater than those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, any applicable orders of this Court, or any stipulation or agreement of the parties.

6.      Extreme objects to Plaintiffs' definitions and instructions to the extent they seek to impose upon Extreme duties and/or responsibilities greater than those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, any applicable orders of this Court, or any stipulation or agreement of the parties.

7.      Extreme objects to each interrogatory, definition, and instruction to the extent it seeks documents and things that do not exist or are not in Extreme's possession, custody, and control.

8.      Extreme objects to each interrogatory to the extent it seeks information that is not relevant to any claim or defense in this action, or reasonably likely to lead to the discovery of admissible evidence that is relevant to any claim or defense, under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

9.      Extreme objects to each interrogatory as unduly burdensome, oppressive, and calling for information that is not relevant to any claim or defense of any party, to the extent

the interrogatory seeks information unrelated to the patents asserted or the products accused of infringement in this action.

10.     Extreme objects to each interrogatory as unduly burdensome, oppressive, and calling for information that is not relevant to any claim or defense of any party, to the extent the interrogatory seeks information unrelated to the relevant temporal or geographic scope of this matter.

11.     Extreme objects to each interrogatory as overly broad, unduly burdensome, oppressive, and not relevant to any claim or defense of any party to the extent they seek documents or things concerning products or manufacturing processes for products that were not made, used, offered for sale, or sold in the United States.

12.     Extreme objects to each interrogatory as overly broad and unduly burdensome to the extent it specifies (i) no time frame or (ii) a time frame beyond the time period that is relevant in this proceeding.

13.     Extreme objects to each interrogatory to the extent that (i) the discovery sought by any interrogatory is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; and/or (ii) the burden or expense of the proposed discovery outweighs the likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving those issues, as limited by Rule 26(b)(2) of the Federal Rules of Civil Procedure.

14.     Extreme objects to each interrogatory to the extent the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source, including but not limited to Network-1 itself, that is more convenient, less burdensome, or less expensive.  Extreme

4

also objects to each interrogatory to the extent that the burden or expense of the discovery sought outweighs its likely benefit.

15.    Extreme objects to each interrogatory as unduly burdensome to the extent they seek information already in Network-1's possession, or which is a matter of public record or otherwise equally available to Network-1.

16.    Extreme objects to each interrogatory to the extent it seeks documents and/or things obtainable from some other source that is more convenient, less burdensome, or less expensive.

17.    Extreme objects to each interrogatory to the extent it is vague, ambiguous, or confusing.

18.    Extreme objects to each interrogatory to the extent that it is premature at this early stage of litigation.

19.    Extreme objects to each interrogatory to the extent that it seeks information prior to the schedule for disclosure that will be set forth in the Court's Scheduling Order.

20.    Extreme objects to each interrogatory to the extent that it prematurely seeks documents and things concerning or to be provided by expert witnesses. Extreme will provide such documents and things according to the schedule established by the Court.

21.    Extreme objects to each interrogatory to the extent that it uses claim terms which have yet to be construed by the Court; Extreme's response to any such interrogatory is not any admission or statement regarding such construction.

22.    Extreme objects to each interrogatory as premature because Extreme's investigation in ongoing and discovery in this action is just beginning. All responses are based on

information currently available to Extreme, and Extreme will supplement its responses in accordance with the Federal Rules of Civil Procedure as new information comes to light.

23.    Consistent with Fed. R. Civ. P. 33(d), Extreme objects to providing responses to interrogatories where the information can be derived from documents which are being or have been produced.

24.    Extreme objects to each interrogatory to the extent that such interrogatory seeks to impose a burden on Extreme to categorize information in a manner that is not readily available to Extreme.

25.    Extreme objects to each interrogatory to the extent that it seeks "all" information or "every" fact relating to a particular subject matter to the extent that Extreme would be required to seek information from all of its employees and this would be inconsistent with the provisions of Rule 26(b)(2)(iii) of the Federal Rules of Civil Procedure. In seeking relevant information, Extreme will make inquiry of persons who are reasonably likely to have such information and of other persons identified by these persons.

26.    Extreme objects to Network-1's definition of the term "document" and "documents" to the extent it varies from the meaning of the term as provided in Rule 34(a) of the Federal Rules of Civil Procedure.

27.    Extreme objects to the use of the terms "all documents" in the interrogatories to the extent the terms require more than is required under the Federal Rules of Civil Procedure, and further to the extent the terms make the interrogatories overly broad, unduly burdensome, and/or not otherwise relevant to any claim or defense of any party. Moreover, Extreme objects to the use of the terms "all documents" and "all documents and things" to the

extent the terms require the production of documents not within Extreme's possession, custody, or control.

