# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| NETWORK-1 SECURITY SOLUTIONS, INC., a Delaware corporation, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| CISCO SYSTEMS, INC., a California corporation;  CISCO-LINKSYS, L.L.C., a California Limited Liability Company; Adtran, INC., a Delaware corporation; ENTERASYS NETWORKS, INC., a Delaware corporation;  EXTREME NETWORKS, INC., a Delaware corporation; FOUNDRY NETWORKS, INC., a Delaware corporation;  NETGEAR, INC., a Delaware corporation; 3COM CORPORATION, a Delaware corporation, | § § § § § § § § § § § § | CASE NO. 6:08cv030-LED JURY DEMANDED |
| Defendants. | § § § § § | |

**DEFENDANT ADTRAN, INC.'S OBJECTIONS TO PLAINTIFF NETWORK-1
SECURITY SOLUTIONS, INC.'S AMENDED NOTICE OF RULE 30(b)(6)
DEPOSITION: ADTRAN, INC.  (PARTS 1 AND 2)**

Adtran, Inc. ("Adtran") serves the following objections in response to Network-1's Amended Notice of Rule 30(b)(6) Deposition (Parts 1 and 2), served on September 16, 2009, and noticed for September 23, 2009.  Subject to Adtran's objections, Adtran will produce witness(es) in Huntsville, Alabama on September 23, 2009 as agreed to by counsel.  The witness(es) will appear and testify solely on the subject matters identified in the Network-1's notices of deposition.

## OBJECTIONS TO SPECIFIC SUBJECTS IN PART 2

**SUBJECT NO. 1:**

The overall design, structure, and operation of Adtran's Power Sourcing Equipment and Powered Devices.

**OBJECTIONS:**

Adtran incorporates the General Objections above as if set forth in full herein.  Adtran objects to this subject to the extent it seeks an improper legal conclusion as to the meaning of claim terms, the proper meaning of which is a legal issue for the Court to determine.  Adtran further objects to this subject as vague and ambiguous to the extent that the terms "design," "structure," and/or "operation" are not defined, are subject to multiple interpretations, and do not properly advise Adtran as to the information requested.  Adtran further objects to this subject to the extent it calls for disclosure of expert opinions prior to the deadlines set forth in the Court's July 17, 2008 Discovery Order.  Adtran further objects to this subject to the extent it calls for information outside of Adtran's possession, custody, or control.  Adtran further objects to this subject to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

**SUBJECT NO. 2:**

The utility and advantages of the detection method used by Adtran's Power Sourcing Equipment. (The detection method is the method by which Adtran's Power Sourcing Equipment detects whether a device can receive operating power through Ethernet cables).

**OBJECTIONS:**

Adtran incorporates the General Objections above as if set forth in full herein.  Adtran objects to this subject to the extent it seeks an improper legal conclusion as to the meaning of claim terms, the proper meaning of which is a legal issue for the Court to determine.  Adtran further objects to this subject as vague and ambiguous to the extent that the terms "utility," "advantages," "detects," and/or "operating power" are not defined, are subject to multiple interpretations, and do not properly advise Adtran as to the information requested.  Adtran further objects to this subject to the extent it calls for disclosure of expert opinions prior to the deadlines set forth in the Court's July 17, 2008 Discovery Order.  Adtran further objects to this subject to the extent it calls for information outside of Adtran's possession, custody, or control. Adtran further objects to this subject to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

**SUBJECT NO. 3:**

The detailed identification of all facts and documents that address whether Adtran's Power Sourcing Equipment, used in connection with a Powered Device, include each part of each of the following elements from claim 1 of the '930 Patent:

a.      "a data node adapted for data switching"

b.      "an access device adapted for data transmission"

c.      "at least one data signaling pair connected between the data node and the access device and arranged to transmit data therebetween"

d.      "a main power source connected to supply power to the data node"

e.      "a secondary power source arranged to supply power from the data node via said data signaling pair to the access device"

f.      "sensing means for delivering a low level current from said main power source to the access device over said data signaling pair and sensing a resulting voltage level thereon"

g.      "control means responsive to said voltage level and adapted to control power supplied by said secondary power source to said access device in response to a preselected condition of said voltage level."

## OBJECTIONS:

Adtran incorporates the General Objections above as if set forth in full herein.  Adtran objects to this subject because requiring the "detailed identification of all facts and documents" is overbroad and unduly burdensome.  Adtran further objects to this subject to the extent it seeks an improper legal conclusion as to the meaning of claim terms, the proper meaning of which is a legal issue for the Court to determine.  Adtran further objects to this subject as vague and ambiguous to the extent that the term "used in connection with" is not defined, is subject to multiple interpretations, and does not properly advise Adtran as to the information requested.  Adtran further objects to this subject to the extent it calls for disclosure of expert opinions prior to the deadlines set forth in the Court's July 17, 2008 Discovery Order.  Adtran further objects to this subject to the extent it calls for information outside of Adtran's possession, custody, or control.  Adtran further objects to this subject to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

## SUBJECT NO. 4:

The detailed identification of all facts and documents that address whether Adtran's Power Sourcing Equipment, used in connection with a Powered Device, include each part of each of the following elements from claim 2 of the '930 Patent:

a.      "at least two data signaling pairs connected between the data node and the access device to supply phantom power from the secondary power source to the access device"

b.      "said access device includes a pair of data transformers having center taps connected for locally powering the access device."

**OBJECTIONS:**

Adtran incorporates the General Objections above as if set forth in full herein.  Adtran objects to this subject because requiring the "detailed identification of all facts and documents" is overbroad and unduly burdensome.  Adtran further objects to this subject to the extent it seeks an improper legal conclusion as to the meaning of claim terms, the proper meaning of which is a legal issue for the Court to determine.  Adtran further objects to this subject as vague and ambiguous to the extent that the term "used in connection with" is not defined, is subject to multiple interpretations, and does not properly advise Adtran as to the information requested. Adtran further objects to this subject to the extent it calls for disclosure of expert opinions prior to the deadlines set forth in the Court's July 17, 2008 Discovery Order.  Adtran further objects to this subject to the extent it calls for information outside of Adtran's possession, custody, or control.  Adtran further objects to this subject to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

**SUBJECT NO. 5:**

The detailed identification of all facts and documents that address whether Adtran's Power Sourcing Equipment, used in connection with a Powered Device, include each part of each of the following steps from claim 6 of the '930 Patent:

a-1.    "providing a data node adapted for data switching"

a-2.    "providing ... an access device adapted for data transmission"

a-3.    "providing ... at least one data signaling pair connected between the data node and the access device and arranged to transmit data therebetween"

a-4.    "providing ... a main power source connected to supply power to the data node"

a-5.    "providing ... a secondary power source arranged to supply power from the data node via said data signaling pair to the access device"

b.      "delivering a low level current from said main power source to the access device over said data signaling pair"

c       "sensing a voltage level on the data signaling pair in response to the low level current"

d.      "controlling power supplied by said secondary power source to said access device in response to a preselected condition of said voltage level"

