# Exhibit 4

Case 6:08-cv-00030-LED   Document 218-5   Filed 11/13/2009   Page 1 of 4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **PERFORMANCE PRICING, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:07cv432 |
| | § | |
| **GOOGLE INC., et al.,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiff Performance Pricing, Inc.'s Motion to Compel 30(b)(6) Testimony and Interrogatory Responses from Google ("Motion") (Doc. No. 179). Defendant Google Inc. has filed an Opposition to Plaintiff's Motion to Compel 30(b)(6) Testimony and Interrogatory Responses ("Opposition") (Doc. No. 182), as well as a Sur-Reply in Opposition to Plaintiff's Motion to Compel 30(b)(6) Testimony and Interrogatory Responses ("Surreply") (Doc. No. 188). Plaintiff has also filed a Reply to Motion to Compel 30(b)(6) Testimony and Interrogatory Responses from Google ("Reply") (Doc. No. 186). Having considered the parties' arguments and for all the following reasons, the Court hereby **GRANTS** Plaintiff's Motion.

Plaintiff moves to compel Google to produce a witness to testify as to the facts and documents forming the basis of its noninfringement contention and to supplement its interrogatory response to identify the facts and documents that form the basis of that position. MOTION at 2. Defendant contends that Plaintiff's demand for contention discovery though a supplementation of Google's response to Plaintiff's Interrogatory No. 1 and a Rule 30(b)(6) witness are premature under the Patent Rules. OPPOSITION at 5. The Court disagrees.

Patent Rule 2-5 provides that "it shall not be a legitimate ground for objecting to an opposing party's discovery request . . . that the discovery request . . . is premature in light of, or otherwise conflicts with, these Patent Rules." PATENT RULE 2-5. Rule 2-5 then outlines four specific categories of requests that may be objected to. PATENT RULE 2-5(a)–(d). However, none of these categories includes a request for an accused infringer's non-infringement contentions. *See Caritas Tech., Inc. v. Comcast Corp.*, No. 2:05-cv-339, slip op. at 11-12 (E.D. Tex. Feb. 10, 2006) (granting plaintiff's motion to compel interrogatory response seeking information regarding defendant's noninfringement contentions because Rule 2-5 "does not provide [defendant] a basis for objecting to [plaintiff's interrogatory] as premature"). The Court notes that Defendant could object to a request for Defendant's positions on claim construction or invalidity prior to the disclosure deadlines set forth in the Patent Rules. *See* PATENT RULE 2-5(a), (c).

Therefore, Defendant is **ORDERED** to respond to Plaintiff's Interrogatory No. 1, to the extent it has not already done so, within ten (10) days of this order. Defendant shall answer to the best of its ability with facts now known, and as litigation moves forward, Defendant may amend or supplement this response as necessary pursuant to both the local and federal rules. Defendant is further **ORDERED** to produce a witness to testify to the facts and documents forming the basis for its noninfringement position within thirty (30) days of this order.

**So ORDERED and SIGNED this 27th day of May, 2009.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

2