# Exhibit 5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PERFORMANCE PRICING, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., AOL LLC, MICROSOFT CORPORATION, YAHOO! INC., IAC SEARCH & MEDIA, INC., and A9.COM, INC., <br><br> Defendants. | Case No. 2:07-cv-432 (LED) <br><br> **JURY TRIAL DEMANDED** |

**Plaintiff's Motion to Compel (30)(b)(6) Testimony
and Interrogatory Responses from Google**

**I.     Introduction.**

In this lawsuit, Plaintiff Performance Pricing seeks damages from Defendant Google Inc. for infringing U.S. Patent No. 6,978,253. Google broadly asserts that it does not infringe, but refuses to identify the facts and documents that form the basis of its noninfringement position, and refuses to produce a witness prepared to testify about those facts and documents.

Google's basis for its refusal boils down to timing: Google says it will disclose these facts months later, but not now. But Google does "not have authority to determine when information will be disclosed." *MyMail v. AOL*, Case No. 6:04-cv-00189 (E.D. Tex. Sept. 28, 2004) (copy attached as exhibit N). Instead, "all discoverable material should always be produced without delay." *Id*. The information sought is plainly relevant to Plaintiff's infringement case, as well as Google's defense of noninfringement. Moreover, Plaintiff needs to obtain discovery on Google's noninfringement position before the Markman process begins in

1

order to identify claim language that Google intends to unfairly exploit. Plaintiff moves to compel Google to (1) produce a witness to testify as to the facts and documents forming the basis of its noninfringement position, and (2) supplement its interrogatory response to identify the facts and documents that form the basis of that position.

**II.     Factual background.**

From the outset, Google has asserted that it "has not infringed and is not infringing any valid and enforceable claim of the '253 patent," and has relied on that position as a defense to Plaintiff's claims against it. Cho decl. ¶2, exh. A. When asked to provide any details about its noninfringement position, however, Google has consistently stalled and delayed.

On August 21, 2008, Plaintiff served Google with its first set of interrogatories. Interrogatory No. 1. asked Google to "set forth in specific detail each fact, opinion, argument, inference, and Document that supports your contention that you have not infringed any claim of the '235 Patent (including the name, address, and telephone number of each person who has firsthand knowledge or possession of each such fact, opinion, and Document)." Cho decl. ¶3, exh. B.

On September 19, 2008, Google served its response to Interrogatory No. 1, which included the statement that "Google contends that to the extent the claims can be understood at this time, at least the following elements [a through s] of the independent and dependent claims of the '253 Patent are not present in aspects of Google AdWords that may be accused in this case." Cho decl. ¶4, exh. B. Google's response did not, however, include a description of any facts, opinions, arguments, or inferences supporting that contention. Cho decl. ¶4, exh. B.

On December 30, 2008, Plaintiff served its Notice of Rule 30(b)(6) deposition of Google. The topic of the deposition was a "detailed identification of all facts and documents that

2

address whether Google's Accused Systems include each part of each of the following steps [a through g] from the '253 patent." Cho decl. ¶5, exh. C.

On January 6, 2009, Google objected to Plaintiff's deposition topic on the basis, among other things, that the notice was premature. Cho decl. ¶6, exh. D. Google proposed delaying the deposition until "following the Court's construction of the claims at issue and/or in connection with expert discovery." Cho decl. ¶6, exh. D.

On January 8, 2009, the parties met and conferred regarding the Rule 30(b)(6) deposition of Google. Cho decl. ¶7. Plaintiff informed Google that it deemed Google's objections improper. Google's counsel asked Plaintiff why it did not pursue its requested discovery by first asking Google to supplement its response to Interrogatory No. 1. Cho decl. ¶8, exh. E. Interrogatory No. 1 contains overlap with Plaintiff's deposition notice, because both the interrogatory and noticed topic relate to Google's factual basis for its noninfringement contention. *See* exhs. B and C.

On January 12, 2009, Plaintiff requested that Google supplement its response to Interrogatory No. 1. Cho decl. ¶9, exh. F.

On January 27, 2009, the parties met and conferred, and discussed both Plaintiff's Rule 30(b)(6) Notice and Plaintiff's Interrogatory No. 1. Cho decl. ¶10, exh. G. During the meet and confer, Google proposed supplementing its interrogatory response as part of a compromise position. Cho decl. ¶11, exh. G. Plaintiff replied that if the information received in Google's supplemental response to Interrogatory No. 1 was sufficiently detailed, it would not be necessary to go forward with the Rule 30(b)(6) deposition topic noticed on Google. Cho decl. ¶11, exh. G. Google agreed to "provide a non-final and non-binding draft of [Interrogatory No. 1] to Plaintiff that provides further explanation of why Google contends that Plaintiff's

3

Infringement Contentions do not demonstrate that the identified elements of the '253 Patent are present in the accused products." Cho decl. ¶12, exh. G. Google agreed to provide the supplementation by February 13, 2009. Cho decl. ¶12 , exh. G.

