# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| NETWORK-1 SECURITY SOLUTIONS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CISCO SYSTEMS, INC., a California corporation; CISCO-LINKSYS, L.L.C., a California Limited Liability Company; ADTRAN, INC., a Delaware corporation; ENTERASYS NETWORKS, INC., a Delaware corporation; EXTREME NETWORKS, INC., a Delaware corporation; FOUNDRY NETWORKS, INC., a Delaware corporation; NETGEAR, INC., a Delaware corporation; 3COM CORPORATION, a Delaware corporation;<br><br>Defendants. | CASE NO. 6:08cv030-LED<br><br>**JURY DEMANDED** |

**PLAINTIFF NETWORK-1 SECURITY SOLUTIONS, INC.'S ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

Plaintiff Network-1, L.L.C. ("Network-1") provides the following objections and responses to Defendants' First Set of Interrogatories (Nos. 1 to 8), as follows:

**General Objections**

Network-1 incorporates each of the following general objections, including its objections to the instructions and the definitions, into each of its specific responses to Defendants' interrogatories, whether or not expressly referenced in the interrogatory response:

1. <u>Excessive Obligations</u>: Network-1 objects to all instructions and definitions

1

which purport to impose on Network-1 obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules of this Court, or the Patent Rules of this Court. Network-1 will comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Patent Rules of this Court in responding to each interrogatory.

2. <u>Information not available</u>: Network-1 objects to all definitions and interrogatories requesting Network-1 to identify information not currently in its possession, custody, or control, or which refer to persons, entities, or events not known to Network-1, on the grounds that such definitions or requests seek to require more of Network-1 than any obligation imposed by law, and would subject Network-1 to unreasonable and undue burden, and expense, or would seek to impose upon Network-1 an obligation to investigate to discover information or materials from third parties or sources that may be equally accessible to Defendants.

3. <u>Attorney-client / work product</u>: Network-1 objects to the interrogatories to the extent they seek information protected by the attorney-client privilege, attorney work product protection, or any other applicable privilege or immunity. Network-1 will not disclose such privileged or protected information, and any inadvertent disclosure of such privileged or protected information shall not be deemed a waiver of any privilege with respect to such information or of any work product protection. Network-1 will produce a privilege log identifying each document withheld on this ground, except that, pursuant to the Court's Discovery Order, Network-1 will not log documents reflecting attorney-client communications involving Network-1's litigation attorneys, on the ground that a log of such documents would be unduly burdensome to create, would itself disclose privileged communications or work product, and is not customary.

4. <u>Present information and belief</u>: Network-1 responds to these interrogatories based

on the best of its present knowledge, information, and belief. Network-1's response is at all times subject to such additional or different information that discovery or further investigations may disclose and, while based on the present state of its current information recollections, is subject to such refreshing of recollection and such additional knowledge of facts as may well result from further discovery or investigation.

5. <u>Compound</u>: Network-1 further objects to the interrogatories as compound and containing multiple subparts in contravention of F.R.C.P. Rule 33 and Section 4.A.1 of the Court's July 17, 2008 Discovery Order.

6. <u>Definitions</u>: Network-1 objects to the introductory instructions and definitions to the interrogatories to the extent they purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific interrogatory, thereby rendering such interrogatory vague, ambiguous, unintelligible, unduly broad, or uncertain.

   (a) "<u>you, "your," "Network-1," and "Plaintiff"</u>: Network-1 objects to Defendants' definition of the terms "you," "your," "Network-1," and "Plaintiff" as they result in interrogatories that are vague, ambiguous, overly broad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence and seek privileged or protected information, to the extent that they (a) refer to entities other than Plaintiff Network-1, (b) seek information that is not within the possession, custody, or control of Network-1, and (c) seek information protected by the attorney-client privilege, attorney work product protection, or any other applicable privilege or immunity. These terms are redefined by Defendants far beyond any ordinary or reasonable definition to include many separate concepts. The definitions proposed by Defendants creates proposed discovery that exceeds the scope of

permissible discovery, which is limited to "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). The extreme breadth also means that proposed discovery using these terms imposes a burden or expense that outweighs its likely benefit. Moreover, Defendants' definitions result in discovery requests that are meaningless. Network-1 will interpret each of these terms to mean "Plaintiff Network-1."

