# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OVERTURE SERVICES, INC.<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE INC.<br><br>Defendants. | No. C-02-1991 CRB (EDL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORY NO. 10** |

I.  **INTRODUCTION**

Plaintiff Overture Services, Inc. ("Overture") alleges that Google, Inc. ("Google") infringes its U.S. Patent No. 6,269,361 ("the '361 patent"). Google has asserted an affirmative defense, and a counterclaim for declaratory judgment, of non-infringement. Overture's Motion to Compel a response to Interrogatory No. 10 is presently before the Court. The could held a hearing on the motion on January 6, 2004 and the parties appeared through their respective counsel. For the following reasons, Plaintiff's Motion to Compel Responses to Interrogatory No. 10 is Granted in Part and Denied in part without prejudice.

II.  **DISCUSSION**

On September 22, 2003, Overture served Google with Overture's Fourth Set of Interrogatories. The fourth set included only Interrogatory No. 10, which stated:

> Fully describe Google's bases for its assertion of noninfringement of the '361 patent, including an identification of each claim limitation that Google contends is not present in Google's Sponsored Search System, and a statement of whether Google's Sponsored Search System provides an equivalent to each claim limitation that Google alleges is not present in Google's Sponsored Search System.

(McMahon Decl. Exh. A). Google objected, asserting that the interrogatory is: 1) compound in that it seeks information about each of sixty-two asserted claims and also in that it seeks information about literal infringement and infringement under the doctrine of equivalents; 2) vague, ambiguous, overly broad, or unduly burdensome; and 3) premature because the Court has not yet construed the asserted claims.

### A. Interrogatory No. 10 is Not Compound

Google asserts that Interrogatory No. 10 exceeds the limit of interrogatories that may be served without leave of court. The Federal Rules of Civil Procedure provide: [E]ach party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts..." Fed.R.Civ.P. 33. The parties may, however, stipulate to more or obtain leave of Court. Reasonable parties should stipulate in patent cases, which are more complex than the average federal case for which the presumptive limitations was developed. This Court would grant leave. In any event, interrogatories which include subparts are treated as one interrogatory if the "subparts . . . are logically or factually subsumed within and necessarily related to the primary question." Safeco v. Rawstron, 181 F.R.D. 441, 444 (C.D. Cal. 1998); Ginn v. Gemini Inc., 13 F.R.D. 320, 322 (D. Nev. 1991). To determine if subparts are necessarily related to the primary question, courts ask whether the "subsequent question [could] stand alone[.]" Safeco, 181 F.R.D. at 445, quoting Kendall v. GES Exposition Servs., Inc., 174 F.R.D. 684, 685 (D. Nev. 1997). "A question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication." See Safeco v. Rawstron, 181 F.R.D. 441, 444 (C.D. Cal. 1998) (citing Advisory Committee Note of 1993).

Google asserts that Interrogatory No. 10 should be counted as 67 interrogatories because it asks about 67 different claims of the '361 patent and because it asks about literal infringement and as well as infringement under the doctrine of equivalents. Interrogatory No. 10, however, asks a primary question regarding the basis behind Google's assertion that it does not infringe the '361 patent. The question of

2

which claim limitations Google is asserting are not present in Google's search system is necessarily subsumed within the primary question and aimed at "eliciting details concerning the common theme . . . ." Safeco, 181 F.R.D. at 444 (citation omitted.) In order to establish non-infringement, Google will have to show that at least one limitation of every asserted claim is absent from its accused system. Infringement under the doctrine of equivalents and literal infringement are distinct enough to require the separate counting of "subparts," and in its Reply, Overture agrees to count Interrogatory No. 10 as two interrogatories. (Reply at 3.). Accordingly, Interrogatory No. 10 shall count as two separate Interrogatories.

**B.     Interrogatory No. 10 is Unduly Burdensome and Premature At This Time**

The Federal Rules of Civil Procedure contain, as their first rule, the requirement that the Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1. In relating to interrogatories, the Rules provide:

> An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time.

Fed. R. Civ. P. 33(c). Additionally, as with all discovery, a Court must consider whether a contention interrogatory is "unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation." Fed.R.Civ.P. 26(b)(2)(iii).

Contention interrogatories propounded in the early stages of discovery can be either a useful tool to narrow the issues in dispute or a serious form of discovery abuse. In re Convergent Technologies Securities Litigation, 108 F.R.D. 328, 337 (N.D.Cal. 1985). Accordingly, the party seeking early responses to contention interrogatories must "present specific, plausible grounds for believing that securing early answers to its contention questions will materially advance the goals of the Federal Rules of Civil Procedure." Id. at 339. The most relevant factors in evaluating whether early contention interrogatories are an efficient tool are: 1) whether the information is in the hands of the proponent or respondent; 2) whether it makes sense to seek the information at an early stage of the litigation; 3) how the request made at this stage furthers the adjudication of the case; and 4) whether the benefits of the early request outweigh the burden in responding. See Nelson v. Capital One Bank, 206 F.R.D. 499, 501 (N.D. Cal. 2001).

1    In this case, discovery is still in the early stages and the court has not yet set a deadline for the completion of discovery. Pursuant to Patent Local Rule 3-1, Overture has provided its Disclosure of Asserted Claims and Preliminary Infringement Contentions. As part of its contentions, Overture identified 62 claims of the '361 patent that it alleges Google infringes. Pursuant to Patent L.R. 3-3, Google has provided its Preliminary Invalidity Contentions. The Court has not yet construed the claims pursuant to Markman v. Westview Instruments, Inc., 517 U.S. 370 (1996). Interrogatory No. 10 is very broad and appears to seek all of the facts and theories behind Google's contention of non-infringement. Such a sweeping contention interrogatory is premature. At the hearing, however, Plaintiff stressed its need for the subset of information regarding which claim limitations Google contends are not present in the Google search system. This question could narrow the issues in dispute and is not disproportionately burdensome. Additionally, Google is in sole possession of its contentions. Thus, to the extent that Interrogatory No. 10 asks Google to disclose each claim limitation of the '361 patent which it asserts is not present in Google's search system, the Court will order an early response.

However, to the extent that Interrogatory No. 10 also seeks more detailed information, including, all the facts and theories behind Google's contention of non-infringement, the balance weighs against an early response. The facts and theories in support of the contention of non-infringement are not yet well developed. While Overture points out that Google can amend its responses, that process would be inefficient and does little to narrow the issues now when any response will almost certainly have to be amended later. Accordingly, Overture's Motion to Compel Responses to Interrogatory No. 10 is denied in part without prejudice as to all support for Google's contention of non-infringement. The parties are directed to meet and confer to agree upon a time, after Overture provides it Final Infringement Contentions, for Google to respond completely to Interrogatory No. 10.

### III. CONCLUSION

For the foregoing reasons, It Is Hereby Ordered That:

1) Overture's Motion to Compel Responses to Interrogatory No. 10 is Granted in Part and Google is Ordered to respond, on or before January 20, 2004, to Interrogatory No. 10 by disclosing each claim limitation that it contends is not present in its search system.

2) Overture's Motion to Compel Responses to Interrogatory No. 10 is Denied in Part without

4

1  prejudice as to the facts and/or theories behind Google's contentions. The parties are Ordered to meet and
2  confer to agree upon a time for Google to provide a complete response.

4      IT IS SO ORDERED.

6  Dated: January 8, 2004

                                         ( Electronic Signature Authorized )
                                         ELIZABETH D. LAPORTE
                                         United States Magistrate Judge