# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:06-CV-72 DF |
| | § | |
| WELLS FARGO & COMPANY, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Defendants' BancorpSouth and First Tennessee Bank's ("Defendants'") Motion to Compel Plaintiff's Rule 30(b)(6) Depositions. Dkt. No. 1446. Also before the Court are Plaintiff's response, Defendants' reply, and Plaintiff's sur-reply. Dkt. Nos. 1494, 1520, and 1547, respectively. Having considered the briefing and all relevant papers and pleadings, the Court finds that Defendants' motion should be DENIED.

## I. DISCUSSION

Defendants' motion outlines discussions since August 2009 in which Defendants pressed Plaintiff for depositions pursuant to Federal Rule of Civil Procedure ("Rule") 30(b)(6). Dkt. No. 1446 at 1-4. Defendants submit that after much delay, Plaintiff designated a Rule 30(b)(6) witness for some but not all of the topics noticed by Defendants on July 21, 2009. *Id.* at 3, 4, and 6. Defendants submit that Plaintiff's "late designation of a corporate representative, failure to designate a representative on all of the topics of inquiry, and improper assertion of the attorney-client privilege have severely prejudiced [Defendants] and make this motion necessary." *Id.* at 4. Defendants also submit that Plaintiff failed to timely seek a protective order as to Rule 30(b)(6)

1

topics for which Plaintiff refused to designate a witness. *Id.* at 6. As to privilege, Defendants submit that Plaintiff's Rule 30(b)(6) designee, Keith Delucia, "was repeatedly asked about the *factual* basis for [Plaintiff's] actions and allegations in this case, and he steadfastly refused to answer." *Id.* at 8.

Plaintiff responds that "many of the topics noticed by [Defendants] were not proper subjects for testimony by a corporate representative," including "information protected by the attorney-client privilege as well as information that should be, and is[,] the subject of expert testimony and expert reports." Dkt. No. 1494 at 1. As to purported delay, Plaintiff submits that although some time elapsed between Defendants' July 21, 2009 notice and the September 24, 2009 deposition, Plaintiff did not "stall[]" given that many defendants had served Rule 30(b)(6) deposition notices and that "[t]o be as efficient as possible, [Plaintiff] attempted to arrange for as many similarly noticed depositions as possible . . . to be taken at the same time." *Id.* at 7-8. Plaintiff also emphasizes that Defendants had notice of the September 24, 2009 Rule 30(b)(6) deposition of Mr. Delucia and questioned the witness. *Id.* at 8. Plaintiff further argues that certain topics "delve deeper into the systems and methods of the patents than [Plaintiff's] corporate representative would have knowledge or to which such a deponent would be able to properly prepare." *Id.* at 10. Plaintiff urges that "[t]he information sought in these topics relate directly to the specific elements of the claims of the patents – issues that should be and will be addressed by [Plaintiff's] experts in their reports and depositions." *Id.* at 11.

Defendants reply that because Plaintiff did not designate Mr. Delucia for Defendants' Rule 30(b)(6) topics until "near the end of a two-day deposition conducted on September 24 and 25," Plaintiffs "did not provide ample time for preparation or examination." Dkt. No. 1520 at 1

2

and 2. Defendants submit, in fact, that Plaintiff "affirmatively stated that it *would not offer* a corporate representative to [Defendants]." *Id.* at 2. Defendants also argue that Plaintiff's counsel improperly instructed its Rule 30(b)(6) designee not to answer, based on attorney-client privilege, several questions regarding the factual basis for Plaintiff's claims. *Id.* at 3-4. As to whether Defendants should wait for expert reports, Defendants argue that "[Plaintiff] has a duty to provide testimony and answer the questions propounded to the full extent it can at this time." *Id.* at 5.

In sur-reply, Plaintiff argues that Defendants' motion is now moot in light of expert reports served by Plaintiff. Dkt. No. 1547 at 1. Plaintiff attaches to its sur-reply the expert reports of Prof. John Hiles and Hugh Smith, Ph.D. *See id.* at Exs. B and C. Plaintiff also submits that depositions of these experts are set for November 18-19, 2009. *Id.* at 2 n.2.

Defendants noticed the following topics pursuant to Rule 30(b)(6):[1]

1. All facts that support Your contention that BXS[2] has infringed any of the asserted claims of the '988 patent and/or the '137 Patent.

2. All facts that support Your contention that BancorpSouth has infringed any of the asserted claims of the '988 patent and/or the '137 Patent.

3. As to topics 1 and 2, above, all facts that support your contention that any such alleged infringement was or is willful.

4. If You contend that BancorpSouth and/or BXS have experienced cost savings as a result of any alleged infringement of either or both of the Patents-in-suit, all facts and information that support such contention as to each BancorpSouth and BXS, including any facts establishing the nature and amount of such savings.

---

[1] Defendants BancorpSouth and First Tennessee Bank each served their own notice, but the Defendants' two lists of topics are substantially identical to one another. Compare Dkt. No. 1446 at Ex. A *with* Ex. B.

[2] "BXS" refers to Defendant BancorpSouth, Inc. *See* Dkt. No. 1446, Ex. A at 3.

3

5. If You contend that You would have made some amount of profit if not for any alleged infringement of the Patents-in-suit by BancorpSouth and/or BXS, any analysis facts or information relating to or supporting such contention as to each BancorpSouth and/or BXS.

6. All acts and omissions of BXS, and any other facts, on which You base Your liability claims against BXS in the Lawsuit.

