# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| NETWORK-1 SECURITY SOLUTIONS, INC. | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CASE NO. 6:08 CV 30<br>PATENT CASE |
| CISCO SYSTEMS, INC., ET AL | § § § | |
| Defendants. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Amend Infringement Contentions (Docket No. 176). Having considered the parties' written submissions, the Court **GRANTS** in part and **DENIES** in part the motion.

## BACKGROUND

On February 2, 2008, Network-1 Security Solutions, Inc. ("Network-1") brought suit against Cisco Systems, Inc., Cisco-Linksys, L.L.C., Adtran, Inc., Enterasys Networks, Inc., Extreme Networks, Inc., Foundry Networks, Inc., Netgear, Inc., and 3Com Corporation (collectively, "Defendants") alleging infringement of U.S. Patent No. 6, 218,930 (the "'930 Patent"). The '930 Patent relates to an apparatus and method for remotely powering access equipment over a 10/100 switched ethernet network. Network-1 served its original infringement contentions on July 30, 2008, and served its supplemental infringement contentions on September 28, 2008. On August 18, 2009, Network-1 moved for leave to amend its Infringement Contentions.

## APPLICABLE LAW

Federal Rule of Civil Procedure 16(b) allows a party to modify the Court's Docket Control Order upon a showing of good cause. FED. R. CIV. P. 16. The good cause standard requires the party seeking relief to show that, despite its exercise of diligence, it cannot reasonably meet the scheduling deadlines. *S & W Enters., L.L.C. v. Southtrust Bank of Alabama*, 315 F.3d 533, 535 (5th Cir. 2003). The Court has broad discretion to allow scheduling order modifications and considers four factors to determine if modification is appropriate: (1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice. *Id.* at 536.

## ANALYSIS

Network-1 seeks to make three groups of amendments to its infringement contentions: (1) adding examples of Defendants' devices, (2) adding alternative literal infringement and doctrine of equivalents theories, and (3) adding means-plus-function structure details for "sensing means" and "control means."[1] Defendants are unopposed to Network-1's first group of amendments to add new examples of Defendants' 802.3af compliant devices. Therefore, the Court **GRANTS** in part Plaintiff's Motion to Amend Infringement Contentions as to the addition of Defendants' devices.

<u>Explanation for Failure to Meet the Deadline</u>

Network-1 contends that it diligently proposed its amendments shortly after Defendants proposed their constructions and that any delay resulted from Defendants' failure to provide their

---

[1] As the Court has granted Defendants' Motion for Partial Summary Judgment of Invalidity for Indefiniteness that the term "control means" is indefinite, this motion is moot as to that term.

non-infringement positions in discovery. Defendants counter that Network-1 provides no explanation for its delay, which was more than one year after its original infringement contentions, and no showing of diligence to account for the delay. Defendants also assert that Network-1's alternative theories are based on the Court's previous constructions for the '930 Patent[2] or on publicly available information.

Network-1 seeks to add alternative literal infringement and doctrine of equivalents theories for several terms. The first factor weighs against granting leave as to "secondary power source" and "low level current" because Defendants' asserted constructions for these two terms could be anticipated by Network-1 since they were the Court's constructions in the *D-Link* case. Further, Network-1 could have anticipated that the Court itself would adopt the same constructions in the present case as it did in the *D-Link* case. In contrast, the first factor weighs in favor of granting leave as to "main power source" and "preselected condition" because, as Defendants admit, Defendants' proposals for these two terms were unanticipated by Network-1.

Network-1 also seeks to add means-plus-function structure details for "sensing means." The first factor weighs against granting leave as to "sensing means" because the amendment is based on Network-1's own proposed construction so there is no reason for the delay.

Thus, the first factor weighs against granting leave to amend as to "secondary power source," "low level current," and "sensing means," and weighs in favor of granting leave as to "main power source" and "low level current."

Importance of What Would be Excluded

Network-1 contends that its doctrine of equivalents theories would allow it to prove that

---

[2] The Court's previous constructions for the '930 Patent were in *Network-1 Sec. Solutions, Inc. v. D-Link Corp. & D-Link Sys., Inc.*, Case. No. 6:05cv291, Memorandum Opinion and Order (Docket No. 137) (E.D. Tex. Nov. 20, 2006) (the "*D-Link* case").

3

Defendants' products are substantially equivalent instead of identical to the patent claims and would give it an alternate means for proving infringement. Defendants counter that Network-1 failed to show that its proposed amendments are more essential to its case than its original infringement contentions. Further, Defendants also assert that Network-1 downplays the amendments' impact by claiming that they are merely alternatives.

Network-1 has demonstrated that the addition of the equivalents theories is important as an alternate means to prove infringement, thus the second factor weighs in favor of granting leave as to the terms "secondary power source," "low level current," "main power source," and "low level current." However, Network-1 does not articulate the importance of adding means-plus-function structure details, thus the second factor weighs against granting leave as to the terms "sensing means."

Prejudice

Network-1 contends that Defendants are not prejudiced because it is maintaining the same primary infringement theories and being helpful by adding details for the means-plus-function analysis. Network-1 also argues that the contentions are being disclosed early in the litigation because trial is not until July 2010 and that it would allow depositions to be reopened and leave to amend invalidity contentions in response. Defendants counter that they are prejudiced because the case has been pending since February 2008 and more than one year of discovery has already occurred. Defendants also assert that they have relied on the current infringement contentions to formulate their litigation strategy, particularly because they already allowed Network-1 to make extensive amendments to its infringement contentions once.

Defendants will incur some prejudice if leave is granted because of the amount of discovery that had already occurred and the stage of the litigation at the time the motion was filed in August

4

2009. However, filing the motion in August 2009 allowed Defendants ample time to complete any additional necessary discovery based on the amendment. Thus, the third factor only slightly weighs against granting leave based on the prejudice faced by Defendants.

Availability of a Continuance

Network-1 contends that there is no material prejudice so it is unnecessary to even consider a continuance. Network-1 further argues that a continuance would be appropriate if Defendants established the good cause factors support denial. Defendants counter that a continuance should not be available since there is no good cause based on the other factors. Defendants also assert that Network-1's amendments could have been included at the outset of the litigation, so granting leave would be contrary to efficient adjudication.

A continuance is contrary to efficient adjudication and is not likely to remedy any potential prejudice that Defendants might suffer considering that trial is approaching in July 2010 and that Defendants have formulated their litigation strategy based on the current infringement contentions. Thus, the fourth factor also weighs against granting leave.

Weighing the Factors

For the second group of amendments to add alternative literal infringement and doctrine of equivalents theories, the first, third, and fourth factors weigh against granting leave as to "secondary power source" and "low level current." Most importantly, Network-1's explanations for its failure to supplement before the deadline for these terms have no merit. Thus, the Court **DENIES** in part Network-1's Motion to Amend Infringement Contentions for adding alternative theories as to "secondary power source" and "low level current." However, the first factor heavily weighs in favor of granting leave as to "main power source" and "preselected condition" because Defendants' proposals were unanticipated. Thus, after balancing the four factors with the first two weighing

heavily in favor of granting leave, the Court **GRANTS** in part Network-1's Motion to Amend Infringement Contentions for adding alternative theories as to "main power source" and "preselected condition."

All factors weigh against granting leave as to the third group of amendments to add means-plus-function structure details for "sensing means." Thus, the Court **DENIES** in part Network-1's Motion to Amend Infringement Contentions as to the addition of means-plus-function structure details.

## CONCLUSION

Accordingly, Plaintiff's Motion to Amend Infringement Contentions is **GRANTED** in part and **DENIED** in part.

**So ORDERED and SIGNED this 16th day of February, 2010.**

**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**