UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| NETWORK-1 SECURITY SOLUTIONS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CISCO SYSTEMS, INC., a California corporation; CISCO-LINKSYS, L.L.C., a California Limited Liability Company; ADTRAN, INC., a Delaware corporation; ENTERASYS NETWORKS, INC., a Delaware corporation; EXTREME NETWORKS, INC., a Delaware corporation; FOUNDRY NETWORKS, INC., a Delaware corporation; NETGEAR, INC., a Delaware corporation; 3COM CORPORATION, a Delaware corporation,<br><br>Defendants. | Case No. 6:08-CV-00030 (LED)<br><br>**STIPULATION AND ORDER OF DISMISSAL** |

Upon the consent of plaintiff Network-1 Security Solutions, Inc. and defendants Cisco Systems, Inc., Cisco-Linksys, L.L.C., Adtran, Inc., Enterasys Networks, Inc., Extreme Networks, Inc., Foundry Networks, L.L.C., and 3COM Corp., the parties enter into the following Stipulation and request an Order of Dismissal regarding various defenses and counterclaims pled by defendants as specified herein.

1.   This is an action by Network-1 claiming infringement of U.S. Patent No. 6,218,930 ("the '930 Patent").

2.   As part of defendants' respective answers, the defendants raised various defenses and counterclaims in this action, including defenses based on the submission of a letter of assurance by the prior owner of the '930 patent to the IEEE in connection with the promulgation

1

of the IEEE 802.3af standard.  These defenses and counterclaims are collectively referred to as "RAND" related defenses and counterclaims.

3. In the interest of judicial economy, the undersigned defendants have agreed to dismiss certain RAND related defenses and counterclaims as specified herein.

4. Plaintiff Network-1 has agreed to withdraw the portions of its Motion for Partial Summary Judgment of Defendants' "RAND" related Defenses and Counterclaims (D.I. 344) that relate to those defenses and counterclaims that are to be dismissed pursuant to this Order.

**Cisco Systems, Inc. ("Cisco") and Cisco-Linksys, L.L.C. ("Linksys")**

5. Plaintiff Network-1 and defendants Cisco and Linksys jointly stipulate and move the Court to dismiss with prejudice the following counterclaims as pled by Cisco and Linksys in their Third Amended Answer of Cisco Systems, Inc. and Cisco-Linksys, L.L.C. to Original Complaint For Patent Infringement and Counterclaims dated August 24, 2009 (D.I. 178): Counterclaim No. Four (Breach of Contract) and Counterclaim No. Five (Promissory Estoppel).

**Adtran, Inc., ("Adtran")**

6. Plaintiff Network-1 and defendant Adtran jointly stipulate and move the Court to dismiss with prejudice the following defenses and counterclaims as pled by Adtran in its First Amended Answer and Counterclaims dated August 24, 2009 (D.I. 181):  Affirmative Defense No. Four (Unclean Hands), and Counterclaim No. Four (Declaratory Judgment of Unenforceability of the '930 Patent Due to Unclean Hands).

**Enterasys Networks, Inc. ("Enterasys")**

7. Plaintiff Network-1 and defendant Enterasys jointly stipulate and move the Court to dismiss with prejudice the following defenses and counterclaims as pled by Enterasys in its First Amended Answer and Counterclaims to Network-1 Security Solutions, Inc.'s Complaint for

Patent Infringement (D.I. 180):  Affirmative Defense No. Seven (obligation to license), Affirmative Defense No. Eleven (Unclean Hands), Counterclaim No. Four (unfair competition), Counterclaim No. Five (breach of obligation to license), Counterclaim No. Six (declaratory judgment of what constitutes RAND), and Counterclaim No. Seven (declaratory judgment of unenforceability based on breach of RAND).

**Extreme Networks, Inc. ("Extreme")**

8. Plaintiff Network-1 and defendant Extreme jointly stipulate and move the Court to dismiss with prejudice the following defenses and counterclaims as pled by Extreme in its Second Amended Answer to Plaintiff's Original Complaint For Patent Infringement, Affirmative Defenses, and Counterclaims Against Plaintiff filed on August 25, 2009 (D.I. 185):  Affirmative Defense No. Eleven (License, Implied License, Waiver, Estoppel), Affirmative Defense No. Fifteen (Unclean Hands), Affirmative Defense No. Sixteen (Patent Misuse), Counterclaim No. Three (Breach of obligation to license/breach of contract), and Counterclaim No. Four (Declaratory Judgment of what constitutes Fair Reasonable and Non-Discriminatory Terms).

**Foundry Networks, L.L.C. ("Foundry")**

9. Plaintiff Network-1 and defendant Foundry jointly stipulate and move the Court to dismiss with prejudice the following defenses and counterclaims as pled by Foundry in its Third Amended Answer to Complaint For Patent Infringement and Counterclaims (D.I. 182): Affirmative Defense No. Nine (obligation to license), Affirmative Defense No. Thirteen (unclean hands), Counterclaim No. Seven (breach of obligation to license/breach of contract), Counterclaim No. Eight (declaratory judgment regarding what is RAND), and Counterclaim No. Nine (declaratory judgment of unenforceability based on failure to offer a RAND license).

**3COM Corp. ("3COM")**

10. Plaintiff Network-1 and defendant 3COM jointly stipulate and move the Court to dismiss with prejudice the following defenses and counterclaims as pled by 3COM in its Third Amended Answer and Counterclaims dated August 24, 2009 (D.I. 183): Affirmative Defense No. Nine (Patent Misuse), Affirmative Defense No. Ten (Obligation to License), Affirmative Defense No. Thirteen (Unclean Hands) and Counterclaim No. Three (Breach of Contract).

11. The dismissal of the claims pursuant to this stipulation has no impact or effect on any other issues in this case.

12. It is further stipulated and agreed that each of the parties to this Stipulation shall bear and pay its own costs, expenses and attorney's fees incurred in connection with the dismissal of said defenses and counterclaims.

**So ORDERED and SIGNED this 1st day of June, 2010.**

**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**