# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| NETWORK-1 SECURITY SOLUTIONS, INC., a Delaware corporation, | |
| Plaintiff, | CASE NO. 6:08cv030-LED |
| vs. | Jury Demanded |
| CISCO SYSTEMS, INC., a California corporation; CISCO-LINKSYS, L.L.C., a California Limited Liability Company; ADTRAN, INC., a Delaware corporation; ENTERASYS NETWORKS, INC., a Delaware corporation; EXTREME NETWORKS, INC., a Delaware corporation; FOUNDRY NETWORKS, INC., a Delaware corporation; NETGEAR, INC., a Delaware corporation; 3COM CORPORATION, a Delaware corporation; | |
| Defendants. | |

## Order

The Court, having read and considered the parties' Notice of Agreed Motions *in limine* and Request for Order, and good cause appearing, hereby ORDERS as follows:

1. The parties are precluded from referencing or discussing the content of any settlement discussions between the parties in this case, or others working on their behalf, regarding this lawsuit.

2. Defendants are precluded from introducing evidence or argument regarding the terms of Network-1's agreement with trial counsel or from mentioning or referring to the nature of Network-1's agreement with counsel.

3. The parties agree that Network-1 shall offer no evidence, testimony, or argument that any two or more defendants acted jointly or in concert in any respect with regard to Network-1. By way of example, but not by way of limitation, Network-1 shall not offer any evidence that all or some defendants acted together to disadvantage Network-1's licensing efforts or other business interests. For the avoidance of doubt, this stipulation does not extend to any attempt to introduce evidence by any party that the accused devices of a defendant may be used in connection with the accused devices of another defendant.

4. Network-1 is precluded from offering evidence, testimony, or argument of alleged infringement or damages related to Adtran, Inc. before February 7, 2008. The foregoing does not, however, preclude Network-1 from offering evidence, testimony, or argument that Adtran manufactured or sold accused products prior to the filing of the lawsuit.

5. Network-1 is precluded from arguing that any alleged infringement by Adtran, Inc. was willful.

6. Network-1 is precluded from offering evidence, testimony, and/or argument regarding or relating to Brocade Communication Systems, Inc.'s acquisition of Foundry Networks, Inc. to the extent that such evidence, testimony, and/or argument is not contained within the expert report of Mr. Mills. Network-1 is not precluded from establishing the fact that the acquisition did, in fact, occur.

7. Network-1 is precluded from offering evidence, testimony, and/or argument regarding or relating to Hewlett-Packard Company's acquisition of 3Com Corporation to the extent that such evidence, testimony, and/or argument is not contained within the expert report of Mr. Mills. Network-1 is not precluded from establishing the fact that the acquisition did, in fact, occur.

8. Defendants are precluded from offering any evidence during the jury trial regarding their reliance on the Merlot letter of assurance.

9. The parties are precluded from offering any evidence or argument during the jury trial that Merlot or Network-1 agreed to license the patent on "RAND" terms to the extent they argue that RAND requires below market license rates, the same license rates for all potential licenses, or license rates that would be agreed to under circumstances were no implicated standard had yet been approved or that Merlot or Network-1 breached any such agreement.

**So ORDERED and SIGNED this 24th day of June, 2010.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**