**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| NETWORK-1 SECURITY SOLUTIONS, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>CISCO SYSTEMS, INC., a California corporation; CISCO-LINKSYS, L.L.C., a California Limited Liability Company; ADTRAN, INC., a Delaware corporation; ENTERASYS NETWORKS, INC., a Delaware corporation; EXTREME NETWORKS, INC., a Delaware corporation; FOUNDRY NETWORKS, INC., a Delaware corporation; NETGEAR, INC., a Delaware corporation; 3COM CORPORATION, a Delaware corporation,<br><br>    Defendants. | Case No. 6:08cv030-LED<br><br>**JURY DEMANDED** |

**JOINT LIST OF BENCH TRIAL ISSUES**

Pursuant to the Court's Order dated June 25, 2010 (Docket No. 472), the parties hereby jointly submit the following list of bench-trial issues.

**LACHES**

1. Has Cisco proved, by a preponderance of the evidence, that Network-1 and Merlot delayed filing suit for an unreasonable and inexcusable length of time from the time they knew or reasonably should have known of their claim against Cisco?

2. Has Cisco proved, by a preponderance of the evidence, that the delay operated to the prejudice or injury of Cisco?

3. Has Linksys proved, by a preponderance of the evidence, that Network-1 and Merlot delayed filing suit for an unreasonable and inexcusable length of time from the time they knew or reasonably should have known of their claim against Linksys?

4. Has Linksys proved, by a preponderance of the evidence, that the delay operated to the prejudice or injury of Linksys?

5. Has Enterasys proved, by a preponderance of the evidence, that Network-1 and Merlot delayed filing suit for an unreasonable and inexcusable length of time from the time they knew or reasonably should have known of their claim against Enterasys?

6. Has Enterasys proved, by a preponderance of the evidence, that the delay operated to the prejudice or injury of Enterasys?

7. Has Extreme proved, by a preponderance of the evidence, that Network-1 and Merlot delayed filing suit for an unreasonable and inexcusable length of time from the time they knew or reasonably should have known of their claim against Extreme?

8. Has Extreme proved, by a preponderance of the evidence, that the delay operated to the prejudice or injury of Extreme?

9. Has Foundry proved, by a preponderance of the evidence, that Network-1 and Merlot delayed filing suit for an unreasonable and inexcusable length of time from the time they knew or reasonably should have known of their claim against Foundry?

10. Has Foundry proved, by a preponderance of the evidence, that the delay operated to the prejudice or injury of Foundry?

11. Has 3Com proved, by a preponderance of the evidence, that Network-1 and Merlot delayed filing suit for an unreasonable and inexcusable length of time from the time they knew or reasonably should have known of their claim against 3Com?

12. Has 3Com proved, by a preponderance of the evidence, that the delay operated to the prejudice or injury of 3Com?

**WILLFULNESS**[1]

1. Has Network-1 proved, by clear and convincing evidence, that Cisco's infringement of the '930 patent was willful?

2. Has Network-1 proved, by clear and convincing evidence, that Linksys' infringement of the '930 patent was willful?

3. Has Network-1 proved, by clear and convincing evidence, that Enterasys' infringement of the '930 patent was willful?

4. Has Network-1 proved, by clear and convincing evidence, that Extreme's infringement of the '930 patent was willful?

5. Has Network-1 proved, by clear and convincing evidence, that Foundry's infringement of the '930 patent was willful?

---

[1] The defendants recognize that the Court intends to submit the issue of willfulness to the jury. The defendants respectfully wish to preserve their right to argue that it is inappropriate for the jury to decide the first prong of the *Seagate* test.

The plaintiff does not agree that the listed issues for willfulness are appropriate for the bench trial, and objects to them.

6.	Has Network-1 proved, by clear and convincing evidence, that 3Com's infringement of the '930 patent was willful?

**INVENTORSHIP**[2]

1.	Has Network-1 proved, by the preponderance of evidence, that any failure of the '930 patent to name all correct inventors was not the result of any deceptive intent on the part of the unnamed inventor(s) and that the inventorship of the patent should be corrected?

Dated: July 7, 2010                                                                                  Respectfully submitted,

/s/ Eric H. Findlay

Eric H. Findlay
State Bar No. 00789886
Findlay Craft, LLP
6760 Old Jacksonville Hwy, Ste. 101
Tyler, TX 75703
Tel: (903) 534-1100
Fax: (903) 534-1137
efindlay@findlaycraft.com

Of Counsel:

William F. Lee – Lead Attorney
(Massachusetts SBN 291960)

---

[2] In the event that Defendants present an improper inventorship defense to the jury and the jury finds that not all correct inventors are named on the '930 patent, Network-1 requests that the Court correct the inventorship under 35 U.S.C. 256.

Defendants contend that any request by Network-1 for the Court to correct the inventorship of the '930 patent under 35 U.S.C. 256 is untimely and should not be considered, because Network-1 never pleaded or otherwise disclosed an intent to seek correction of inventorship prior to the submission of the Joint Pretrial Order on May 26, 2010.

(admitted pro hac vice)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA  02109
Tel:  (617) 526-6000
Fax:  (617) 526-5000
william.lee@wilmerhale.com

Mark Selwyn (California SBN 244180)
(admitted pro hac vice)
Niki Z. Moore (California SBN 244968)
(admitted pro hac vice)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1117 California Avenue
Palo Alto, California 94304
Tel:  (650) 858-6000
Fax:  (650) 858-6100
mark.selwyn@wilmerhale.com
william.bohler@wilmerhale.com
niki.moore@wilmerhale.com

Collin Michael Maloney
Mandy Carroll Nelson
Otis W Carroll , Jr
Ireland Carroll & Kelley
6101 S Broadway
Suite 500
Tyler, TX 75703
(903) 561-1600
Fax: (903) 581-1071
Email: fedserv@icklaw.com
Email: mnelson@icklaw.com
Email: fedserv@icklaw.com

David Beck (SBN 00000070)
Joe W. Redden Jr. (SBN 16660600)
Michael Richardson (SBN 24002838)
Beck Redden & Secrest LLP
122 McKinney Street, Suite 4500
Houston, TX 77010-2010
Tel:  (713) 951-3700
Fax:  (713) 951-3720
dbeck@brsfirm.com
jredden@brsfirm.com

mrichardson@brsfirm.com

**ATTORNEYS FOR CISCO SYSTEMS, INC. AND CISCO-LINKSYS, LLC**

William Cornelius (SBN 04834700)
WILSON, ROBERTSON & CORNELIUS, P.C.
P.O. Box 7339
Tyler, Texas 75711-7339
Tel: (903) 509-5000
Fax: (903) 509-5091
wc@wilsonlawfirm.com

Richard C. Vasquez (California SBN 127228)
(admitted pro hac vice)
Jeffrey T. Lindgren (California SBN 176400)
(admitted pro hac vice)
Craig E. Davis (California SBN 221356)
(admitted pro hac vice)
VASQUEZ BENISEK & LINDGREN LLP
3685 Mt. Diablo Blvd, Suite 300
Lafayette, CA 94549
Tel: (925) 627-4250
Fax: (925) 403-0900
rvasquez@vbllaw.com
jlindgren@vbllaw.com
cdavis@vbllaw.com

**ATTORNEYS FOR DEFENDANT ENTERASYS NETWORKS, INC.**

Henry C. Bunsow (California SBN 60707)
K.T. Cherian (California SBN 133967)
John D. Hamann (California SBN 264374)
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
Tel: (415) 848-4900

Melvin R. Wilcox, III (SBN 21454800)
YARBROUGH WILCOX, PLLC
100 E. Ferguson St., Suite 1015
Tyler, Texas 75702
Tel: (903) 595-1133
Fax: (903) 595-0191
mrw@yw-lawfirm.com

Jeffrey E. Ostrow (California SBN 213118 )
(admitted pro hac vice)
SIMPSON THACHER & BARTLETT LLP
2550 Hanover Street
Palo Alto, CA 94304
Tel: (650) 251-5000
Fax: (650) 251-5002
jostrow@sbtlaw.com

**ATTORNEYS FOR DEFENDANT 3COM CORPORATION**

Kenneth R. Adamo (SBN 00846960)
Lead Attorney
JONES DAY
2727 North Harwood Street
Dallas, TX 75201-1515
Tel: (214) 220-3939
Fax: (214) 969-5100
kradamo@jonesday.com

| | |
|---|---|
| Fax: (415) 848-4999<br>bunsowh@howrey.com<br>cheriank@howrey.com<br>hamannj@howrey.com<br><br>**ATTORNEYS FOR DEFENDANT FOUNDRY NETWORKS, LLC.** | Behrooz Shariati (California SBN 174436)<br>Eric Cha (California SBN 204538)<br>(admitted pro hac vice)<br>JONES DAY<br>1755 Embarcadero Road<br>Palo Alto, CA 94303<br>Tel: (650) 739-3939<br>bshariati@jonesday.com<br>echa@jonesday.com<br><br>**ATTORNEYS FOR DEFENDANT EXTREME NETWORKS, INC.** |

David D. Bahler – Lead Attorney
(SBN 01513100)
Gilbert A. Greene (SBN 24045976)
FULBRIGHT & JAWORSKI LLP
600 Congress Avenue, Suite 2400
Austin, TX 78701
Tel: (512) 474-5201
Fax: (512) 536-4598
dbahler@fulbright.com
ggreene@fulbright.com

**COUNSEL FOR DEFENDANT ADTRAN, INC.**

By: /s/ Sean A. Luner
Sean A. Luner
State Bar No. 165443
Gregory S. Dovel
State Bar No. 135387
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: 310-656-7066
Facsimile: 310-657-7069
Email: sean@dovellaw.com
Email: greg@dovellaw.com

T. John Ward, Jr.
State Bar No. 00794818
Ward & Smith Law Firm

111 W. Tyler St.
Longview, Texas 75601
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
Email: jw@jwfirm.com

Eric M. Albritton
Albritton Law Firm
P.O. Box 2649
Longview, Texas 75606
(903) 757-8449 (office)
(903) 758-7397 (fax)
ema@emafirm.com
www.emafirm.com

**ATTORNEYS FOR PLAINTIFF,
NETWORK-1 SECURITY SOLUTIONS, INC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 7, 2010. Any other counsel of record will be served by facsimile or first class mail.

/s/ Eric H. Findlay
Eric H. Findlay