28.    Extreme objects to Network-1's definition of the terms "relating to" or "relate to" as overly vague and ambiguous with regards to "alluding to," overly broad, and unduly burdensome.

29.    Extreme objects to Network-1's instructions to the extent that it calls for Extreme to produce documents in a form other than how they are maintained in the ordinary course of business.

30.    Extreme objects to Network-1's instructions as overly broad and unduly burdensome to the extent that it calls for Extreme to, "as to each document and thing produced in response hereto . . . identify the interrogatory for production where applicable, the interrogatory number, in response to which the document or thing is being produced."

31.    Extreme's answers to Network-1's interrogatories do not constitute admissions or acknowledgements that the information sought is within the proper scope of discovery or admissible at trial.

32.    Extreme's answers to Network-1's interrogatories are made without in any way waiving (a) the right to object, on the grounds of competency, relevancy, materiality, privilege, or admissibility, as evidence for any purpose in any subsequent proceeding in, or the hearing of, this action or any other action; and (b) the right to object on any grounds to other interrogatories involving or relating to the subject matter of Network-1's interrogatories.

33.    Extreme will produce documents and things within its possession, custody, or control that it is able to locate after a good faith search of files in which responsive documents

are likely to be found. Extreme objects to any further search or production as unduly burdensome and/or oppressive.

34.    As to the location of the document production, Extreme will discuss with Network-1 appropriate arrangements for the inspection and copying of documents. The schedule for a method of handling such inspection and/or copying shall be arranged between counsels for the parties.

35.    Extreme's discovery and investigation in connection with this case are continuing. As a result, Extreme's responses are limited to information obtained and reviewed to date, and are given without prejudice to Extreme's right to amend or supplement its responses after considering information obtained or reviewed through further discovery or investigation.

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to the foregoing general objections, all of which are incorporated by reference below in each separate answer, Extreme responds to the interrogatories as follows.

## INTERROGATORY NO. 1:

Set forth in specific detail each fact, argument, inference, and document that supports your contention that you have not infringed (directly, contributory, or by inducement) any claim of the '930 patent (including the name, address, and telephone number of each person who has knowledge or possession of each such fact and document).

## RESPONSE TO INTERROGATORY NO. 1:

Extreme objects to this interrogatory on the grounds that it is premature. *See, e.g., Jacobs Chuck Manufacturing Co. v. Shandong Weida Machinery*, C.A. No. 2:05-CV-185-TJW, Docket No. 93 (E.D. Tex. Aug. 18, 2006) ("A requirement that a party provide contentions of this sort early in the litigation is in tension with the established time frames for declaring claim construction positions provided by the Patent Rules. Moreover, if the court required the plaintiffs to answer such an interrogatory at this stage of the case, the court would run the risk of requiring the

disclosure of information protected by attorney client privilege and the work product doctrine.").
Extreme further objects to identifying "in specific detail each fact, argument, inference, and
document" as overbroad and unduly burdensome.  Extreme objects to this interrogatory to the
extent it calls for information outside of Extreme's possession, custody, or control.  Extreme
further objects to this interrogatory to the extent that it seeks information that is protected from
disclosure by the attorney-client privilege, the work product doctrine, or any other applicable
privilege or protection.  Extreme objects to this interrogatory to the extent it calls for disclosure of
expert opinions prior to the deadlines set forth in the Court's July 17, 2008 Discovery Order.

**INTERROGATORY NO. 2:**

    If you contend that the Plaintiff, Network-1, is to any extent, estopped from asserting
infringement of the '930 Patent because of statements or amendments made during the prosecution
of the '930 Patent, set forth in specific detail each fact, opinion, argument, inference, and
document that supports your contention with specific citations to the page (and, if applicable,
column and line) of the prosecution history that supports your contention.

**RESPONSE TO INTERROGATORY NO. 2:**

    Extreme objects to this interrogatory to the extent that it is premature because the Court has
not yet construed the claims of the '930 Patent in this case.  Extreme objects to this interrogatory to
the extent it seeks information that is in Plaintiff's possession, custody or control, is a matter of
public record, or to which Plaintiff has equal access, and directs Plaintiff to Extreme's Initial
Disclosures dated July 30, 2008.  Extreme notes that by describing the conduct of Network-1, the
inventors and/or previous owners and assignees of the '930 Patent, in connection with the IEEE-
standard-setting process, Extreme does not admit, but instead expressly denies, that any of IEEE
standards and/or any Extreme's products that are compliant with such standards fall within the
scope of the '930 Patent and/or any related application.

    Subject to and without waiving the foregoing objections, Extreme responds as follows:
During the prosecution of the '930 Patent, upon information and belief, Network-1, the inventors

**INTERROGATORY NO. 4:**

Describe, in detail, the circumstances under which Extreme first became aware of the '930 Patent, including, when and how Extreme first learned of the '930 Patent, and identify all documents relating to such circumstances and individuals who have knowledge of such circumstances.

**RESPONSE TO INTERROGATORY NO. 4:**

Extreme objects to this interrogatory as unduly burdensome as it seeks the identification of "all documents." Extreme objects to this interrogatory as compound. Extreme further objects to this interrogatory to the extent it seeks information that is equally or more easily accessible to Network-1. Extreme objects to this interrogatory to the extent it calls for information protected from discovery by the work product doctrine, the attorney-client privilege, or any other privilege.

Subject to and without waiving its specific and general objections, Extreme responds that, pursuant to Federal Rules of Civil Procedure 33(d), responsive information can be derived from the Network-1 produced document having Bates number N28447 (a letter, dated December 29, 2004, sent by John J. Garland III, Sr. Vice President of ThinkFire, to Gordon L. Stitt, President and CEO of Extreme Networks, mentioning the '930 patent). Extreme reserves the right to supplement or amend its response to this interrogatory as discovery and Extreme's investigation in this case proceed.

As to the objections,

Dated: January 15, 2009                JONES DAY

By: _____
    Behrooz Shariati
    bshariati@jonesday.com
    1755 Embarcadero Road
    Palo Alto, CA 94303
    Telephone: (650) 739-3939
    ATTORNEYS FOR DEFENDANT
    EXTREME NETWORKS, INC.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| NETWORK-1 SECURITY SOLUTIONS, INC., a Delaware corporation, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Case No. 6:08-CV-00030 (LED) |
| CISCO SYSTEMS, INC., a California corporation; CISCO-LINKSYS, L.L.C., a California Limited Liability Company; ADTRAN, INC., a Delaware corporation; ENTERASYS NETWORKS, INC., a Delaware corporation; EXTREME NETWORKS, INC., a Delaware corporation; FOUNDRY NETWORKS, INC., a Delaware corporation; NETGEAR, INC., a Delaware corporation; 3COM CORPORATION, a Delaware corporation, | § § § § § § § § § § § § § | |
| Defendants. | § | |

**RESPONSES OF ENTERASYS NETWORKS, INC., TO NETWORK-1 SECURITY
SOLUTIONS, INC.'S FIRST SET OF COMMON INTERROGATORIES (NOS. 1-3)**

Pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 33(b), Enterasys Networks,
Inc. ("Enterasys") hereby responds to the First Set of Common Interrogatories propounded by
plaintiff Network-1 Security Solutions, Inc. ("Network-1") as set forth below.

**GENERAL OBJECTIONS**

1. In responding to these interrogatories, Enterasys has furnished such information
as is presently available to it. Enterasys has not yet fully completed investigating the facts
relating to this case, has not fully completed discovery in this action, and has not completed
preparation for trial, and on that basis objects to these interrogatories as premature. All of the
answers contained herein are based only upon such information and documents presently
available to and specifically known to Enterasys. It is anticipated that further discovery,
independent investigation, and legal research and analysis may supply additional facts, add

meaning to the known facts, and/or establish entirely new factual conclusions and legal contentions.  Enterasys will amend and/or supplement its responses pursuant to its continuing obligations under FRCP Rule 26 as appropriate.

2.      To the extent that any interrogatory calls for information, legal analysis, legal reasoning, communications, or anything else protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, the common interest privilege, or any other privilege recognized by either federal law or the state law of Texas, Enterasys hereby objects to such interrogatory and any part thereof.

3.      Enterasys objects to the definitions of the terms set forth in the "Definitions" section of Network-1's First Set of Common Interrogatories as overly broad and unduly burdensome to the extent they impose obligations upon Enterasys that extend beyond those imposed by the Federal Rules of Civil Procedure.

4.      Without waiving, modifying, or limiting any of the foregoing General Objections, each of which is expressly incorporated into the specific responses below as if fully stated therein, Enterasys further reserves the right to revise, correct, add to, or clarify any of its objections hereto, as discovery is still ongoing.

Subject to and without waiving these general objections, Enterasys responds as follows:

## **RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Non-infringement contention: Set forth in specific detail each fact, argument, inference, and document that supports your contention that you have not infringed (directly, contributory [*sic*], or by inducement) any claim of the '930 Patent (including the name, address, and telephone number of each person who has knowledge or possession of each such fact and document).

**RESPONSE TO INTERROGATORY NO. 1:**

Enterasys incorporates its General Objections above as if set forth in full herein. Enterasys further objects to this interrogatory on the grounds that it is premature.  *See*, *e.g.*, *Jacobs Chuck Manufacturing Co. v. Shandong Weida Machinery*, C.A. No. 2:05-CV-185-TJW,

Docket No. 93 (E.D. Tex. Aug. 18, 2006) ("A requirement that a party provide contentions of this sort early in the litigation is in tension with the established time frames for declaring claim construction positions provided by the Patent Rules. Moreover, if the court required the plaintiffs to answer such an interrogatory at this stage of the case, the court would run the risk of requiring the disclosure of information protected by attorney client privilege and the work product doctrine."). Enterasys further objects to identifying "in specific detail each fact, argument, inference, and document" as overbroad and unduly burdensome. Enterasys further objects to this interrogatory to the extent it calls for the premature disclosure of expert opinions prior to the deadlines set forth in the Court's June 17, 2008 Docket Control Order and July 17, 2008 Discovery Order. Enterasys further objects to this interrogatory to the extent it calls for information outside of Enterasys's possession, custody, or control. Enterasys further objects to this interrogatory to the extent it calls for information or documentation protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, the common interest privilege, or any other privilege recognized by either federal law or the state law of Texas.

**INTERROGATORY NO. 2:**

<u>Prosecution estoppel contention</u>: If you contend that the Plaintiff, Network-1, is, to any extent, estopped from asserting infringement of the '930 Patent because of statements or amendments made during prosecution of the '930 Patent, set forth in specific detail each fact, opinion, argument, inference, and document that supports your contention with specific citations to the page (and, if applicable, column and line) of the prosecution history that supports your contention.

**RESPONSE TO INTERROGATORY NO. 2:**

Enterasys incorporates its General Objections above as if set forth in full herein. Enterasys further objects to this interrogatory as premature. Enterasys further objects to this interrogatory to the extent it seeks information equally or more readily available to Network-1. Enterasys further objects to this interrogatory to the extent it calls for information outside of

2008.  The delay in filing suit was unreasonable, without legally cognizable excuse, and materially prejudiced Enterasys.  To the extent any product of Enterasys is found to infringe any valid claim of the '930 Patent, which Enterasys denies, Enterasys could have worked to design and/or develop different and non-infringing alternatives had Network-1 and/or its predecessors sued earlier.

This response to Interrogatory No. 3 is designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" pursuant to the Stipulated Protective Order entered on July 17, 2008.


DATED:        January 15, 2009

Respectfully submitted,

VASQUEZ BENISEK & LINDGREN LLP
3685 Mt. Diablo Blvd., Ste. 300
Lafayette, California 94549
Telephone: (925) 627-4250
Facsimile: (925) 403-0900
cdavis@vbllaw.com


By:    */s/ Craig E. Davis*

CRAIG E. DAVIS
Cal. State Bar No. 221356

ATTORNEYS FOR DEFENDANT
ENTERASYS NETWORKS, INC.

IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| NETWORK-1 SECURITY SOLUTIONS, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> CISCO SYSTEMS, INC., a California corporation; CISCO-LINKSYS, L.L.C., a California Limited Liability Company; ADTRAN, INC., a Delaware corporation; ENTERASYS NETWORKS, INC., a Delaware corporation; EXTREME NETWORKS, INC., a Delaware corporation; FOUNDRY NETWORKS, INC., a Delaware corporation; NETGEAR, INC., a Delaware corporation; 3COM CORPORATION, a Delaware corporation, <br><br> Defendants. | Case No.: 6:08-CV-030 LED <br><br> JURY TRIAL DEMANDED |

**DEFENDANT 3COM CORPORATION'S RESPONSES AND OBJECTIONS TO
PLAINTIFF NETWORK-1 SECURITY SOLUTIONS, INC.'S
FIRST AND SECOND SETS OF COMMON INTERROGATORIES (NOS. 1-4)**

DESIGNATED
**CONFIDENTIAL – ATTORNEY'S EYES ONLY**
BY 3COM CORPORATION

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Federal Rules") and the Local Rules of the United States District Court for the Eastern District of Texas ("Local Rules"), Defendant 3Com Corporation ("3Com"), by and through its undersigned attorneys, hereby objects and responds to Plaintiff Network-1 Security Solutions, Inc.'s ("Network-1" or "Plaintiff") First Set of Common Interrogatories to 3Com (Nos. 1-3) propounded on November 3, 2008 and Second Set of Common Interrogatories to 3Com (No. 4) propounded on November 12, 2008 (collectively the "Interrogatories," and individually an "Interrogatory") as follows:

## INTRODUCTION

These objections and responses are based solely on the documents, facts and contentions known and available to 3Com at this time. 3Com has not completed its investigation of the facts and documents relating to this action and has not completed its preparation for trial. Because 3Com's investigation, research and analysis is ongoing in this case, it is likely that additional documents, facts or contentions will be disclosed or add meaning to already known documents, facts or contentions, or possibly lead to additions or changes to these responses. Without obligating itself to do so, 3Com reserves its right to amend, modify, or supplement the objections and/or responses stated herein, at any time. 3Com further reserves the right to rely on any facts, documents or other evidence that are (i) subsequently discovered; (ii) subsequently determined to be relevant for any purpose; or (iii) subsequently determined to have been omitted from a production. 3Com reserves the right to amend or supplement these objections and responses stated as appropriate to address (i) any further infringement contentions provided by Plaintiff; (ii) any claim construction positions taken by Plaintiff; (iii) any claim construction ruling(s) by the Court; (iv) any information gathered during discovery and the further

development of facts; or (v) any other relevant developments in this action.

## <u>GENERAL RESERVATIONS AND OBJECTIONS</u>

The following General Reservations and Objections apply to each of the

Interrogatories. Because these General Reservations and Objections apply to each Interrogatory,

they are for convenience set forth immediately below and not repeated in response to each

specific Interrogatory. The assertion of the same, similar, or additional objections in response to

a specific Interrogatory does not waive any of these General Objections. Any specific objection

made by 3Com in no respect limits or modifies the General Objections stated herein. 3Com

reserves the right to amend or supplement these objections as may be appropriate.

1.      In responding to these Interrogatories, 3Com fully preserves:

(a)      all objections as to competency, relevancy, materiality and

admissibility;

(b)      all rights to object on any grounds to the use of the

responses herein in any subsequent proceedings, including the trial

of this or any actions;

(c)      all objections as to vagueness and ambiguity;

(d)      all rights to object on any grounds to any further

Interrogatory or other discovery requests involving or related to the

subject matter of the Interrogatories; and

(e)      all rights to make objections based upon the attorney-client

privilege, attorney work-product doctrine, joint-defense privilege,

common-interest privilege, patent-agent privilege, and any other

3

judicially recognized protection or privilege with respect to all
information and to each document protected by a privilege.

2. 3Com objects to the Interrogatories, including the definitions and
instructions contained therein, to the extent they purport to impose on 3Com an obligation
greater than that provided for by the Federal and/or Local Rules.

3. 3Com objects to the Interrogatories to the extent they seek information
that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to
the discovery of admissible evidence.

4. 3Com objects to the Interrogatories to the extent they seek information
that is not relevant to United States Patent No. 6,218,930 (the "'930 Patent" or the "Asserted
Patent").

5. 3Com objects to the Interrogatories to the extent they are overly broad,
unduly burdensome, harassing, oppressive, and vexatious as they seek information that is neither
relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery
of admissible evidence.

6. 3Com objects to the Interrogatories to the extent they are overbroad
because Plaintiff is bound by the actual products it accuses of infringement ("Accused
Products"). Information unrelated to 3Com's Accused Products will not be provided because it
is not relevant to this action or to the claims or defenses of the parties.

7. 3Com objects to the Interrogatories to the extent they contain multiple
discrete subparts thereby exceeding numerical limitations on the service of Interrogatories in this
case, and 3Com reserves its right to seek a protective order if and when Network-1 propounds
interrogatories in excess of the number allowed by the Court.

4

8.  3Com objects to the Interrogatories to the extent they seek legal conclusions and/or strategies rather than factual information.

9.  3Com objects to the Interrogatories to the extent they seek information that is more appropriately obtained through document discovery and/or depositions of appropriate witnesses.

10.  3Com objects to the Interrogatories to the extent they seek information that is in Plaintiff's possession, custody or control, that is a matter of public record, or to which Plaintiff has equal access.

11.  3Com objects to the Interrogatories to the extent they seek information already disclosed in 3Com's Initial Disclosures dated July 30, 2008 and/or any amendment thereof.

12.  3Com objects to the Interrogatories to the extent they are so vague and ambiguous that they do not properly advise 3Com as to the information requested.

13.  3Com objects to the Interrogatories to the extent they seek information for an unreasonable and/or unlimited period of time and/or do not contain reasonable or appropriate date restrictions.

14.  3Com objects to the Interrogatories to the extent they are premature at this juncture of the proceeding.

15.  3Com objects to the Interrogatories to the extent they seek information in the possession, custody, or control of any person or entity other than 3Com.

16.  3Com objects to the Interrogatories to the extent they seek the disclosure of information that contains trade secrets or other confidential, financial or proprietary information of 3Com and/or third parties.

17.    3Com objects to the Interrogatories to the extent they seek information that is privileged, by virtue of the attorney-client privilege, attorney work-product doctrine, patent-agent privilege, joint-defense privilege, common-interest privilege or is otherwise protected against or privileged from disclosure by law or rule of court.  By responding to the Interrogatories, 3Com does not waive, and intends to preserve, all applicable privileges. Accordingly, where 3Com has provided or has agreed to provide information responsive to the Interrogatories, 3Com has provided or will provide only information that is non-privileged.  In the event that 3Com discloses any privileged information, its disclosure is inadvertent and shall not constitute waiver of any privilege.

18.    3Com objects to all of the definitions provided by Plaintiff to the extent they:

(a)    assume or assert accuracy;

(b)    assume facts not established in this action;

(c)    are overly broad, unduly burdensome, vague and ambiguous; and/or

(d)    contradict, are inconsistent with, or seek to impose any obligation or burden on 3Com not specifically required by, the Federal and Local Rules.

19.    3Com objects to the definition of the term "Answer" as ambiguous to the extent it ignores or contradicts information contained in 3Com's First Amended Answer to the Complaint in this action filed on November 13, 2008.

20.    3Com objects to the definition of the term "document" to the extent that it includes materials beyond the scope of inquiry permitted by Federal Rules 26(b) and 33(a)(2).

6

21.     3Com's agreement to provide information responsive to a particular Interrogatory should not be construed to mean that it has any such requested relevant, non-privileged information in its possession, custody or control.  Moreover, 3Com's agreement to provide information shall not be construed as an admission that such information is relevant or otherwise admissible.

22.     All 3Com's responses herein and/or related documents are or will be provided subject to the Protective Order to be entered in this case.

The foregoing General Reservations and Objections are incorporated into each of the Responses and Objections to the specific Interrogatories set forth below.

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1**:

Set forth in specific detail each fact, argument, inference, and document that supports your contention that you have not infringed (directly, contributorily, or by inducement) any claim of the '930 Patent (including the name, address, and telephone number of each person who has knowledge or possession of each such fact and document).

**SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORY NO. 1:**

3Com incorporates its General Reservations and Objections as if fully set forth herein.  3Com objects to this interrogatory on the grounds that it is premature.  *See, e.g., Jacobs Chuck Manufacturing Co. v. Shandong Weida Machinery*, C.A. No. 2:05-CV-185-TJW, Docket No. 93 (E.D. Tex. Aug. 18, 2006) ("A requirement that a party provide contentions of this sort early in the litigation is in tension with the established time frames for declaring claim construction positions provided by the Patent Rules.  Moreover, if the court required the plaintiffs to answer such an interrogatory at this stage of the case, the court would run the risk of

7

requiring the disclosure of information protected by attorney client privilege and the work product doctrine."). 3Com objects to identifying "in specific detail each fact, argument, inference, and document" as overbroad and unduly burdensome. 3Com objects to this interrogatory to the extent it calls for disclosure of expert opinions prior to the deadlines set forth in the Court's July 17, 2008 Discovery Order.

**INTERROGATORY NO. 2:**

If you contend that the Plaintiff, Network-1, is, to any extent, estopped from asserting infringement of the '930 Patent because of statements or amendments made during prosecution of the '930 Patent, set forth in specific detail each fact, opinion, argument, inference, and document that supports your contention with specific citations to the page (and, if applicable, column and line) of the prosecution history that supports your contention.

**SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORY NO. 2:**

3Com incorporates its General Reservations and Objections as if fully set forth herein. 3Com objects to this Interrogatory to the extent that it is premature because the Court has not yet construed the claims of the Asserted Patent in this case. By describing the conduct of Network-1, the inventors and/or previous owners and assignees of the '930 Patent, in connection with the IEEE standards-setting process, 3Com does not admit, but instead expressly denies, that any of the IEEE standards, including without limitation 802.3af, and/or any of 3Com's products that are compliant with such standards fall within the scope of the '930 Patent and/or any related application. Subject to and without waiving the foregoing objections, 3Com responds as follows:

With respect to the statements that should have been made to the US PTO during the prosecution of the '930 patent, upon information and belief, Network-1, the inventors and/or

3COM'S RESPONSES AND OBJECTIONS TO NETWORK-1'S INTERROGATORIES NOS. 1-4
HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY

Respectfully submitted,

DATED:  January 15, 2009

/s/ Melvin R. Wilcox, III

Melvin R. Wilcox, III
State Bar No. 21454800
YARBROUGH ♦ WILCOX, PLLC
100 E. Ferguson St., Suite 1015
Tyler, Texas 75702
Telephone: (903) 595-1133
Facsimile:  (903) 595-0191
Email: mrw@yw-lawfirm.com

Henry B. Gutman (admitted *pro hac vice*)
hgutman@stblaw.com
Victor Cole (Texas PRID 3354198)
vcole@stblaw.com
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

Jeffrey E. Ostrow (admitted *pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
2550 Hanover Street
Palo Alto, California  94304
Telephone: (650) 251-5000
Facsimile:  (650) 251-5002
Email: jostrow@stblaw.com

*Attorneys for Defendant,*
*3Com Corporation*

13

## **VERIFICATION**

I, Richard A. Baker, Jr., am Director of Intellectual Property Licensing of 3Com Corporation.  I submit this verification in connection with the foregoing Responses and Objections.  While I do not have the personal knowledge necessary to respond to all of the inquiries set forth in PLAINTIFF NETWORK-1 SECURITY SOLUTIONS, INC.'S FIRST AND SECOND SETS OF COMMON INTERROGATORIES (NOS. 1-4), 3Com Corporation, through its employees and counsel, has assembled the information contained herein.  I have reviewed the foregoing Responses and Objections and certain of the documentary evidence on which it is based, and I have discussed the same with persons involved in preparation of the foregoing Responses and Objections.  On this basis, the foregoing Responses and Objections are true and correct to the best of my information and belief.


Richard A. Baker, Jr.


STATE OF Massachusetts)
                                        : ss.:
COUNTY OF Middlesex )


Sworn to before me this

15th day of January , 2009.


Notary Public

Maureen Capozzi
Notary Public
My Commission Expires
March 10, 2015

14

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| NETWORK-1 SECURITY SOLUTIONS, INC., a Delaware corporation, | |
| Plaintiff, | CASE NO. 6:08cv030-LED |
| vs. | |
| CISCO SYSTEMS, INC., a California corporation; CISCO-LINKSYS, L.L.C., a California Limited Liability Company; ADTRAN, INC., a Delaware corporation; ENTERASYS NETWORKS, INC., a Delaware corporation; EXTREME NETWORKS, INC., a Delaware corporation; FOUNDRY NETWORKS, INC., a Delaware corporation; NETGEAR, INC., a Delaware corporation; 3COM CORPORATION, a Delaware corporation, | |
| Defendants. | |

**DEFENDANT FOUNDRY NETWORK, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF NETWORK-1 SECURITY SOLUTIONS, INC.'S FIRST SET OF COMMON INTERROGATORIES (NOS. 1-3)**

DESIGNATED

**CONFIDENTIAL – ATTORNEY'S EYES ONLY**

BY FOUNDRY NETWORKS, INC.

- 1 –

## PRELIMINARY STATEMENT

1.   No incidental or implied admissions are intended by the responses herein.  The fact that Foundry has answered or objected to any interrogatory should not be taken as an admission that Foundry accepts or admits the existence of any "fact" set forth or assumed by such interrogatory.

2.   By stating that it will provide information or produce documents in response to any particular interrogatory, Foundry makes no representation that any such documents or information exist.

3.   Foundry's responses to Network-1's interrogatories are made to the best of Foundry's present knowledge, information, and belief.  Foundry reserves the right to supplement and amend these responses should future investigation indicate that such supplementation or amendment is necessary.  Foundry reserves the right to make any use of, or introduce at any hearing and at trial, information or documents that are responsive to Network-1's interrogatories, but discovered subsequent to the service of these responses, including but not limited to, any information or documents obtained in discovery herein.

4.   U.S. Patent No. 6,218,930 is referred to as the '930 Patent.

## GENERAL OBJECTIONS

1.   Foundry objects to the extent that the interrogatories impose any requirement or discovery obligation other than or beyond that set forth in the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Texas, or other applicable laws.

2.   Foundry objects to each interrogatory to the extent that it seeks information or documents subject to a claim of privilege, including, without limitation, the attorney-client privilege, the attorney work product doctrine, and/or joint defense or common interest privilege. The fact that Foundry does not specifically object to an individual interrogatory on the ground that it seeks privileged or protected information shall not be deemed a waiver of the protection

under the attorney-client privilege, the attorney work product doctrine, or any other privilege.

Foundry's general objection to providing information or producing documents containing

privileged information is hereby expressly incorporated into each and every of Foundry's

responses to these interrogatories.

3.    Foundry objects to each interrogatory to the extent that it seeks information that is

cumulative and/or duplicative of other interrogatories and/or requests for production.

4.    Foundry objects to each interrogatory as overly broad and unduly burdensome to

the extent that it requires Foundry to respond on behalf of other persons or entities, or to

investigate and/or provide information that is not in the possession, custody, or control of

Foundry.

5.    Foundry objects to each interrogatory to the extent that it seeks discovery of

information or documents already within the possession, custody, or control of Network-1 and/or

Network-1's counsel, or that is available from public sources.

6.    Foundry objects to each interrogatory to the extent that it seeks information

beyond what is available from a reasonable search of Foundry's files that likely contain relevant

or responsive information or documents, or a reasonable inquiry of Foundry employees who

likely possess information relevant to a claim or defense of any party or the subject matter of this

litigation.

7.    Foundry objects to each interrogatory to the extent that it is vague and/or

ambiguous.

8.    Foundry objects to each interrogatory to the extent that it is overly broad and

unduly burdensome and seeks information or documents not relevant to a claim or defense of

any party, or to the subject matter of this litigation and not reasonably calculated to lead to the

discovery of admissible evidence.

9.    Any inadvertent provision of privileged information in Foundry's response to any

interrogatory shall not constitute a waiver of any privilege and Foundry reserves the right to

maintain privilege for any such information.

## RESPONSES TO INTERROGATORIES

**Interrogatory No. 1:**

Set forth in specific detail each fact, argument, inference, and document that supports your contention that you have not infringed (directly, contributory, or by inducement) any claim of the '930 Patent (including the name, address, and telephone number of each person who has knowledge or possession of each such fact and document).

**Response to Interrogatory No. 1:**

Foundry hereby incorporates by reference each and every General Objection and Objection to Definitions and Instructions as specifically set forth herein. Foundry objects to this interrogatory as being a premature contention interrogatory and as seeking expert opinions in advance of the Court ordered deadlines for claim construction and expert discovery. Foundry objects to this interrogatory on the ground that it seeks information subject to a claim of privilege, including, without limitation, the attorney-client privilege, joint defense or common interest privilege, or work product doctrine, or otherwise protected from discovery. Foundry also objects on the ground that this interrogatory is overly broad, unduly burdensome, and insofar as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Foundry objects to this interrogatory on the ground that discovery is ongoing, and Foundry is continuing to investigate the issues that are the subject of this interrogatory. Foundry further objects to this interrogatory on the grounds that it is compound and contains multiple subparts. Foundry further objects to the interrogatory to the extent it calls for information outside of Foundry's possession, custody or control.

Subject to and without waiving the foregoing objections, and based on its investigation to date, Foundry responds as follows: Foundry will supplement its response to this interrogatory at an appropriate time.

Foundry reserves the right to supplement and/or amend its response to this interrogatory as discovery progresses in this case.

Dated:  January 15, 2009

By:___/s/ *Subroto Bose*_____

Henry C. Bunsow, Esq.
K.T. Cherian, Esq.
Constance F. Ramos, Esq.
John D. Hamann, Esq.
Subroto Bose, Esq.
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
Tel: (415) 848-4900
Fax: (415) 848-4999
bunsowh@howrey.com
cheriank@howrey.com
ramosc@howrey.com
hamannj@howrey.com
boses@howrey.com


S. Calvin Capshaw
State Bar No. 03783900
Elizabeth DeRieux
State Bar No. 05770585
N. Claire Abernathy
State Bar No. 24053063
chenry@capshawlaw.com
CAPSHAW DERIEUX, LLP
220 Energy Centre
1127 Judson Road
Longview, TX 75606
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com


**ATTORNEYS FOR DEFENDANT
FOUNDRY NETWORKS, INC.**