**OBJECTIONS:**

Adtran incorporates the General Objections above as if set forth in full herein. Adtran objects to this subject because requiring the "detailed identification of all facts and documents" is overbroad and unduly burdensome. Adtran further objects to this subject to the extent it seeks an improper legal conclusion as to the meaning of claim terms, the proper meaning of which is a legal issue for the Court to determine. Adtran further objects to this subject as vague and ambiguous to the extent that the term "used in connection with" is not defined, is subject to multiple interpretations, and does not properly advise Adtran as to the information requested. Adtran further objects to this subject to the extent it calls for disclosure of expert opinions prior to the deadlines set forth in the Court's July 17, 2008 Discovery Order. Adtran further objects to this subject to the extent it calls for information outside of Adtran's possession, custody, or control. Adtran further objects to this subject to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

**SUBJECT NO. 6:**

The detailed identification of all facts and documents that address whether Adtran's Power Sourcing Equipment, used in connection with a Powered Device, include each part of each of the following steps from claim 9 of the '930 Patent:

    a.    "continuing to sense voltage level and to decrease power from the secondary power source if voltage level drops on the data signaling pair, indicating removal of the access device."

**OBJECTIONS:**

Adtran incorporates the General Objections above as if set forth in full herein. Adtran objects to this subject because requiring the "detailed identification of all facts and documents" is overbroad and unduly burdensome. Adtran further objects to this subject to the extent it seeks an improper legal conclusion as to the meaning of claim terms, the proper meaning of which is a legal issue for the Court to determine. Adtran further objects to this subject as vague and ambiguous to the extent that the term "used in connection with" is not defined, is subject to multiple interpretations, and does not properly advise Adtran as to the information requested. Adtran further objects to this subject to the extent it calls for disclosure of expert opinions prior to the deadlines set forth in the Court's July 17, 2008 Discovery Order. Adtran further objects to this subject to the extent it calls for information outside of Adtran's possession, custody, or control. Adtran further objects to this subject to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

**SUBJECT NO. 7:**

Whether Adtran's Power Sourcing Equipment are used as part of an apparatus for remotely powering Powered Devices in a data network.

**SUBJECT NO. 48:**

The basis for your contention that you have not and do not infringe claims 1, 2, 6 or 9 of the '930 Patent.

**OBJECTIONS:**

Adtran incorporates the General Objections above as if set forth in full herein.  Adtran objects to this subject to the extent it seeks an improper legal conclusion as to the meaning of claim terms, the proper meaning of which is a legal issue for the Court to determine.  Adtran further objects to this subject to the extent it calls for disclosure of expert opinions prior to the deadlines set forth in the Court's July 17, 2008 Discovery Order.  Adtran further objects to this subject to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Dated: September 21, 2009

By: /s/ David D. Bahler
    David D. Bahler – Lead Attorney
    State Bar No. 01513100
    Gilbert A. Greene
    State Bar No. 24045976
    FULBRIGHT & JAWORSKI LLP
    600 Congress Avenue, Suite 2400
    Austin, TX 78701
    Tel. 512.536.5201
    Fax: 512.536.4598
    dbahler@fulbright.com
    ggreene@fulbright.com

    COUNSEL FOR DEFENDANT
    ADTRAN, INC.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| NETWORK-1 SECURITY SOLUTIONS, INC., a Delaware corporation, | §<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| v. | §<br>§ | NO. 6:08-CV-30-LED |
| CISCO SYSTEMS, INC., a California corporation; CISCO-LINKSYS, L.L.C., a California Limited Liability Company; ADTRAN, INC., a Delaware corporation; ENTERASYS NETWORKS, INC., a Delaware corporation; EXTREME NETWORKS, INC., a Delaware corporation; FOUNDRY NETWORKS, INC., a Delaware corporation; NETGEAR, INC., a Delaware corporation; 3COM CORPORATION, a Delaware corporation; | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| Defendants. | § | |

## DEFENDANT CISCO SYSTEMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF NETWORK-1 SECURITY SOLUTIONS, INC.'S NOTICE OF 30(B)(6) DEPOSITION (PART I)

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure and the Local Rules of this Court, defendant Cisco Systems, Inc. ("Cisco") hereby objects and responds to plaintiff Network-1 Security Solutions, Inc.'s ("Network-1") Notice of 30(b)(6) Deposition (Part I) (the "Notice"). Cisco objects to this Notice to the extent that it seeks testimony at a particular date, time, and location. In response to this Notice, Cisco will make one or more witnesses available at a date, time and location that is mutually agreeable to both parties, subject to and as limited by these objections and responses.

identified in the Infringement Contentions.  Cisco further objects to this subject to the extent that

the information has already been produced, is publicly available, and/or calls for information

outside of Cisco's possession, custody, or control.  Cisco further objects to this subject to the

extent that it seeks documents or information protected from disclosure by the attorney-client

privilege, the work product doctrine, or any other applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing General and Specific Objections, Cisco will

make one or more witnesses available to testify on this subject matter at a time and location

convenient to it.

## Subject of Examination No. 3

The detailed identification of all facts and documents that address whether Cisco's Power
Sourcing Equipment, used in connection with a Powered Device, include each part of each of the
following elements from claim 1 of the '930 Patent:

    a.     "a data node adapted for data switching"
    b.     "an access device adapted for data transmission"
    c.     "at least one data signaling pair connected between the data node and the access
        device and arranged to transmit data therebetween"
    d.     "a main power source connected to supply power to the data node"
    e.     "a secondary power source arranged to supply power from the data node via said
        data signaling pair to the access device"
    f.     "sensing means for delivering a low level current from said main power source to
        the access device over said data signaling pair and sensing a resulting voltage
        level thereon"
    g.     "control means responsive to said voltage level and adapted to control power
        supplied by said secondary power source to said access device in response to a
        preselected condition of said voltage level."

## Response to Subject of Examination No. 3

Cisco incorporates its General Objections as if set forth herein in full.  Cisco objects to

the terms "Power Sourcing Equipment," "used in connection with," and "Powered Device" as

vague and ambiguous.  Cisco objects to this subject to the extent that these terms seek to elicit an

admission from Cisco by virtue of Cisco's response to this subject as to the meaning of these

terms.  Cisco further objects to this subject because Claim 1 contains terms that have not been

construed by the Court as a matter of law. Cisco further objects to this subject to the extent that

it calls for disclosure of expert opinions prior to the deadlines set forth in the Court's July 17,

2008 Discovery Order. Cisco further objects to this subject as overly broad and unduly

burdensome to the extent that it (1) does not contain a time limitation; (2) is not limited to

products identified in the Infringement Contentions; and (3) requires "detailed identification" of

"all facts and documents." Cisco further objects to this subject to the extent that the information

has already been produced, is publicly available, and/or calls for information outside of Cisco's

possession, custody, or control. Cisco further objects to this subject to the extent that it seeks

documents or information protected from disclosure by the attorney-client privilege, the work

product doctrine, or any other applicable privilege, protection, or immunity.

Cisco will not agree to make a witness available on this subject.

**Subject of Examination No. 4**

The detailed identification of all facts and documents that address whether Cisco's Power
Sourcing Equipment, used in connection with a Powered Device, include each part of each of the
following elements from claim 2 of the '930 Patent:

  a.  "at least two data signaling pairs connected between the data node and the access
      device to supply phantom power from the secondary power source to the access
      device"
  b.  "said access device includes a pair of data transformers having center taps
      connected for locally powering the access device."

**Response to Subject of Examination No. 4**

Cisco incorporates its General Objections as if set forth herein in full. Cisco objects to

the terms "Power Sourcing Equipment," "used in connection with," and "Powered Device" as

vague and ambiguous. Cisco objects to this subject to the extent that these terms seek to elicit an

admission from Cisco by virtue of Cisco's response to this subject as to the meaning of these

terms. Cisco further objects to this subject because claim 2 contains terms that have not been

construed by the Court as a matter of law. Cisco further objects to this subject to the extent that

it calls for disclosure of expert opinions prior to the deadlines set forth in the Court's July 17, 2008 Discovery Order. Cisco further objects to this subject as overly broad and unduly burdensome to the extent that it (1) does not contain a time limitation; (2) is not limited to products identified in the Infringement Contentions; and (3) requires "detailed identification" of "all facts and documents." Cisco further objects to this subject to the extent that the information has already been produced, is publicly available, and/or calls for information outside of Cisco's possession, custody, or control. Cisco further objects to this subject to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity.

Cisco will not agree to make a witness available on this subject.

## Subject of Examination No. 5

The detailed identification of all facts and documents that address whether Cisco's Power Sourcing Equipment, used in connection with a Powered Device, include each part of each of the following steps from claim 6 of the '930 Patent:

a-1.    "providing a data node adapted for data switching"
a-2.    "providing … an access device adapted for data transmission"
a-3.    "providing … at least one data signaling pair connected between the data node and the access device and arranged to transmit data therebetween"
a-4.    "providing … a main power source connected to supply power to the data node"
a-5.    "providing … a secondary power source arranged to supply power from the data node via said data signaling pair to the access device"
b.    "delivering a low level current from said main power source to the access device over said data signaling pair"
c.    "sensing a voltage level on the data signaling pair in response to the low level current"
d.    "controlling power supplied by said secondary power source to said access device in response to a preselected condition of said voltage level"

## Response to Subject of Examination No. 5

Cisco incorporates its General Objections as if set forth herein in full. Cisco objects to the terms "Power Sourcing Equipment," "used in connection with," and "Powered Device" as

vague and ambiguous. Cisco objects to this subject to the extent that these terms seek to elicit an

admission from Cisco by virtue of Cisco's response to this subject as to the meaning of these

terms. Cisco further objects to this subject because claim 6 contains terms that have not been

construed by the Court as a matter of law. Cisco further objects to this subject to the extent that

it calls for disclosure of expert opinions prior to the deadlines set forth in the Court's July 17,

2008 Discovery Order. Cisco further objects to this subject as overly broad and unduly

burdensome to the extent that it (1) does not contain a time limitation; (2) is not limited to

products identified in the Infringement Contentions; and (3) requires "detailed identification" of

"all facts and documents." Cisco further objects to this subject to the extent that the information

has already been produced, is publicly available, and/or calls for information outside of Cisco's

possession, custody, or control. Cisco further objects to this subject to the extent that it seeks

documents or information protected from disclosure by the attorney-client privilege, the work

product doctrine, or any other applicable privilege, protection, or immunity.

Cisco will not agree to make a witness available on this subject.

## Subject of Examination No. 6

The detailed identification of all facts and documents that address whether Cisco's Power Sourcing Equipment, used in connection with a Powered Device, include each part of each of the following steps from claim 9 of the '930 Patent:

a.    "continuing to sense voltage level and to decrease power from the secondary power source if voltage level drops on the data signaling pair, indicating removal of the access device."

## Response to Subject of Examination No. 6

Cisco incorporates its General Objections as if set forth herein in full. Cisco objects to

the terms "Power Sourcing Equipment," "used in connection with," and "Powered Device" as

vague and ambiguous. Cisco objects to this subject to the extent that these terms seek to elicit an

admission from Cisco by virtue of Cisco's response to this subject as to the meaning of these

terms.  Cisco further objects to this subject because claim 9 contains terms that have not been

construed by the Court as a matter of law.  Cisco further objects to this subject to the extent that

it calls for disclosure of expert opinions prior to the deadlines set forth in the Court's July 17,

2008 Discovery Order.  Cisco further objects to this subject as overly broad and unduly

burdensome to the extent that it (1) does not contain a time limitation; (2) is not limited to

products identified in the Infringement Contentions; and (3) requires "detailed identification" of

"all facts and documents."  Cisco further objects to this subject to the extent that the information

has already been produced, is publicly available, and/or calls for information outside of Cisco's

possession, custody, or control.  Cisco further objects to this subject to the extent that it seeks

documents or information protected from disclosure by the attorney-client privilege, the work

product doctrine, or any other applicable privilege, protection, or immunity.

      Cisco will not agree to make a witness available on this subject.

Claim 1 [preamble] / Claim 6 [preamble]

**Subject of Examination No. 7**

      Whether Cisco's Power Sourcing Equipment are used as part of an apparatus for
remotely powering Powered Devices in a data network.

**Response to Subject of Examination No. 7**

      Cisco incorporates its General Objections as if set forth herein in full.  Cisco objects to

the terms "Power Sourcing Equipment," "used as part of," "Powered Devices," and "data

network" as vague and ambiguous.  Cisco objects to this subject to the extent that these terms

seek to elicit an admission from Cisco by virtue of Cisco's response to this subject as to the

meaning of these terms.  Cisco further objects to this subject to the extent that it contains terms

that have not been construed by the Court as a matter of law.  Cisco further objects to this subject

Subject to and without waiving the foregoing General and Specific Objections, Cisco will make one or more witnesses available to testify on this subject matter at a time and location convenient to it.

<u>Infringement</u>

**Subject of Examination No. 48**

The basis for your contention that you have not and do not infringe claims 1, 2, 6 or 9 of the '930 Patent.

**Response to Subject of Examination No. 48**

Cisco incorporates its General Objections as if set forth herein in full. Cisco objects to this subject as duplicative of the information sought in Network-1's First Set of Common Interrogatories to Cisco, and therefore it is unduly burdensome, harassing and an abuse of the discovery process. Cisco further objects to this subject to the extent that it calls for disclosure of expert opinions prior to the deadlines set forth in the Court's July 17, 2008 Discovery Order. Cisco further objects to this subject to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity.

Cisco will not make available a witness on this subject.

Dated: September 28, 2009                    By: /s/ Eric Findlay

Eric Findlay
Findlay Craft, LLP
6760 Old Jacksonville Hwy
Suite 101
Tyler, TX 75703
Tel No. (903) 534-1100
Fax No. (903) 534-1137

Of Counsel:

William F. Lee (admitted pro hac vice)

45

WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000
E-mail:  william.lee@wilmerhale.com

William J. Bohler (admitted pro hac vice)
Mark D. Selwyn (admitted pro hac vice)
Niki Z. Moore (admitted pro hac vice)
WILMER CUTLER PICKERING HALE AND DORR LLP
1117 California Avenue
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100
E-mail:  william.bohler@wilmerhale.com
            mark.selwyn@wilmerhale.com
            niki.moore@wilmerhale.com

**ATTORNEYS FOR DEFENDANTS CISCO
SYSTEMS, INC. AND CISCO-LINKSYS, L.L.C.**

Thomas John Ward, Jr.
WARD & SMITH LAW FIRM
111 W. Tyler Street
Longview, TX 75601
jw@jwfirm.com

Attorneys for Plaintiff and Counter-Defendant
Network-1 Security Solutions, Inc.

Sean Luner
DOVEL & LUNER
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
luner@dovellaw.com

Attorneys for Plaintiff and Counter-Defendant
Network-1 Security Solutions, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| NETWORK-1 SECURITY SOLUTIONS, INC., a Delaware corporation, | § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 6:08-CV-30-LED |
| CISCO SYSTEMS, INC., a California corporation; CISCO-LINKSYS, L.L.C., a California Limited Liability Company; ADTRAN, INC., a Delaware corporation; ENTERASYS NETWORKS, INC., a Delaware corporation; EXTREME NETWORKS, INC., a Delaware corporation; FOUNDRY NETWORKS, INC., a Delaware corporation; NETGEAR, INC., a Delaware corporation; 3COM CORPORATION, a Delaware corporation; | § § § § § § § § § § § | |
| Defendants. | § | |

**DEFENDANT CISCO LINKSYS, L.L.C'S RESPONSES AND OBJECTIONS TO**
**PLAINTIFF NETWORK-1 SECURITY SOLUTIONS, INC.'S NOTICE OF 30(B)(6)**
**DEPOSITION (PART I)**

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure and the Local Rules

of this Court, defendant Cisco-Linksys, L.L.C. ("Linksys") hereby objects and responds to

plaintiff Network-1 Security Solutions, Inc.'s ("Network-1") Notice of 30(b)(6) Deposition (Part

I) (the "Notice"). Linksys objects to this Notice to the extent that it seeks testimony at a

particular date, time, and location. In response to this Notice, Linksys will make one or more

witnesses available at a date, time and location that is mutually agreeable to both parties, subject

to and as limited by these objections and responses.

unduly burdensome to the extent that it (1) does not contain a time limitation; and (2) is not

limited to products identified in the Infringement Contentions. Linksys further objects to this

subject to the extent that the information has already been produced, is publicly available, and/or

calls for information outside of Linksys's possession, custody, or control. Linksys further

objects to this subject to the extent that it seeks documents or information protected from

disclosure by the attorney-client privilege, the work product doctrine, or any other applicable

privilege, protection, or immunity.

Subject to and without waiving the foregoing General and Specific Objections, Linksys

will make one or more witnesses available to testify on this subject matter at a time and location

convenient to it.

### Subject of Examination No. 3

The detailed identification of all facts and documents that address whether Linksys's
Power Sourcing Equipment, used in connection with a Powered Device, include each part of
each of the following elements from claim 1 of the '930 Patent:

a. "a data node adapted for data switching"
b. "an access device adapted for data transmission"
c. "at least one data signaling pair connected between the data node and the access
   device and arranged to transmit data therebetween"
d. "a main power source connected to supply power to the data node"
e. "a secondary power source arranged to supply power from the data node via
   said data signaling pair to the access device"
f. "sensing means for delivering a low level current from said main power source
   to the access device over said data signaling pair and sensing a resulting
   voltage level thereon"
g. "control means responsive to said voltage level and adapted to control power
   supplied by said secondary power source to said access device in response to a
   preselected condition of said voltage level."

### Response to Subject of Examination No. 3

Linksys incorporates its General Objections as if set forth herein in full. Linksys objects

to the terms "Power Sourcing Equipment," "used in connection with," and "Powered Device" as

vague and ambiguous. Linksys objects to this subject to the extent that these terms seek to elicit

an admission from Linksys by virtue of Linksys's response to this subject as to the meaning of

these terms.  Linksys further objects to this subject because Claim 1 contains terms that have not

been construed by the Court as a matter of law.  Linksys further objects to this subject to the

extent that it calls for disclosure of expert opinions prior to the deadlines set forth in the Court's

July 17, 2008 Discovery Order.  Linksys further objects to this subject as overly broad and

unduly burdensome to the extent that it (1) does not contain a time limitation; (2) is not limited to

products identified in the Infringement Contentions; and (3) requires "detailed identification" of

"all facts and documents."  Linksys further objects to this subject to the extent that the

information has already been produced, is publicly available, and/or calls for information outside

of Linksys's possession, custody, or control.  Linksys further objects to this subject to the extent

that it seeks documents or information protected from disclosure by the attorney-client privilege,

the work product doctrine, or any other applicable privilege, protection, or immunity.

    Linksys will not agree to make a witness available on this subject.

## Subject of Examination No. 4

    The detailed identification of all facts and documents that address whether Linksys's
Power Sourcing Equipment, used in connection with a Powered Device, include each part of
each of the following elements from claim 2 of the '930 Patent:

    a. "at least two data signaling pairs connected between the data node and the access
device to   supply phantom power from the secondary power source to the access device"
    b. "said access device includes a pair of data transformers having center taps connected
for      locally powering the access device."

## Response to Subject of Examination No. 4

    Linksys incorporates its General Objections as if set forth herein in full.  Linksys objects

to the terms "Power Sourcing Equipment," "used in connection with," and "Powered Device" as

vague and ambiguous.  Linksys objects to this subject to the extent that these terms seek to elicit

an admission from Linksys by virtue of Linksys's response to this subject as to the meaning of

these terms.  Linksys further objects to this subject because claim 2 contains terms that have not

been construed by the Court as a matter of law.  Linksys further objects to this subject to the

extent that it calls for disclosure of expert opinions prior to the deadlines set forth in the Court's

July 17, 2008 Discovery Order.  Linksys further objects to this subject as overly broad and

unduly burdensome to the extent that it (1) does not contain a time limitation; (2) is not limited to

products identified in the Infringement Contentions; and (3) requires "detailed identification" of

"all facts and documents."  Linksys further objects to this subject to the extent that the

information has already been produced, is publicly available, and/or calls for information outside

of Linksys's possession, custody, or control.  Linksys further objects to this subject to the extent

that it seeks documents or information protected from disclosure by the attorney-client privilege,

the work product doctrine, or any other applicable privilege, protection, or immunity.

Linksys will not agree to make a witness available on this subject.

## Subject of Examination No. 5

The detailed identification of all facts and documents that address whether Linksys's
Power Sourcing Equipment, used in connection with a Powered Device, include each part of
each of the following steps from claim 6 of the '930 Patent:
    a-1. "providing a data node adapted for data switching"
    a-2. "providing … an access device adapted for data transmission"
    a-3. "providing … at least one data signaling pair connected between the data node and
the          access device and arranged to transmit data therebetween"
    a-4. "providing … a main power source connected to supply power to the data node"
    a-5. "providing … a secondary power source arranged to supply power from the data
node    via said data signaling pair to the access device"
    b.   "delivering a low level current from said main power source to the access device
over         said data signaling pair"
    c.   "sensing a voltage level on the data signaling pair in response to the low level
current"
    d.   "controlling power supplied by said secondary power source to said access device in
response to a preselected condition of said voltage level"

## Response to Subject of Examination No. 5

-8-

Linksys incorporates its General Objections as if set forth herein in full. Linksys objects to the terms "Power Sourcing Equipment," "used in connection with," and "Powered Device" as vague and ambiguous. Linksys objects to this subject to the extent that these terms seek to elicit an admission from Linksys by virtue of Linksys's response to this subject as to the meaning of these terms. Linksys further objects to this subject because claim 6 contains terms that have not been construed by the Court as a matter of law. Linksys further objects to this subject to the extent that it calls for disclosure of expert opinions prior to the deadlines set forth in the Court's July 17, 2008 Discovery Order. Linksys further objects to this subject as overly broad and unduly burdensome to the extent that it (1) does not contain a time limitation; (2) is not limited to products identified in the Infringement Contentions; and (3) requires "detailed identification" of "all facts and documents." Linksys further objects to this subject to the extent that the information has already been produced, is publicly available, and/or calls for information outside of Linksys's possession, custody, or control. Linksys further objects to this subject to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity.

Linksys will not agree to make a witness available on this subject.

### Subject of Examination No. 6

The detailed identification of all facts and documents that address whether Linksys's Power Sourcing Equipment, used in connection with a Powered Device, include each part of each of the following steps from claim 9 of the '930 Patent:

  a. "continuing to sense voltage level and to decrease power from the secondary power source if voltage level drops on the data signaling pair, indicating removal of the access device."

### Response to Subject of Examination No. 6

Linksys incorporates its General Objections as if set forth herein in full. Linksys objects to the terms "Power Sourcing Equipment," "used in connection with," and "Powered Device" as

vague and ambiguous. Linksys objects to this subject to the extent that these terms seek to elicit

an admission from Linksys by virtue of Linksys's response to this subject as to the meaning of

these terms. Linksys further objects to this subject because claim 9 contains terms that have not

been construed by the Court as a matter of law. Linksys further objects to this subject to the

extent that it calls for disclosure of expert opinions prior to the deadlines set forth in the Court's

July 17, 2008 Discovery Order. Linksys further objects to this subject as overly broad and

unduly burdensome to the extent that it (1) does not contain a time limitation; (2) is not limited to

products identified in the Infringement Contentions; and (3) requires "detailed identification" of

"all facts and documents." Linksys further objects to this subject to the extent that the

information has already been produced, is publicly available, and/or calls for information outside

of Linksys's possession, custody, or control. Linksys further objects to this subject to the extent

that it seeks documents or information protected from disclosure by the attorney-client privilege,

the work product doctrine, or any other applicable privilege, protection, or immunity.

    Linksys will not agree to make a witness available on this subject.

Claim 1 [preamble] / Claim 6 [preamble]

**Subject of Examination No. 7**

    Whether Linksys's Power Sourcing Equipment are used as part of an apparatus for
remotely powering Powered Devices in a data network.

**Response to Subject of Examination No. 7**

    Linksys incorporates its General Objections as if set forth herein in full. Linksys objects

to the terms "Power Sourcing Equipment," "used as part of," "Powered Devices," and "data

network" as vague and ambiguous. Linksys objects to this subject to the extent that these terms

seek to elicit an admission from Linksys by virtue of Linksys's response to this subject as to the

meaning of these terms. Linksys further objects to this subject to the extent that it contains terms

contain a time limitation.  Linksys further objects to this subject to the extent that the information has already been produced and/or is publicly available.  Linksys further objects to this subject to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing General and Specific Objections, Linksys will make one or more witnesses available to testify on this subject matter at a time and location convenient to it.

<u>Infringement</u>

**<u>Subject of Examination No. 48</u>**

The basis for your contention that you have not and do not infringe claims 1, 2, 6 or 9 of the '930 Patent.

**<u>Response to Subject of Examination No. 48</u>**

Linksys incorporates its General Objections as if set forth herein in full.  Linksys objects to this subject as duplicative of the information sought in Network-1's First Set of Common Interrogatories to Linksys, and therefore it is unduly burdensome, harassing and an abuse of the discovery process.   Linksys further objects to this subject to the extent that it calls for disclosure of expert opinions prior to the deadlines set forth in the Court's July 17, 2008 Discovery Order.  Linksys further objects to this subject to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity.

Linksys will not make available a witness on this subject.

Dated:  September 28, 2009                      By: <u>/s/ Eric Findlay</u>

Eric Findlay
Findlay Craft, LLP

6760 Old Jacksonville Hwy
Suite 101
Tyler, TX 75703
Tel No. (903) 534-1100
Fax No. (903) 534-1137

Of Counsel:

William F. Lee (admitted pro hac vice)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000
E-mail:  william.lee@wilmerhale.com

William J. Bohler (admitted pro hac vice)
Mark D. Selwyn (admitted pro hac vice)
Niki Z. Moore (admitted pro hac vice)
WILMER CUTLER PICKERING HALE AND DORR LLP
1117 California Avenue
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100
E-mail:  william.bohler@wilmerhale.com
         mark.selwyn@wilmerhale.com
         niki.moore@wilmerhale.com

**ATTORNEYS FOR DEFENDANTS CISCO
SYSTEMS, INC. AND CISCO-LINKSYS, L.L.C.**

Thomas John Ward, Jr.                          Attorneys for Plaintiff and Counter-Defendant
WARD & SMITH LAW FIRM                          Network-1 Security Solutions, Inc.
111 W. Tyler Street
Longview, TX  75601
jw@jwfirm.com

Sean Luner                                     Attorneys for Plaintiff and Counter-Defendant
DOVEL & LUNER                                  Network-1 Security Solutions, Inc.
201 Santa Monica Blvd., Suite 600
Santa Monica, CA  90401
luner@dovellaw.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| NETWORK-1 SECURITY SOLUTIONS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CISCO SYSTEMS, INC., a California corporation; CISCO-LINKSYS, L.L.C., a California Limited Liability Company; ADTRAN, INC., a Delaware corporation; ENTERASYS NETWORKS, INC., a Delaware corporation; EXTREME NETWORKS, INC., a Delaware corporation; FOUNDRY NETWORKS, INC., a Delaware corporation; NETGEAR, INC., a Delaware corporation; 3COM CORPORATION, a Delaware corporation,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 6:08-CV-00030 (LED) |

## ENTERASYS NETWORKS, INC.'S OBJECTIONS TO PLAINTIFF NETWORK-1 SECURITY SOLUTIONS, INC.'S NOTICE OF RULE 30(B)(6) DEPOSITION

Pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 30, Enterasys Networks, Inc. ("Enterasys") hereby objects to Plaintiff Network-1 Security Solutions, Inc.'s ("Network-1") Notice of Rule 30(b)(6) Deposition as set forth below.

## GENERAL OBJECTIONS

1.    Enterasys objects to the noticed deposition date of September 25, 2009 as unduly burdensome, as it was selected unilaterally by Network-1 without first meeting and conferring with Enterasys to identify mutually agreeable dates.

2.    Enterasys objects to Network-1's purported reservation of the right to notice and take further depositions of Enterasys under Rule 30(b)(6), as it exceeds Network-1's rights under the FRCP.

Enterasys further objects to the undefined terms "utility", "advantages", "detects", and "operating power" as vague and ambiguous. Enterasys further objects to this topic to the extent it improperly and prematurely seeks legal conclusions as to and based on the meaning of the '930 patent's claim terms, the proper meaning of which is a legal issue for the Court to determine. Enterasys further objects to this topic to the extent it calls for the premature disclosure of expert opinions prior to the deadlines set forth in the Court's July 17, 2008 Discovery Order and June 17, 2008 Docket Control Order. Enterasys further objects to this topic as overbroad and unduly burdensome to the extent it seeks information unrelated to the '930 patent, which is neither relevant to the claims and defenses at issue in this litigation nor likely to lead to the discovery of relevant evidence. Enterasys further objects to this topic as overbroad and unduly burdensome to the extent it calls for information not within Enterasys's possession, custody, or control. Enterasys further objects to this topic to the extent it calls for information protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, the common interest privilege, or any other privilege recognized by either federal law or applicable state law.

**<u>DEPOSITION TOPIC NO. 3:</u>**

The detailed identification of all facts and documents that address whether Enterasys's Power Sourcing Equipment, used in connection with a Powered Device, include each part of each of the following elements from claim 1 of the '930 Patent:

a. "a data node adapted for data switching"

b. "an access device adapted for data transmission"

c. "at least one data signaling pair connected between the data node and the access device and arranged to transmit data therebetween"

d. "a main power source connected to supply power to the data node"

e. "a secondary power source arranged to supply power from the data node via said data signaling pair to the access device"

f. "sensing means for delivering a low level current from said main power source to the access device over said data signaling pair and sensing a resulting voltage level thereon"

g. "control means responsive to said voltage level and adapted to control power supplied by said secondary power source to said access device in response to a preselected condition of said voltage level."

## OBJECTIONS TO DEPOSITION TOPIC NO. 3:

Enterasys incorporates its General Objections above as if set forth in full herein. Enterasys further objects to the undefined phrase "used in connection with" as vague and ambiguous. Enterasys further objects to this topic as overly broad and unduly burdensome to the extent it seeks the "detailed identification of all facts and documents" on this topic. Enterasys further objects to this topic to the extent it improperly and prematurely seeks legal conclusions as to and based on the meaning of the '930 patent's claim terms, the proper meaning of which is a legal issue for the Court to determine. Enterasys further objects to this topic to the extent it calls for the premature disclosure of expert opinions prior to the deadlines set forth in the Court's July 17, 2008 Discovery Order and June 17, 2008 Docket Control Order. Enterasys further objects to this topic as overbroad and unduly burdensome to the extent it calls for information not within Enterasys's possession, custody, or control. Enterasys further objects to this topic to the extent it calls for information protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, the common interest privilege, or any other privilege recognized by either federal law or applicable state law.

## DEPOSITION TOPIC NO. 4:

The detailed identification of all facts and documents that address whether Enterasys's Power Sourcing Equipment, used in connection with a Powered Device, include each part of each of the following elements from claim 2 of the '930 Patent:

a. "at least two data signaling pairs connected between the data node and the access device to supply phantom power from the secondary power source to the access device"

b. "said access device includes a pair of data transformers having center taps connected for locally powering the access device."

**OBJECTIONS TO DEPOSITION TOPIC NO. 4:**

Enterasys incorporates its General Objections above as if set forth in full herein. Enterasys further objects to the undefined phrase "used in connection with" as vague and ambiguous. Enterasys further objects to this topic as overly broad and unduly burdensome to the extent it seeks the "detailed identification of all facts and documents" on this topic. Enterasys further objects to this topic to the extent it improperly and prematurely seeks legal conclusions as to and based on the meaning of the '930 patent's claim terms, the proper meaning of which is a legal issue for the Court to determine. Enterasys further objects to this topic to the extent it calls for the premature disclosure of expert opinions prior to the deadlines set forth in the Court's July 17, 2008 Discovery Order and June 17, 2008 Docket Control Order. Enterasys further objects to this topic as overbroad and unduly burdensome to the extent it calls for information not within Enterasys's possession, custody, or control. Enterasys further objects to this topic to the extent it calls for information protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, the common interest privilege, or any other privilege recognized by either federal law or applicable state law.

**DEPOSITION TOPIC NO. 5:**

The detailed identification of all facts and documents that address whether Enterasys's Power Sourcing Equipment, used in connection with a Powered Device, include each part of each of the following steps from claim 6 of the '930 Patent:

a-1. "providing a data node adapted for data switching"

a-2. "providing ... an access device adapted for data transmission"

a-3. "providing ... at least one data signaling pair connected between the data node and the access device and arranged to transmit data therebetween"

a-4. "providing ... a main power source connected to supply power to the data node"

a-5. "providing ... a secondary power source arranged to supply power from the data node via said data signaling pair to the access device"

b. "delivering a low level current from said main power source to the access device over said

data signaling pair"

      c. "sensing a voltage level on the data signaling pair in response to the low level current"

      d. "controlling power supplied by said secondary power source to said access device in response to a preselected condition of said voltage level"

**OBJECTIONS TO DEPOSITION TOPIC NO. 5:**

      Enterasys incorporates its General Objections above as if set forth in full herein. Enterasys further objects to the undefined phrase "used in connection with" as vague and ambiguous. Enterasys further objects to this topic as overly broad and unduly burdensome to the extent it seeks the "detailed identification of all facts and documents" on this topic. Enterasys further objects to this topic to the extent it improperly and prematurely seeks legal conclusions as to and based on the meaning of the '930 patent's claim terms, the proper meaning of which is a legal issue for the Court to determine. Enterasys further objects to this topic to the extent it calls for the premature disclosure of expert opinions prior to the deadlines set forth in the Court's July 17, 2008 Discovery Order and June 17, 2008 Docket Control Order. Enterasys further objects to this topic as overbroad and unduly burdensome to the extent it calls for information not within Enterasys's possession, custody, or control. Enterasys further objects to this topic to the extent it calls for information protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, the common interest privilege, or any other privilege recognized by either federal law or applicable state law.

**DEPOSITION TOPIC NO. 6:**

      The detailed identification of all facts and documents that address whether Enterasys's Power Sourcing Equipment, used in connection with a Powered Device, include each part of each of the following steps from claim 9 of the '930 Patent:

      a. "continuing to sense voltage level and to decrease power from the secondary power source if voltage level drops on the data signaling pair, indicating removal of the access device."

**OBJECTIONS TO DEPOSITION TOPIC NO. 6:**

      Enterasys incorporates its General Objections above as if set forth in full herein.

Enterasys further objects to the undefined phrase "used in connection with" as vague and ambiguous. Enterasys further objects to this topic as overly broad and unduly burdensome to the extent it seeks the "detailed identification of all facts and documents" on this topic. Enterasys further objects to this topic to the extent it improperly and prematurely seeks legal conclusions as to and based on the meaning of the '930 patent's claim terms, the proper meaning of which is a legal issue for the Court to determine. Enterasys further objects to this topic to the extent it calls for the premature disclosure of expert opinions prior to the deadlines set forth in the Court's July 17, 2008 Discovery Order and June 17, 2008 Docket Control Order. Enterasys further objects to this topic as overbroad and unduly burdensome to the extent it calls for information not within Enterasys's possession, custody, or control. Enterasys further objects to this topic to the extent it calls for information protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, the common interest privilege, or any other privilege recognized by either federal law or applicable state law.

**Claim 1 [preamble] / Claim 6 [preamble]**

**DEPOSITION TOPIC NO. 7:**

Whether Enterasys's Power Sourcing Equipment are used as part of an apparatus for remotely powering Powered Devices in a data network.

**OBJECTIONS TO DEPOSITION TOPIC NO. 7:**

Enterasys incorporates its General Objections above as if set forth in full herein. Enterasys further objects to the undefined phrase "used as part of" as vague and ambiguous. Enterasys further objects to this topic to the extent it improperly and prematurely seeks legal conclusions as to and based on the meaning of the '930 patent's claim terms, the proper meaning of which is a legal issue for the Court to determine. Enterasys further objects to this topic to the extent it calls for the premature disclosure of expert opinions prior to the deadlines set forth in the Court's July 17, 2008 Discovery Order and June 17, 2008 Docket Control Order. Enterasys further objects to this topic as overbroad and unduly burdensome to the extent it calls for information not within Enterasys's possession, custody, or control. Enterasys further objects to

or any other privilege recognized by either federal law or applicable state law.

## DEPOSITION TOPIC NO. 47:

Enterasys's policy or procedure regarding the retention or destruction of business records or documents, including e-mails.

## OBJECTIONS TO DEPOSITION TOPIC NO. 47:

Enterasys incorporates its General Objections above as if set forth in full herein. Enterasys further objects to this topic as seeking information that is neither relevant to the claims and defenses at issue in this litigation nor likely to lead to the discovery of relevant evidence. Enterasys further objects to this topic to the extent it calls for information protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, the common interest privilege, or any other privilege recognized by either federal law or applicable state law.

**Infringement**

## DEPOSITION TOPIC NO. 48:

The basis for your contention that you have not and do not infringe claims 1, 2, 6 or 9 of the '930 Patent.

## OBJECTIONS TO DEPOSITION TOPIC NO. 48:

Enterasys incorporates its General Objections above as if set forth in full herein. Enterasys further objects to this topic to the extent it improperly and prematurely seeks legal conclusions as to and based on the meaning of the '930 patent's claim terms, the proper meaning of which is a legal issue for the Court to determine. Enterasys further objects to this topic to the extent it calls for the premature disclosure of expert opinions prior to the deadlines set forth in the Court's July 17, 2008 Discovery Order and June 17, 2008 Docket Control Order. Enterasys further objects to this topic to the extent it calls for information or documentation protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, the common interest privilege, or any other privilege recognized by either federal law or applicable state law.

DATED:     September 24, 2009

                Respectfully submitted,

                VASQUEZ BENISEK & LINDGREN LLP
                3685 Mt. Diablo Blvd., Ste. 300
                Lafayette, California 94549
                Telephone: (925) 627-4250
                Facsimile: (925) 403-0900
                cdavis@vbllaw.com


                By:    */s/ Craig E. Davis*

                    CRAIG E. DAVIS
                    Cal. State Bar No. 221356

                ATTORNEYS FOR DEFENDANT
                 ENTERASYS NETWORKS, INC.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| NETWORK-1 SECURITY SOLUTIONS, INC., a Delaware corporation,<br><br>       Plaintiff,<br><br>       v.<br><br>CISCO SYSTEMS, INC., a California corporation; CISCO-LINKSYS, L.L.C., a California Limited Liability Company; ADTRAN, INC., a Delaware corporation; ENTERASYS NETWORKS, INC., a Delaware corporation; EXTREME NETWORKS, INC., a Delaware corporation; FOUNDRY NETWORKS, INC., a Delaware corporation; 3COM CORPORATION, a Delaware corporation,<br><br>       Defendants. | Case No.: 6:08-CV-030 LED<br><br>JURY TRIAL DEMANDED |

**DEFENDANT 3COM CORPORATION'S RESPONSES AND OBJECTIONS TO
PLAINTIFF NETWORK-1 SECURITY SOLUTIONS, INC.'S
NOTICE OF RULE 30(b)(6) DEPOSITION (PART 2)**

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure ("Federal Rules") and the Local Rules of the United States District Court for the Eastern District of Texas ("Local Rules"), Defendant 3Com Corporation ("3Com"), through its undersigned attorneys, hereby serves its objections and responses to Plaintiff Network-1 Security Solutions, Inc.'s ("Network-1" or "Plaintiff") Notice of Rule 30(b)(6) Deposition: 3Com Corporation (Part 2) propounded on September 1, 2009 (the "Notice") as follows:

## INTRODUCTION

Each of 3Com's responses is made subject to the General Reservations and Objections set forth below.  These limitations and objections form a part of the response to each and every topic, and are set forth herein to avoid duplication and repetition.  Although these General Reservations and Objections may be specifically referred to in a response, failure to mention a General Objection specifically should not be construed as a waiver of any such objection.  Moreover, the assertion of the same, similar, or additional objections in specific responses to topics does not waive any other of 3Com's objections as set forth below.  3Com reserves the right to supplement, amend, or correct any and/or all of its objections and responses.

## GENERAL RESERVATIONS AND OBJECTIONS

3Com incorporates the following General Reservations and Objections into each objection set forth below to the specific topics contained in the Notice:

1.      In responding to this Notice, 3Com fully preserves:

(a)      all objections as to competency, relevancy, materiality, and admissibility;

**TOPIC NO. 2**:

      The utility and advantages of the detection method used by 3Com's Powered Sourcing Equipment.  (The detection method is the method by which 3Com's Power Sourcing Equipment detects whether a device can receive operating power through Ethernet cables).

**RESPONSE TO TOPIC NO. 2:**

      3Com incorporates its General Reservations and Objections as if fully set forth herein.  3Com objects to this topic as vague and ambiguous because the terms "utility," "advantages," "detects," and/or "operating power" are not defined, are subject to multiple interpretations, and do not properly advise 3Com as to the information requested.

      Subject to and without waiving the foregoing objections, 3Com will meet and confer with Network-1 regarding an appropriate scope of this topic.

**TOPIC NO. 3**:

      The detailed identification of all facts and documents that address whether 3Com's Power Sourcing Equipment, used in connection with a Powered Device, include each part of each of the following elements from claim 1 of the '930 Patent:

    a.    "a data node adapted for data switching"

    b.    "an access device adapted for data transmission"

    c.    "at least one data signaling pair connected between the data node and the access device and arranged to transmit data therebetween:

    d.    "a main power source connected to supply power to the data node"

    e.    "a secondary power source arranged to supply power from the data node via said data signaling pair to the access device"

    f.    "sensing means for delivering a low level current from said main power source to the access device over said data signaling pair and sensing a resulting voltage level theron"

    g.    "control means responsive to said voltage level and adapted to control

power supplied by said secondary power source to said access device in response to a preselected condition of said voltage level."

**RESPONSE TO TOPIC NO. 3:**

3Com incorporates its General Reservations and Objections as if fully set forth herein. 3Com objects to this topic because requiring the "detailed identification of all facts and documents" is overbroad and unduly burdensome. 3Com objects to this topic as vague and ambiguous because the term "used in connection with" is not defined, is subject to multiple interpretations, and does not properly advise 3Com as to the information requested. 3Com objects to this topic because it seeks an improper legal conclusion as to the meaning of claim terms, the proper meaning of which is a legal issue for the Court to determine, and will not permit testimony regarding claim construction matters.

**TOPIC NO. 4**:

The detailed identification of all facts and documents that address whether 3Com's Power Sourcing Equipment, used in connection with a Powered Device, include each part of each of the following elements from claim 2 of the '930 Patent:

    a.    "at least two data signaling pairs connected between the data node and the access device to supply phantom power from the secondary power source to the access device"

    b.    "said access device includes a pair of data transformers having center taps connected for locally powering the access device."

**RESPONSE TO TOPIC NO. 4:**

3Com incorporates its General Reservations and Objections as if fully set forth herein. 3Com objects to this topic because requiring the "detailed identification of all facts and documents" is overbroad and unduly burdensome. 3Com objects to this topic as vague and ambiguous because the term "used in connection with" is not defined, is subject to multiple interpretations, and does not properly advise 3Com as to the information requested. 3Com

- 9 -

objects to this topic because it seeks an improper legal conclusion as to the meaning of claim terms, the proper meaning of which is a legal issue for the Court to determine, and will not permit testimony regarding claim construction matters.

**TOPIC NO. 5**:

The detailed identification of all facts and documents that address whether 3Com's Power Sourcing Equipment, used in connection with a Powered Device, include each part of each of the following steps from claim 6 of the '930 Patent:

a-1.    "providing a data node adapted for data switching"

a-2.    "providing … an access device adapted for data transmission"

a-3.    "providing … at least one data signaling pair connected between the data node and the access device and arranged to transmit data therebetween"

a-4.    "providing … a main power source connected to supply power to the data node"

a-5.    "providing … a secondary power source arranged to supply power from the data node via said data signaling pair to the access device"

b.    "delivering a low level current from said main power source to the access device over said data signaling pair"

c.    "sensing a voltage level on the data signaling pair in response to the low level current"

d.    "controlling power supplied by said secondary power source to said access device in response to a preselected condition of said voltage level"

**RESPONSE TO TOPIC NO. 5:**

3Com incorporates its General Reservations and Objections as if fully set forth herein.  3Com objects to this topic because requiring the "detailed identification of all facts and documents" is overbroad and unduly burdensome.  3Com objects to this topic as vague and ambiguous because the term "used in connection with" is not defined, is subject to multiple interpretations, and does not properly advise 3Com as to the information requested.  3Com

- 10 -

objects to this topic because it seeks an improper legal conclusion as to the meaning of claim terms, the proper meaning of which is a legal issue for the Court to determine, and will not permit testimony regarding claim construction matters.

**TOPIC NO. 6**:

The detailed identification of all facts and documents that address whether 3Com's Power Sourcing Equipment, used in connection with a Powered Device, include each part of each of the following steps from claim 9 of the '930 Patent:

> a.  "continuing to sense voltage level and to decrease power from the secondary power source if voltage level drops on the data signaling pair, indicating removal of the access device."

**RESPONSE TO TOPIC NO. 6:**

3Com incorporates its General Reservations and Objections as if fully set forth herein. 3Com objects to this topic because requiring the "detailed identification of all facts and documents" is overbroad and unduly burdensome. 3Com objects to this topic as vague and ambiguous because the term "used in connection with" is not defined, is subject to multiple interpretations, and does not properly advise 3Com as to the information requested. 3Com objects to this topic because it seeks an improper legal conclusion as to the meaning of claim terms, the proper meaning of which is a legal issue for the Court to determine, and will not permit testimony regarding claim construction matters.


**Claim 1 [preamble] / Claim 6 [preamble]**

**TOPIC NO. 7**:

Whether 3Com's Power Sourcing Equipment are used as part of an apparatus for remotely powering Powered Devices in a data network.

**SPECIFIC RESPONSES AND OBJECTIONS TO TOPIC NO. 47:**

3Com incorporates its General Reservations and Objections as if fully set forth herein.  3Com objects to this topic as vague and ambiguous because the terms "policies," "procedure," and/or "retention or destruction of business records or documents, including e-mails" are not defined, are subject to multiple interpretations, and do not properly advise 3Com as to the information requested.

Subject to and without waiving the foregoing objections, 3Com will meet and confer with Network-1 regarding an appropriate scope of this topic.


**Infringement**

**TOPIC NO. 48**:

The basis for your contention that you have not and do not infringe claims 1, 2, 6, or 9 of the '930 Patent.

**SPECIFIC RESPONSES AND OBJECTIONS TO TOPIC NO. 48:**

3Com incorporates its General Reservations and Objections as if fully set forth herein.  3Com objects to this topic because it seeks an improper legal conclusion as to the meaning of claim terms, the proper meaning of which is a legal issue for the Court to determine, and will not permit testimony regarding claim construction matters.

- 31 -

DATED:  October 23, 2009                  Respectfully submitted,

                                          /s/ *Melvin R. Wilcox, III*
                                          Melvin R. Wilcox, III
                                          State Bar No. 21454800
                                          YARBROUGH ♦ WILCOX, PLLC
                                          100 E. Ferguson St., Suite 1015
                                          Tyler, Texas 75702
                                          Telephone: (903) 595-1133
                                          Facsimile:  (903) 595-0191
                                          Email: mrw@yw-lawfirm.com

                                          Henry B. Gutman (admitted *pro hac vice*)
                                          hgutman@stblaw.com
                                          Kerry L. Konrad (admitted *pro hac vice*)
                                          kkonrad@stblaw.com
                                          Victor Cole (Texas PRID 3354198)
                                          vcole@stblaw.com
                                          SIMPSON THACHER & BARTLETT LLP
                                          425 Lexington Avenue
                                          New York, NY 10017
                                          Telephone: (212) 455-2000
                                          Facsimile: (212) 455-2502

                                          Jeffrey E. Ostrow (admitted *pro hac vice*)
                                          SIMPSON THACHER & BARTLETT LLP
                                          2550 Hanover Street
                                          Palo Alto, California  94304
                                          Telephone: (650) 251-5000
                                          Facsimile:  (650) 251-5002
                                          Email: jostrow@stblaw.com

                                          *Attorneys for Defendant*
                                          *3Com Corporation*

- 32 -