On February 11, 2009, Google stated that it would not be able to meet the February 13 deadline, and that Google's supplementation would be a couple of days late. Cho decl 13., *see* exh. H. On February 17, 2009, Google again represented in a letter that it would provide a supplementation to Plaintiff's Interrogatory No. 1. Cho decl. ¶ 14, exh. H.

On February 19, 2009, Google reneged on its agreement to supplement its response to Interrogatory No. 1. Google said that, contrary to its prior representations, it would not supplement its interrogatory response, and that it "was not required [sic] provide a response to Plaintiff's contention discovery at this time because these demands are premature." Cho decl. ¶15, exh. I.

On March 3, 2009, Plaintiff provided Google one last opportunity to reconsider and supplement its interrogatory response and provide deposition dates by March 5, 2009. Cho decl. ¶18, exh. L. Google has refused to supplement its interrogatory response to date, and has refused to produce a witness in response to Plaintiff's Rule 30(b)(6) notice. Cho decl ¶ 19.

### III. Argument

#### A. The information sought is relevant and discoverable.

Plaintiff is entitled to discovery on the noticed topic because the information sought is relevant and not privileged. *ReedHycalog UK, Ltd. v. United Diamond Drilling Servs.*, 2008 U.S. Dist. LEXIS 93177, 6-7 (E.D. Tex. Oct. 3, 2008) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any claim or defense."); Fed. R. Civ. Proc. 26(b).

The single topic in Plaintiff's Rule 30(b)(6) deposition notice asks Google to produce a witness that can provide "a detailed identification of all facts and documents that address whether Google's Accused Systems include each part of the following steps [a through g] of the '253 Patent." *See* exh. C. Since Google raises noninfringement as a defense, the factual basis for that contention is highly relevant to Google's defense. In addition, evidence showing that Google's accused system includes various steps of the '253 patent is highly relevant to Plaintiff's infringement case.

Even Google appears to concede that the topic is relevant. In fact, Google agreed to supplement its interrogatory to provide the factual basis of its noninfringement position on Interrogatory No. 1 on January 30, February 11, and again on February 17, 2009, before reneging on the agreement on February 19. This initial agreement to divulge these facts suggests that Google agrees that this topic is relevant and discoverable in this litigation. Thus, Plaintiff is entitled to their discovery at this time.

Google actions also demonstrate that it has relevant, responsive facts in its possession that it is withholding from Plaintiff. On January 27, January 30, February 11, and February 17 Google repeatedly represented that it could and would provide a supplemental response to Plaintiff's Interrogatory No. 1. The fact that Google represented that it would provide a supplemental response demonstrates that Google possesses additional, relevant, responsive facts on the topic that it has not already disclosed to Plaintiff.

**B.  Google's attempts at delaying the deposition are improper.**

Google cannot unilaterally delay disclosure of discoverable information until after "the Court's construction of the claims at issue and/or in connection with expert discovery." *See* exh. D (stating that Google prefers delaying this discovery until later in the case).

Google's proposal would have the practical effect of delaying the deposition until almost eight months after it was first noticed. The Markman hearing is currently scheduled for June 18, 2009, and the parties will designate burden of proof expert witnesses in August 2009. Cho decl. ¶20. Tying the deposition to expert discovery, as Google suggests, would delay the deposition until August 2009, two months before the close of discovery and eight months after Plaintiff first sent the deposition notice.

It is particularly important for Plaintiff to obtain this discovery <u>before</u> the Markman process. Only by knowing the basis of Google's non-infringement position can Plaintiff effectively identify claim language that Google is attempting unfairly to exploit, and that the Court therefore needs to construe. Because the deadline for Markman briefing is imminent, it is essential that Google provide this information immediately.

Google's position – that it can delay production of discoverable information as it chooses– is contrary to case law. This Court has repeatedly held that "one party may not unilaterally decide when to withhold discovery." *Garmin Ltd. v. TomTom, Inc*., 2007 U.S. Dist. LEXIS 74032 at *23 (E.D. Tex. Oct. 3, 2007).

In *MyMail v. AOL*, this Court stated that "<u>all</u> discoverable material should <u>always</u> be produced <u>without delay</u>." *MyMail Ltd. v. America OnLine, Inc.* Case No. 6:04-cv-00189 (E.D. Tex. September 28, 2004). "Given the Court's policy of liberal, open, and forthright discovery," there is no rule that a particular witness "may not be deposed until discovery is nearly complete." "*MyMail Ltd. v. America OnLine, Inc.* Case No. 6:04-cv-00189 (E.D. Tex. September 28, 2004). This is directly contrary to Google's position, that it can pick and choose when Plaintiff proceeds with its Rule 30(b)(6) deposition.

6

This Court reiterated the same principle in *Garmin Ltd. v. TomTom, Inc.,* stating that a party "may not withhold discovery under the guise of deferring until a [later] ruling." *Garmin Ltd. v. TomTom, Inc.*, 2007 U.S. Dist. LEXIS 74032 at *23 (E.D. Tex. Oct. 3, 2007) (motion to compel supplementation of infringement constructions); *see also VirnetX, Inc. v. Microsoft Corp.*, 2008 U.S. Dist. LEXIS 94854 (E.D. Tex. June 3, 2008) (citing this Court's "liberal discovery policy").

But that is exactly what Google proposes doing here. It is clear that Google is already in possession of the facts that support its noninfringement position – in fact, Google represented to Plaintiff that it was working on an interrogatory response detailing those very facts as of February 17, 2009. Despite this, Google refuses to disclose those facts to Plaintiff until after the claim construction ruling or until expert discovery, both of which are months away. Google has no basis for withholding discovery for months on end; to the contrary, this Court has specifically stated that it will not allow such "gamesmanship that attempts to conceal or delay the production of discoverable items." *STMicroelectronics, Inc. v. Motorola*, Inc., 308 F. Supp. 2d 754, 756 (E.D. Tex. 2004). Here, Plaintiff has chosen to proceed using a Rule 30(b)(6) deposition notice early in the case. Google cannot unilaterally delay discovery until a time of its choosing. *MyMail Ltd. v. America OnLine, Inc.* Case No. 6:04-cv-00189 (E.D. Tex. September 28, 2004) ("Information is discoverable as soon as it becomes relevant; parties do not have authority to determine when information will be disclosed. Unless the court . . . orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery.").

Google cites *Jacobs Chuck Mfg. Co. v. Shandong Weida Mach., et al.*, Civil Action No. 2:05-CV-185 (E.D. Tex. 2006) as support for its position that it can delay producing a witness for eight months. That reliance is misplaced.

In *Jacobs Chuck*, the Court held that an interrogatory that asked Plaintiffs to identify "each element of the asserted claims . . . that Plaintiffs contend is not disclosed in each of the prior art references cited in Defendants' Disclosure of Preliminary Invalidity Contentions . . ." was premature because it was "in tension with the established time frames for declaring claim construction positions as provided by the Patent Rules." *Jacobs Chuck* at 1.

In that case, the parties had not yet submitted their Joint Claim Construction and Prehearing Statement at the time of the court's order. *See* Case No. 2:05-CV-185, Docket No. 78 (Order granting Motion for Extension (extending the 4-3 deadline to September 8, 2006)). Here, there is no concern that the deposition will produce "tension with the established time frames for declaring claim constructions," because the parties have already disclosed their claim constructions in the Joint Claim Construction and Prehearing Statement. Since Plaintiff is already aware of Google's claim construction positions, there is no concern that Defendants will prematurely disclose its claim construction positions by providing a witness to testify as to the facts supporting its noninfringement contention. Thus, this case does not apply.

**IV. Conclusion**

For the foregoing reasons, Plaintiff request that this Court move to compel Google to produce a witness for Performance Pricing's first deposition notice within 5 days, and full and complete responses to interrogatories within 10 days.

Dated: March 20, 2009                   By:   /s/ Christin Cho
                                                                                  Christin Cho

CA State Bar No. 238173
Email: christin@dovellaw.com
Gregory S. Dovel
CA State Bar No. 135387
Email: greg@dovellaw.com
Sean Luner
CA State Bar No. 165443
Email: sean@dovellaw.com
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: 310-656-7066
Facsimile: 310-657-7069

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, L.L.P.
Energy Centre
1127 Judson Road, Ste 220
P. O. Box 3999 (75606-3999)
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
Email: capshaw@capshawlaw.com
Email: ederieux@capshawlaw.com

Robert M. Parker
State Bar No. 15498000
Email: rmparker@cox-internet.com
Robert Christopher Bunt
State Bar No. 00787165
Email: cbunt@cox-internet.com
Parker & Bunt, P.C.
100 East Ferguson, Ste. 1114
Tyler, TX 75702
Telephone: 903/531-3535
Facsimile: 903/533-9687

Franklin Jones, Jr.
State Bar No. 00000055
Email: maizieh@millerfirm.com
Jones & Jones, Inc., P.C.
201 W. Houston St.
P.O. Drawer 1249
Marshall, TX 75670

9

                                                Otis W. Carroll, Jr.
                                                State Bar No. 03895700
                                                Email: fedserv@icklaw.com
                                                6101 S. Broadway, Suite 500
                                                Tyler, TX 75703

                                                ATTORNEYS FOR PLAINTIFF
                                                PERFORMANCE PRICING, INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document was served, via E-mil, on counsel for Defendants this 20th day of March, 2009. Personal service will also be made on counsel for Google on March 20, 2009.

/s/ Christin Cho
Christin Cho

## CERTIFICATE OF CONFERENCE

I am lead trial counsel for Plaintiff Performance Pricing, Inc. I participated in a meet and conference pursuant to Local Rule CV-7(h) regarding the subject of this motion. The conference took place by telephone on January 8, 2009, beginning at 4 p.m. CT. On Google's behalf, lead trial counsel David Perlson and local counsel Michael Richardson participated. Plaintiff's local counsel Claire Henry also participated. The parties were not able to reach an informal resolution of this motion because Google claims that the Rule 30(b)(6) notice of deposition is premature. The parties have reached an impasse on this issue and it is clear that motion practice is necessary to resolve this dispute.

/s/ Gregory S. Dovel
Lead trial counsel

/s/ Claire Henry
Local counsel/ by permission CH