(b) "Merlot": Network-1 objects to Defendants' definition of the term "Merlot" as it results in interrogatories that are vague, ambiguous, overly broad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and seek privileged or protected information, to the extent that it (a) refer to entities other than Merlot Communications, Inc., (b) seeks information that is not within the possession, custody, or control of Network-1, and (c) seeks information protected by the attorney-client privilege, attorney work product protection, or any other applicable privilege or immunity. This term is redefined by Defendants far beyond any ordinary or reasonable definition to include many separate concepts. The definitions proposed by Defendants creates proposed discovery that exceeds the scope of permissible discovery, which is limited to "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). The extreme breadth also means that proposed discovery using these terms imposes a burden or expense that outweighs its likely benefit. Moreover, Defendants' definition results in discovery requests that are meaningless. Network-1 will interpret this term to mean "Merlot Communications, Inc."

(c) "BAXL": Network-1 objects to Defendants' definition of the term "BAXL" as it

results in interrogatories that are vague, ambiguous, overly broad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence and seek privileged or protected information, to the extent that it (a) refers to entities other than BAXL Technologies, Inc., (b) seeks information that is not within the possession, custody, or control of Network-1, and (c) seeks information protected by the attorney-client privilege, attorney work product protection, or any other applicable privilege or immunity. This term is redefined by Defendants far beyond any ordinary or reasonable definition to include many separate concepts. The definition proposed by Defendants creates proposed discovery that exceeds the scope of permissible discovery, which is limited to "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). The extreme breadth also means that proposed discovery using this term imposes a burden or expense that outweighs its likely benefit. Moreover, Defendants' definition results in discovery requests that are meaningless. Network-1 will interpret this term to mean "BAXL Technologies, Inc."

## Specific Objections and Responses

Subject to these general objections and the following specific objections, Network-1 provides the following responses to Defendants' interrogatories:

**Interrogatory No. 1:**

If you contend that any statement of fact or law set forth in Defendants' Invalidity Contentions, including, without limitation, the claim charts attached thereto as Exhibits A-JJ, is inaccurate, incorrect, misleading, or otherwise in error, (a) identify each such statement; (b) state the entire basis for your contention that each such statement is inaccurate, incorrect, misleading, or otherwise in error; and ( c) identify all documents that support or form the basis for your contention that each such statement is inaccurate, incorrect, misleading, or otherwise in error.

Your answer should include, for each reference cited by Defendants, any contention as to which claim limitation is absent from such reference, any contention that such reference is not "prior art" to the claim to which it has been applied and specifically identifying for which claim(s) such reference is not prior art, including any contention that such reference was not a "printed publication" at a relevant date within the meaning of 35 U.S.C. § 102, as well as the full basis for all such contentions. Your answer should also include a full explanation for any reasons why the references on which the Defendants rely in support of their obviousness contentions would not be combined.

**Response:**

Network-1 objects to this interrogatory to the extent it incorporates any of Defendants' definitions or instructions that are objected to above, for the reasons stated above. Network-1 objects to the extent this interrogatory calls for the disclosure of attorney opinions, the identity of expert consultants, consultant opinions, or other information subject to the work product privilege, expert disclosure limitations, or the attorney-client privilege. Network-1 further objects to this interrogatory to the extent it calls for disclosure of expert opinions prior to the deadlines set forth in the Court's Discovery Order.

Network-1 objects to this interrogatory as being a premature contention interrogatory and as seeking expert opinions in advance of the court ordered deadlines for claim construction and expert discovery. *See, e.g., Jacobs Chuck Manufacturing Co. v. Shandong Weida Machinery*, C.A. No. 2:05-CV-185-TJW, Docket No. 93 (E.D. Tex. Aug. 18, 2006) ("A requirement that a party provide contentions of this sort early in the litigation is in tension with the established time frames for declaring claim construction positions provided by the Patent Rules. Moreover, if the court required the plaintiffs to answer such an interrogatory at this stage of the case, the court would run the risk of requiring the disclosure of information protected by attorney client privilge and work product doctrine.").

Network-1 objects to this interrogatory on the grounds that it is compound and contains multiple subparts in contravention of F.R.C.P. Rule 33 and Section 4.A.1 of the Court's July 17, 2008 Discovery Order.

**Interrogatory No. 2:**