7. All facts upon which You base Your allegations concerning BXS in Count Seven of Your Fourth Amended Complaint For Patent Infringement filed in the Lawsuit.

8. If You seek to recover any monetary damages from BancorpSouth and/or BXS in this Lawsuit, the factual bases underlying any and all such damage claims, including Your determination of the amount of any such damages sought from each BancorpSouth and BXS.

9. The procedure and results of any investigation by DataTreasury before this Lawsuit was filed relating to the substance of DataTreasury's allegations against each BancorpSouth and BXS.

10. All factual bases for any contention by DataTreasury that any BancorpSouth or BXS Accused Products transmit "encrypted subsystem identification information and encrypted paper transaction data."

11. Any communications between DataTreasury, on the one hand; and BancorpSouth or BXS, on the other hand.

12. The first notice that DataTreasury provided (a) BancorpSouth or (b) BXS of the Patents-in-suit.

13. With respect to the BancorpSouth or BXS Accused Products, the identification of a remote subsystem, intermediate subsystem, and central subsystem that you contend exists, or has existed within each at any time since February 2000.

14. All factual bases for any contention by DataTreasury that any BancorpSouth or BXS Accused Products satisfy the "remote data access subsystem(s)," "the central data processing subsystem," the "remote subsystem," the "intermediate subsystem(s)," and the "central subsystem" elements of the Patents-in-suit.

15. All factual bases for any contention by DataTreasury that any BancorpSouth or BXS Accused Products satisfy the "at least one first local area network," "at

4

least one second local area network," "at least one third local area network," "at least one wide area network" and "tiered architecture" limitations of the Patents-in-suit.

16. For each of the BancorpSouth or BXS Accused Products, all facts that you contend demonstrate that a local area network for a remote data access subsystem is distinct from a local area network for an intermediate data collecting subsystem which is further distinct from a local area network for a central data processing subsystem.

Dkt. No. 1446 at Exs. A and B.

The parties' briefing does not specifically identify topics for which a witness was ultimately designated, but the submitted deposition excerpts provide some insight. *See* 9/25/2009 Delucia dep., Dkt. No. 1494, Ex. 1 at 135:1-136:23 (offering to designate Mr. Delucia as to Defendants' topics 1-6, 8, 9, 11, and 12). Plaintiff thus apparently failed to designate a Rule 30(b)(6) witness at all for topics 7, 10, and 13-16. In fact, Plaintiff instructed its Rule 30(b)(6) witness not to answer questions on those topics during his deposition. *See id.* at 163:10-167:22.

Nonetheless, a review of the expert reports attached to Plaintiff's sur-reply suggests that the bulk of Defendants' Rule 30(b)(6) topics, to the extent not already addressed, will be adequately addressed through expert reports and expert discovery. *See* Dkt. No. 1547 at Exs. B and C. Defendants' motion thus appears moot at this time.

As to timeliness of designation, Plaintiff notified all defendants in the above-captioned case by an August 25, 2009 letter that Plaintiff intended to offer a corporate representative on September 24-25 as to "the remaining 30(b)(6) testimony of [Plaintiff]." *See* 8/25/2009 letter from Bruster, Dkt. No. 1494, Ex. 2 at 7 of 9. On one hand, Defendants evidently had one month to adequately prepare to question Plaintiff's 30(b)(6) designee. On the other hand, the August 25, 2009 letter did not list Defendants' notices among the Rule 30(b)(6) notices to be addressed.

*See id.* at 7-8. Defendants' counsel pointed this out to Plaintiff, and Plaintiff confirmed that it did not intended to produce a Rule 30(b)(6) witness in response to Defendants' notices. *See* e-mail correspondence, Dkt. No. 1446 at Exs. I and L. Plaintiff then apparently reversed course during the September 25, 2009 deposition and designated Mr. Delucia for some of Defendants' Rule 30(b)(6) topics. *See* 9/25/2009 Delucia dep., Dkt. No. 1494, Ex. 1 at 135:1-136:23. The Court need not resolve timeliness of designation, however, because Defendants' Rule 30(b)(6) topics are apparently now more thoroughly addressed in Plaintiff's expert reports than was possible in Plaintiff's Rule 30(b)(6) deposition.

As to whether Plaintiff obstructed questioning, the deposition transcript reflects that Plaintiff's counsel repeatedly cautioned its witness "not to disclose the contents of any attorney-client communication." *See, e.g.*, Dkt. No. 1494, Ex. 1 at 151:4-152:23. Because expert reports and expert discovery are a more proper vehicle for discovery on the topics at issue, however, the Court need not resolve whether Plaintiff's Rule 30(b)(6) deposition was obstructionist or otherwise inadequate.

On balance, although Plaintiff's handling of Defendants' Rule 30(b)(6) notices has been somewhat less than exemplary, Defendants have not shown that compelling an additional Rule 30(b)(6) deposition of Plaintiff would be productive or appropriate. If any of Defendants' Rule 30(b)(6) topics remain inadequately addressed after expert discovery, Defendants can renew any remaining grievances through appropriate motion. Defendants' motion should therefore be DENIED.

The Court defers ruling on whether to award any expenses pursuant to Rule 26(c)(3) and Rule 37(a)(5). The Court therefore makes no award of expenses at this time.

## II. CONCLUSION

For at least the reasons set forth above, Defendants' BancorpSouth and First Tennessee Bank's Motion to Compel Plaintiff's Rule 30(b)(6) Depositions (Dkt. No. 1446) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 23rd day of November, 2009.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE